

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY S. HANN,

Plaintiff,

v.

CASE NO. 05-CV-71347-DT
HONORABLE PAUL D. BORMAN

STATE OF MICHIGAN, MICHIGAN DEPARTMENT
OF CORRECTIONS, MICHIGAN PAROLE BOARD,
JOHN S. RUBITSCHUN, JAMES L. QUINLAN,
MARGIE R. McNUTT, JOHN or JANE DOE #1,
OAKLAND COUNTY, DAVID G. GORCYCA,
KIMBERLY BROWN, JOSEPH DUKE, JEFF HAMM,
WASHTENAW COUNTY, BRIAN L. MACKIE, CITY OF
YPSILANTI, GEORGE BASAR, A. COPPOCK, B. YUCHASZ,
JOHN M. BARR, MICHAEL A. COX, VICTORIA A. REARDON,
CHARLES SCHWAB AND CO., INC., JOHN or JANE DOE #2,
DR. QAYYUM, J. DAOUST, DR. THYAGARAGAN, P. MEYER,
THOMAS J. LOEB, JOHN D. ROACH, JR., CHERYL FARMER,
and CAROL CLARE,

Defendants.
_____/

## ORDER OF PARTIAL DISMISSAL

### I. Introduction

Plaintiff Gary S. Hann, a state prisoner, has filed a *pro se* civil rights complaint under 42

U.S.C. §§ 1983 and 1985 for alleged violations of state and federal law.  He seeks declaratory,

injunctive, and monetary relief.

Defendants are: the State of Michigan; the Michigan Department of Corrections; the

Michigan Parole Board and parole board members John S. Rubitschun, James L. Quinlan,

Margie R. McNutt, and John or Jane Doe #1; Oakland County, Michigan; Oakland County

Prosecutor David G. Gorcyca and assistant prosecutor Kimberly Brown; Oakland County deputy sheriffs Joseph Duke and Jeff Hamm; Washtenaw County, Michigan and its prosecutor, Brian L. Mackie; the City of Ypsilanti, Michigan; A. Coppock and B. Yuchasz of the Ypsilanti Police Department; John M. Barr, prosecutor for the City of Ypsilanti; Carol Clare, the Ypsilanti Assessor; Michael A. Cox, Attorney General for the State of Michigan; Victoria A. Reardon, Assistant Attorney General for the State of Michigan; Charles Schwab and Company, Inc., trustee of Plaintiff's retirement funds; Dr. Qayyum, J. Daoust, and John or Jane Doe #2 of the Cooper Street Correctional Facility in Jackson, Michigan; Dr. Thyagaragan of the Charles Egeler Reception and Guidance Center of Jackson, Michigan; P. Meyer, a health care professional for the Michigan Department of Corrections; Thomas M. Loeb, a private attorney who represented Plaintiff in his Oakland County criminal case, and John D. Roach, Jr., a court-appointed attorney who represented Plaintiff on appeal; and Cheryl Farmer and George Basar, who are private citizens.

Plaintiff alleges that he has been convicted of using the Internet to arrange for sexually abusive activity with a minor. He was sentenced to imprisonment for two to twenty years for the crime. His grounds for relief read:

I. Knowing and willful wrong classification; parole board violations of due process and equal protection

II. Unconstitutional arrest, search and seizure, invasion of privacy, bail, false imprisonment and malicious prosecution

III. Unconstitutional search and seizure, invasion of privacy, denial of due process, and breach of contract in taking of federally protected retirement IRA trusts

IV. Unconstitutional deliberate medical indifference and flagrant intentional

2

mistreatment

V.      Unconstitutional denial of due process and First Amendment rights in major misconduct proceeding

VI.     Unconstitutional denial of First Amendment right to court access

VII.    Unconstitutional denial of Sixth Amendment right to effective counsel

VIII.   Ethnic intimidation, unconstitutional denial of speech, privacy and equal protection

IX.     Unconstitutional malicious prosecution

## II. Discussion

### A. Standard of Review

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. When screening an indigent prisoner's civil rights complaint against a governmental entity, officer, or employee, a federal court must determine whether the complaint, or any portion of it, (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001) (citing 28 U.S.C. §§ 1915(e)(2) and 1915A). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

> Dismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.1996) ("A motion to dismiss may be granted under Fed. R. Civ. P. 12(b)(6) 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'") (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

*Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). To successfully establish a *prima facie*

3

case under § 1983, Plaintiff must prove that the defendants acted under color of state law and deprived him of rights secured by federal law. *Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).

### B. Frivolous Claims

The claims against the State of Michigan, the Michigan Department of Corrections, and the Michigan Parole Board are frivolous and fail to state a claim because the Eleventh Amendment bars civil rights actions against a state and its departments unless the state has waived its immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). Eleventh Amendment immunity "is far reaching. It bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984), by citizens of another state, foreigners or its own citizens. *Hans v. Louisiana*, 134 U.S. 1 (1890)." *Thiokol Corp. v. Dep't. of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993). "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004), and Congress did not abrogate the states' sovereign immunity under the Eleventh Amendment when it enacted § 1983. *Hutzell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993). Therefore, the State of Michigan, the Michigan Department of Corrections, and the Michigan Parole Board are dismissed from this action.

Defendants David Gorcyca and Kimberly Brown also must be dismissed from this action. Plaintiff's allegations against these defendants constitute a challenge to Plaintiff's conviction and imprisonment. A civil rights action is not a proper remedy for a state prisoner who is making a constitutional challenge to the fact or length of his custody. *Preiser v. Rodriguez*, 411 U.S. 475,

4

499 (1973). Plaintiff "has no cause of action under § 1983 unless and until [his] conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 489 (1994). Moreover, prosecutors enjoy absolute immunity from damages liability for conduct closely related to the judicial process and for acts traditionally performed as advocates for the State. *Spurlock v. Thompson*, 330 F.3d 791, 796-98 (6th Cir. 2003).

The claims against attorneys Thomas M. Loeb and John D. Roach, Jr., are frivolous and fail to state a claim because private defense attorneys, even those appointed by the court, do not act under color of state law. *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968). Nor did Cheryl Farmer and George Basar act under color of law. Plaintiff alleges that Farmer slandered him by stating that she did not know Plaintiff was a pedophile and that both Farmer and George Basar assaulted him. The alleged conduct was not state action, and defamation does not state a claim for relief under section 1983. *Paul v. Davis*, 424 U.S. 693, 694 (1976).

**III. Conclusion**

For all the reasons given above, the State of Michigan, the Michigan Department of Corrections, the Michigan Parole Board, David Gorcyca, Kimberly Brown, Thomas M. Loeb, John D. Roach, Jr., Cheryl Farmer, and George Basar are dismissed from this lawsuit pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Plaintiff has stated an arguable claim against the remaining defendants. Accordingly, the Court orders the United States Marshal to serve the appropriate papers on defendants John S. Rubitschun, James L. Quinlan, Margie R. McNutt, Oakland County, Joseph Duke, Jeff Hamm, Washtenaw County, Brian L. Mackie, the City of Ypsilanti, A. Coppock, B. Yuchasz, John M. Barr, Michael A. Cox, Victoria A. Reardon, Charles

Schwab and Company, Dr. Qayyum, J. Daoust, Dr. Thyagaragan, P. Meyer, and Carol Clare without prepayment of the costs for such service. The Marshal may collect the usual and customary costs from Plaintiff after effecting service.

The Court orders Plaintiff to serve a copy of all future documents on the defendants or on defense counsel if legal counsel represents the defendants. Plaintiff shall attach to all original documents filed with the Clerk of the Court a certificate stating the date that Plaintiff mailed a copy of the original document to defendants or to defense counsel. The Court will disregard any paper received by a District Judge or a Magistrate Judge if the paper has not been filed with the Clerk or if it fails to include a certificate of service.

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Date: MAY 3 1 2005

6