UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY HANN,

       Plaintiff,

                         CASE NO. 05-CV-71347-PDB-PJK
                         JUDGE PAUL D. BORMAN
                         MAGISTRATE JUDGE PAUL J. KOMIVES

v.

STATE OF MICHIGAN, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION REGARDING
## PLAINTIFF'S JUNE 28, 2005 MOTION (Doc. Ent. 8)

**I.**      **RECOMMENDATION:** The Court should deny plaintiff's motion (Doc. Ent. 8) either as untimely under E. D. Mich. LR 7.1(g) or as not meeting the standard set forth in Fed. R. Civ. P. 60(b).

**II.**     **REPORT:**

**A.**     **Procedural History**[1]

Plaintiff filed his original complaint on April 7, 2005, naming several defendants. (Doc. Ent. 1). On May 31, 2005, Judge Borman entered an order dismissing the following nine (9) defendants: Cheryl Farmer; David G. Gorcyca; Thomas M. Loeb; Michigan Department of

---

[1] Plaintiff was a party in *Hann v. State Treasurer*, Case No. 04-CV-70977-GER-RSW. On or about May 22, 2003, the State Treasurer filed a complaint against plaintiff in Oakland County Circuit Court (Case No. 03-050022-CZ). Plaintiff removed the case to this Court on March 26, 2004. On June 17, 2005, Judge Rosen remanded the case to Oakland County Circuit Court. Plaintiff filed a notice of appeal on July 19, 2005. The Sixth Circuit dismissed the appeal on September 23, 2005.

Corrections; Michigan Parole Board; State of Michigan, John D. Roach, Jr.; George Basar and Kimberly Brown.  (Doc. Ent. 5).

The claims against Oakland County Prosecutor David G. Gorcyca and assistant prosecutor Brown were dismissed on the bases that "[a] civil rights action is not a proper remedy for a state prisoner who is making a constitutional challenge to the fact or length of his custody[,]" and "prosecutors enjoy absolute immunity from damages liability for conduct closely related to the judicial process and for acts traditionally performed as advocates for the State." The claims against Thomas M. Loeb, the private attorney who represented plaintiff in his Oakland County criminal case, were dismissed on the basis that private defense attorneys do not act under color of state law.

On June 14, 2005, plaintiff filed an amended complaint.  (Doc. Ent. 6).  Plaintiff's amended complaint seeks to change certain paragraphs, add certain paragraphs, and adjust the title of Count III.

**B.     Plaintiff's June 28, 2005 and September 19, 2005 Motions**

On June 28, 2005, plaintiff filed a "motion to reverse dismissal and reinstate defendants Gorcyca, Brown and Loeb".  (Doc. Ent. 8).  Plaintiff requests that, "because of allegations of conduct dispositively held as outside the protection of immunity, that [the] Court reinstate [Gorcyca, Brown, and Loeb] as defendants."

On January 18, 2006, Judge Borman referred this case to me for all pretrial proceedings. (Doc. Ent. 14).  This report and recommendation construes plaintiff's June 28, 2005 motion as a motion for reconsideration of the Court's May 31, 2005 order.  Alternatively, plaintiff's motion might be construed as a motion for relief from order pursuant to Fed. R. Civ. P. 60.

**C.      Plaintiff's Motion Is Untimely under E. D. Mich. LR 7.1(g)(1).**

E.D. Mich. LR 7.1(g) governs "Motions for Rehearing or Reconsideration".  As to time, E. D. Mich. LR 7.1(g) states that "[a] motion for rehearing or reconsideration must be filed within 10 days after entry of the judgment or order."  E. D. Mich. LR 7.1(g)(1).  As to grounds, the rule states:  "[g]enerally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case."  E.D. Mich. LR 7.1(g)(3).  *See also Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E. D. Mich. 2001).  "A 'palpable defect' is one which is 'obvious, clear, unmistakable, manifest, or plain.'" *MLW Associates, Inc. v. Certified Tool & Mfg. Corp.*, No. 99-CV-70112-DT, 2002 WL 31008241, *3 (E.D.Mich. Aug. 12, 2002) (citing *Ososki*, 162 F. Supp. 2d at 718).

This report and recommendation assumes that plaintiff's motion was delivered immediately to prison authorities for mailing.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a prisoner's "notice of appeal was filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk.").  Plaintiff's signature on the June 28, 2005 motion is dated June 21, 2005; however, the proof of service is dated June 24, 2005.  Even giving plaintiff the benefit of the doubt by (1) using the earliest date for the motion, June 21, 2005 and (2) using June 2, 2005, the date that the May 31, 2005 order was entered into the

Court's docket, plaintiff's motion was filed more than "10 days after entry of the judgment or order." E. D. Mich. LR 7.1(g)(1).[2]

If the Court agrees with this conclusion, then it need not address whether plaintiff's motion complies with E. D. Mich. LR 7.1(g)(3).

### D.   Plaintiff's Motion Does Not Meet the Standard Set Forth in Fed. R. Civ. P. 60(b).

Motions for relief from an order are governed by Fed. R. Civ. P. 60. Rule 60 provides, in pertinent part:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: *(1) mistake, inadvertence, surprise, or excusable neglect;* (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or *(6) any other reason justifying relief from the operation of the judgment.* The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

Fed. R. Civ. P. 60(b) (emphasis added).

---

[2]"When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Fed. R. Civ. P. 6©.

In his June 28, 2005 motion, plaintiff claims that his "verified allegations made against [d]efendants Gorcyca, Brown and Loeb are not pursuant to their advocacy duties as prosecutor or counsel[.]" Mtn. ¶ 2.  In arguing that he "has properly alleged that these parties acted outside their lawfully protected functions," plaintiff points to specific portions of his original complaint.

As to former defendant Loeb, plaintiff argues that he (plaintiff) did not make a plea on September 20, 2002 and cites the following portion of the proceedings before Judge Deborah G. Tyner:

> THE COURT: You're requesting a no contest plea due to civil liability.
> MR. WOLF: Correct.[3]

Plaintiff states that he "was present and silent, and made no plea; silence **never** connotes acceptance."  Compl. ¶ 287; Compl. Ex. T at 2 Lines 15-17.  Plaintiff claims that "[i]n an astounding misrepresentation, [d]efendant Loeb was so intent on disposing of [p]laintiff's criminal case, that he gave the plea himself, with [p]laintiff silent[.]" Compl. ¶ 316; Compl. Ex. T at 2 Lines 15-17.  According to plaintiff, "Loeb did make a guilty/no contest plea of conviction without the express permission or informed consent of the criminal defendant Hann, which is **never** a function of a defense counsel."  Mtn. ¶ 3.

As to former defendants Brown and Gorcyca, plaintiff argues that defendant Brown "conspired with [d]efendant Loeb impermissibly to fabricate a required factual basis for [p]laintiff's conviction."  Plaintiff states that "the Court apparently introduced an unspecified 'police report' but read nothing from it into the record:

> THE COURT: I've been handed exhibit one which is a police report.  Are you both stipulating that contains a sufficient factual basis?

---

[3]Plaintiff claims that "Loeb" should be substituted for "Wolf".  Compl. ¶¶ 287, 316.

  MR. MARTIN:  People stipulate.
  MR. WOLF:   Yes.[4]

Compl. ¶ 308; Compl. Ex. T at 5 Lines 22-24, at 6 Lines 1-2.  Plaintiff claims that defendant Loeb "then turned hostile witness against [p]laintiff, testifying against him[.]" Compl. ¶ 318; Compl. Ex. T at 5 Lines 22-24, at 6 Lines 1-2.  According to plaintiff, "Brown, acting on behalf of Gorcyca, and Loeb acted as witnesses against criminal defendant Hann, and not as advocates or counsel, thereby performing outside the protected sphere of absolute immunity."  Mtn. ¶ 3.

  Essentially, plaintiff's argument is that defendants Brown, Gorcyca and Loeb's actions are outside the realm of absolute immunity; have subjected them to qualified immunity; and/or constitute a waiver of immunity.  Mtn. ¶¶ 4-8.  Plaintiff claims that defendants Brown, Gorcyca and Loeb "have absolutely waived their presumed immunity by failing to function as counsel prosecution or defense counsel under this test."  Mtn. ¶ 9.

  However, plaintiff's argument that these lawyers did not act within their permissible roles does not address the Court's first basis for dismissal of defendants Gorcyca and Brown.  As the Court noted in its May 31, 2005 order of partial dismissal, "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).  Furthermore, "[a] prisoner . . . has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."  *Heck v. Humphrey*, 512 U.S. 477, 489 (1994).  Nor does plaintiff's immunity argument address the Court's basis for dismissal of defendant Loeb.  *Mulligan v. Schlachter*, 389

---

[4]Plaintiff claims that "Loeb" should be substituted for "Wolf".  Plaintiff also claims that "Brown" should be substituted for "Martin".  Compl. ¶¶ 308, 318.

F.2d 231, 233 (6th Cir. 1968) ("Safir, a private attorney, does not fall within this category [acting under color of state law], despite the fact that he had been appointed by the court.") (citing *Pritt v. Johnson*, 264 F.Supp. 167 (M. D. Pa. 1967)).

Furthermore, plaintiff takes issue with Loeb and the plea agreement, akin to ineffective assistance of counsel and validity of the plea agreement claims, that are more appropriately the subject of a petition for writ of habeas corpus. Mtn. ¶¶ 10-13. *See Jones v. Shields*, 107 Fed.Appx. 725, 727 (9th Cir. 2004) ("because Jones's Sixth Amendment ineffective assistance of counsel claims against his appointed attorneys would imply the invalidity of his criminal conviction, they are not presently cognizable under *Heck*."); *Rodriguez v. Carhart*, No. 95-1345, 1996 WL 7966, **1 (1st Cir. Jan. 10, 1996) ("The claim that defendants [prosecutor, defense counsel, court officer, and court reporter] conspired to procure Rodriguez's conviction by unconstitutional means, and to cover up their actions, essentially challenges the validity of the underlying conviction."); *Harvey v. Chow*, No. Civ.A. 05-3430(JLL), 2005 WL 1703210, *3 (D.N.J. July 20, 2005) ("Plaintiff's claim against his counsel presents the type of claim addressed in *Heck*; that is, a finding that Plaintiff's current imprisonment is a result of ineffective assistance of counsel which would necessarily imply the invalidity of his imprisonment."); *Johnston v. Town of Greece*, 983 F.Supp. 348, 359 (W.D.N.Y. 1997) ("Moreover, because the validity of his guilty plea has never been challenged or modified in any way, I find that Johnston is barred pursuant to *Heck v. Humphrey*, 512 U.S. 477[] (1994), from bringing a Section 1983 claim for damages."); *Ramsey v. Moore*, No. 198CV205-S-A, 2000 WL 674777, *2 (N.D.Miss. May 2, 2000) ("[plaintiff's] conviction for assaulting defendant Moore remains a valid conviction,

regardless of plaintiff's reasons for entering the plea. In that situation, plaintiff's § 1983 claim against Moore clearly cannot proceed under *Heck*[.]").[5]

The interpretation of plaintiff's claims as bearing upon the validity of his conviction and as challenging the defendants' entitlement to immunity is buttressed by plaintiff's motion. As plaintiff stated: "Brown, as proxy for Gorcyca, fully and knowingly permitted this *non-lawyer* action to take place *resulting in a void conviction*; Gorcyca was her direct approving Supervisor in this *non-immune action* which violated Hann's core constitutional civil rights." Mtn. ¶ 14 (emphasis added).

In light of the foregoing discussion, the Court should find that plaintiff's June 28, 2005 motion does not justify relief from the operation of the Court's May 31, 2005 order. Fed. R. Civ. P. 60(b)(6).

## III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). Filing of objections that raise some issues but fail to raise others with specificity, will not preserve all the objections a

---

[5]Apparently, on June 10, 2005, plaintiff filed a petition for writ of habeas corpus (due to void judgment) in Gratiot County Circuit Court (Case No. 05-9278-AH). On June 14, 2005, Judge Randy L. Tahvonen entered an order which in part directed defendant MDOC to show cause why writ of habeas corpus should not be issued. Mtn. Ex. Z. Allegedly, this case concerns defendant Loeb and the plea agreement. Mtn. ¶ 10.

party might have to this Report and Recommendation. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall not be more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated 1/19/06

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on January 19, 2006.
>
> s/Eddrey Butts
> Case Manager