UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY HANN,

        Plaintiff,

v.

STATE OF MICHIGAN, et al.

        Defendants.

_____/

CASE NO. 05-CV-71347

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

**OPINION AND ORDER DENYING PLAINTIFF'S:
(1) MOTION TO REQUIRE DUE PROCESS PAROLE BOARD INTERVIEW;
(2) MOTION TO LEAVE TO FILE INCREASED DAMAGES;
(3) MOTION TO ADD SUPPLEMENTAL DEFENDANTS; AND
(4) MOTION TO ADD COUNTS X, XI, AND XII;
AND AFFIRMING THE ORDER OF THE MAGISTRATE JUDGE DENYING
PLAINTIFF'S (1) MOTION TO AMEND SLIGHTLY; AND
(2) MOTION TO REINSTATE DEFENDANTS BASAR AND FARMER**

Before the Court are (1) Defendant's Objections to the Magistrate Judge's Order Denying Plaintiff's Motion for Order Requiring Due Process Parole Board Interview and for Leave to File Amended Damages (Docket No. 74); (2) Defendant's Objections to the Magistrate Judge's Order Denying Plaintiff's Motion to Add Supplemental Defendants and to Add Counts X, XI, and XII. (Docket No. 76); and (3) the Magistrate Judge's Order Denying Plaintiff's Motion to Amend Slightly and Motion to Reinstate Defendants Basar and Farmer. (Docket No. 72). For the following reasons, the Court DENIES Plaintiff's Motions (Docket Nos. 9, 12) and AFFIRMS the Order of the Magistrate Judge denying Plaintiff's Motion to Amend Slightly and denying Plaintiff's Motion to Reinstate Defendants Basar and Farmer. (Docket No. 72).

1

**I.	BACKGROUND**

Plaintiff Gary S. Hann ("Plaintiff") is currently a prisoner in the custody of the Michigan Department of Corrections ("MDOC"). On April 7, 2005, Plaintiff filed a 138-page Complaint alleging constitutional violations under 42 U.S.C. §§ 1983 and 1985 against a number of Defendants, including several State of Michigan entities, State of Michigan officers, county prosecutors, municipal mayors, police officers, his investment company, prison officials, prison medical staff, his attorney in his criminal case, and his attorney for his state court appeal.

The Court recounted Plaintiff's claims in its Order of May 31, 2005. (Docket No. 5). In that Order, the Court dismissed a number of Defendants. The Court referred all pretrial matters to the Magistrate Judge on January 18, 2006.

Plaintiff filed the following motions before the Magistrate Judge:

(1)	Motion to Order Due Process Parole Board Hearing;
(2)	Motion to Leave to File Increased Damages;
(3)	Motion to Amend Slightly;
(4)	Motion to Reinstate Defendants Basar and Farmer;
(5)	Motion to Add Supplemental Defendants;
(6)	Motion to Add Counts X, XI, and XII to the Complaint.

(Docket Nos. 9, 10 and 12). The Magistrate Judge entered orders denying all of Plaintiff's motions. (Docket Nos. 71, 72, 73).

Plaintiff filed Objections to the Magistrate Judge's Order on the following motions:

(1)	Motion to Order Due Process Parole Board Hearing;
(2)	Motion to Leave to File Increased Damages;
(3)	Motion to Add Supplemental Defendants;
(4)	Motion to Add Counts X, XI, and XII to the Complaint.

(Docket Nos 74 & 76). Defendants did not respond to Plaintiff's Objections.

**II.     ANALYSIS**

    **A     Objections Concerning Order Requiring Due Process Parole Board Interview**

On September 19, 2005, Plaintiff filed a Motion for Order Requiring Due Process Parole Board Interview. (Docket No. 9). Plaintiff claims that he was fully denied a due process fair administrative parole board hearing as guaranteed under the Michigan State Constitution. He requests that the Court order that (1) the Michigan Parole Board interview Plaintiff on the record, with factual statements monitored by the Court; and (2) the Board make its decision in an open meeting and vote pursuant to the Michigan Open Meetings Act. Plaintiff premises his motion on eight arguments, including (1) the parole review was not conducted by a neutral and detached decisionmaker; (2) his guideline score indicated a high probability of parole; (3) his guideline score is presumptively under 5% recidivism; (4) overt, unlawful bias and misinformation due to the fact that he was a sex offender; (5) conclusory, untruthful and implausible reasons given for the denial of his parole, including a false statement attributed to him of blaming underage children for entering chat rooms; (6) a "high probability" designation for parole is a "protected liberty interest"; (7) no law lawful reason was given for his denial of parole; and (8) after receiving a one-year denial in 2004, there was no reason to give him a two-year denial in 2005.

The Magistrate Judge rejected these arguments by reasoning that Plaintiff was, in reality, making a claim challenging the fact or the duration of his imprisonment. Thus his sole remedy was to seek a writ of habeas corpus. *See Hann v. State of Michigan*, No. 05-71347, 2006 WL 2524207 (E.D. Mich. Aug. 30, 2006) (unpublished). In fact, Plaintiff did file a habeas corpus

petition on August 2, 2006, challenging his September 20, 2002 judgment of conviction in state court. Relying upon *Wilkinson v. Dotson*, 544 U.S. 74 (2004), and *Sweeton v. Brown*, 27 F.3d 1162 (6th Cir. 1994) (en banc), the Magistrate Judge concluded that the failure of the Michigan parole authorities to follow their own procedure could constitute a violation of state law, but not of federal law.

Plaintiff makes the following four Objections to the Magistrate Judge's Order:

(1) *Sweeton v. Brown* is inapplicable to Plaintiff's case;
(2) Plaintiff's high probability of parole is a clear liberty interest;
(3) Misinterpretation of *Wilkinson v. Dotson* with respect to Plaintiff; and
(4) Decision on whether to grant an injunction must be made by district court judge and not a magistrate judge;

Defendants did not file a response to Plaintiff's Objections.

Since the Magistrate Judge's determination of this issue was dispositive of Plaintiff's particular claim, the Court must review that decision *de novo*. FRCP 72(b).

Plaintiff argues that the Magistrate Judge's reliance on *Sweeton* was misplaced because: (1) the case was decided before the inception of the 1992 Parole Board Guidelines; (2) the Sixth Circuit has never addressed the situation where an inmate scored a "high probability of parole"; (3) the case invites reconsideration of the post-1992 changes to the parole guidelines; and (4) the Michigan statutory language requires that the parole board to release Plaintiff unless for "substantial and compelling reasons." Plaintiff cites a variety of Michigan state court cases for instances where the parole board failed to cite "substantial and compelling reasons" for denying a prisoner's parole.

In order for a plaintiff to have a federal due process claim arising out of denial of parole, a prisoner must first show that state law grants him a protected liberty interest in being released

4

on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991). A state creates a protected liberty interest by placing substantive limitations on official discretion. *Kentucky Dep't of Corrs. v. Thompson*, 490 U.S. 454, 462 (1989). The Sixth Circuit in *Sweeton* found that parole is discretionary in Michigan and that the relevant statute, Mich. Comp. Laws § 791.233-234, did not create a federal liberty interest. 27 F.3d at 1164-66. Even though the statute has been amended in minor fashions since *Sweeton*, the Sixth Circuit has noted in unpublished opinions that these changes have not resulted in language that creates a protected liberty interest. *See, e.g., Caldwell v. McNutt*, 158 Fed. Appx. 739, 740 (6th Cir. Jan. 10, 2006) (unpublished); *McIntosh v. Booker*, 300 F. Supp. 2d 498, 501 (E.D. Mich. 2004) (finding that although the Michigan statute listed factors for a parole board to consider in granting parole, it does not mandate parole if certain criteria are met). Moreover, the Michigan Supreme Court has recognized that there is no liberty interest in parole in the Michigan system. *Glover v. Michigan Parole Bd.*, 460 Mich. 511, 520-22 (1999). Finally, Plaintiff's request for the Court to order an injunction against the parole board to conform its practice to state law runs afoul of the Supreme Court's holding in *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984).

The Michigan cases cited by Plaintiff, by and large, refer to a previous version of the Michigan law where prisoners had the ability to appeal the decision of the parole board. The Michigan Court of Appeals has recently noted that since 2000 prisoners are no longer allowed to appeal decisions of the parole board to a state court. *Fenner v. Parole Bd.*, No. 257869, 2006 WL 707727, *3 (Mich. Ct. App. Mar. 21, 2006) (unpublished)*; see Morales v. Michigan Parole Bd.*, 260 Mich. App. 29, 36 (2004) (holding that under current Michigan law appeals of a parole

board determinations are available only to the prosecutor or to the victim of the crime). The Michigan Court of Appeals further recognized that under the amended law prisoners may only seek relief from a decision of the parole board by either a petition for habeas corpus or mandamus. *Id*. Therefore, for the foregoing reasons, the Court finds that Plaintiff has no protected federal liberty interest arising out of the parole board's decision.

Plaintiff next argues that the Supreme Court's decision in *Wilkinson v. Dotson*, 544 U.S. 74 (2005), permits him to seek injunctive relief under § 1983 against the parole board. Plaintiff misinterprets the effect of *Wilkinson* on his particular situation. In *Wilkinson*, the Court held that a prisoner could maintain an § 1983 action for declaratory and injunctive relief challenging the constitutionality of state parole procedures, as long as prisoner was not in fact challenging "the fact or duration of his confinement." *Id.* at 79. Plaintiff argues similarly that he seeks essentially the same type of relief, i.e. that he simply requests that the Court order a new parole hearing free of the aforementioned defects.

Although *Wilkinson* does not bar Plaintiff's § 1983 action against the parole board under *Heck v. Humphrey*, Plaintiff still fails to state a claim upon which relief can be granted. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Since § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in a § 1983 action is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

As discussed above, there is no protected constitutional liberty right at stake for Plaintiff in this instance, since the Michigan parole system does not place substantive limitations on the discretion of the parole board in granting parole. In contrast, the prisoners in *Wilkinson* were challenging the state parole procedures themselves, and not, like Plaintiff here, the fact that the parole board was "biased," relied upon "false information," or did not accord the designation "high probability of parole" enough deference. Therefore, the Court DENIES Plaintiff's request for an injunction to order a new parole hearing pursuant to § 1983

**B.     Objections Concerning Denial of Leave to Amend to Add Defendant Livingston and for Increased Damages**

Since Plaintiff failed to establish a liberty interest arising out of a decision of the Michigan parole board, Plaintiff's requested (1) addition of Enid Livingston, a member of the MDOC Parole Board, as Defendant; and (2) increase in damages, would similarly be futile. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

**C.     Objections Concerning the Addition of Supplemental Defendants and Counts X, XI, and XII**

On October 25, 2005, Plaintiff filed a motion to add the following supplemental defendants:

(1)   Patricia Caruso, MDOC Director
(2)   Jennifer Granholm, Governor of Michigan
(3)   Gratiot County
(4)   Kurt Jones, Warden
(5)   Enid Livingston
(6)   Sandra Schultz Mengel, Chief Clerk of Michigan Court of Appeals
(7)   Chester S. Sugierski, Jr. Assistant Attorney General

Plaintiff also requested to add the followings Counts to his Complaint.

X.     Suspension of the Writ of Habeas Corpus; False Imprisonment

    XI.     Unconstitutional Denial of Appellate Counsel and Denial of Review
    XII.    Continued Due Process Violations

In regards to Count X, against Defendants Cox, Granholm, Gratiot County,[1] Jones, Mengel, and Sugierski, Plaintiff argues that in his criminal proceeding he was never arraigned, made no plea, had no trial, nor made any factual basis. (Compl. ¶ 457). He also claims that the Gratiot County Circuit Court ordered Defendants Cox and Sugierski to answer Plaintiff's state law habeas corpus petition, but Defendants did not respond. (Compl. ¶¶ 459-60). Plaintiff further claims that Defendants wrongly insisted that his state law petition should be heard at the Michigan Court of Appeals, requiring Plaintiff to pay an illegal $375.00 fee, as well as unnecessarily prolonging his imprisonment. (Compl. ¶¶ 461-65). On October 6, 2005, the Michigan Court of Appeals issued a one-sentence order that denied Plaintiff's writ of habeas corpus, signed by the Clerk Sandra Mengel. (Compl. ¶ 466). As a result, Plaintiff seeks monetary damages against Defendants. (Compl. ¶ 467). To date, Plaintiff has produced no documentation of his state criminal trial or his state habeas petition claim. The Magistrate Judge denied both the request to add supplemental Defendants and supplemental counts to the Complaint.

Plaintiff's Count X fails against Defendants Cox, Mengel, and Surgierski since prosecutors and clerks of the court are immune from suit under § 1983 for actions taken in connection with the judicial phase of the criminal process. *Prince v. Hicks*, 198 F.3d 607, 611 (6th Cir. 1999) (absolute immunity for prosecutors); *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (quasi-immunity for court employees). Plaintiff cannot maintain an action against Gratiot

---

[1] Since it is unclear whether Plaintiff is making a claim against Gratiot County (a municipality) or Gratiot County Circuit Court (an arm of the State of Michigan), the Court addresses claims against both.

County Circuit Court, since a circuit court is an arm of the state that is entitled to Eleventh Amendment Immunity for money damages. *See Smith v. Oakland County Cir. Ct.*, 344 F. Supp. 2d 1030, 1055 (E.D. Mich. 2004). Plaintiff cannot maintain a § 1983 action against Gratiot County since he has not alleged that the county had a relevant unconstitutional "policy or custom." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993). Plaintiff finally has no claim against Defendants Granholm or Jones, since Plaintiff has in no way connected these individuals with his claim, either officially, individually, or in a supervisory manner. Therefore, the Court DENIES Plaintiff's motion to add Count X.

Plaintiff's Count XI against Defendants Cox, Granholm, Mengel, Oakland County, and Surgierski also fails for similar reasons. Plaintiff alleges that Defendants have denied him appellate counsel and did not consider his petitions for counsel on legal issues including ineffective assistance of counsel, inadequate or no factual basis, inapplicable statute, incarceration without arraignment, plea or trial, unconstitutional statute. (Compl. ¶¶ 470-72). Plaintiff claims monetary damages in relief. For the reasons stated above, Defendants Cox, Mengel, and Sugierski have immunity from suit for money damages arising out of their criminal justice system duties. Defendant Granholm has not been linked in any fashion to Plaintiff's claim. Finally, Oakland County Circuit Court and Oakland County are not liable for money damages. The Court thus DENIES Plaintiff's motion to add Count XI.

Finally, Plaintiff's Count XII against Defendants Granholm, Caruso, Rubitschun, Quinlan, and Livingston, seeking redress for his parole hearing is duplicative of Plaintiff's Motion for Order Requiring Parole Board Interview, except for the fact that in Count XII Plaintiff seeks money damages instead of injunctive relief. Since Plaintiff cannot state a claim

for § 1983 arising out of the parole board's decision, the Court denies Plaintiff's motion to add Count XII.

### D. The Magistrate's Order Concerning the Motion to Amend Slightly and Motion to Reinstate Defendants Basar and Farmer

Plaintiff has not made timely objections to the Magistrate Judge's Order Denying the Motion to Amend Slightly and Motion to Reinstate Defendants Basar and Farmer filed on August 30, 2006. Upon review of the Magistrate Judge's Order, the Court ACCEPTS the following findings and conclusions in the Magistrate Judge's Order denying Plaintiff's motions.

Report and Recommendation

**ORDER DENYING PLAINTIFF'S MOTION TO AMEND SLIGHTLY AND REVERSE DISMISSAL TO REINSTATE DEFENDANTS BASAR AND FARMER (Doc. Ent. 10)**

### A. Procedural History

Plaintiff filed his original complaint on April 7, 2005, naming several defendants. (Doc. Ent. 1 [Compl.]). Paragraphs 14 and 15 state as follows:

> 14. Defendant George Basar is employed by Defendant Ypsilanti and is sued in his individual capacity.
> . . .
> 25. Defendant Cheryl Farmer ("Defendant Farmer") is a private citizen who assaulted and battered Plaintiff in late February, 2001 and is sued in her individual capacity.

Doc. Ent. 1 at 8-9.

On May 31, 2005, Judge Borman entered an order dismissing the following nine (9) defendants: Cheryl Farmer; David G. Gorcyca; Thomas M. Loeb; Michigan Department of Corrections; Michigan Parole Board; State of Michigan, John D. Roach, Jr.; George Basar and Kimberly Brown. (Doc. Ent. 5).

On June 14, 2005, plaintiff filed an amended complaint. (Doc. Ent. 6). Plaintiff's amended complaint seeks to change certain paragraphs, add certain paragraphs, and adjust the title of Count III.

### B.     Plaintiff's September 19, 2005 Motion to Amend Slightly and Reverse Dismissal to Reinstate Defendants Basar and Farmer

On September 19, 2005, plaintiff filed a motion to amend slightly and reverse dismissal to reinstate defendants Basar and Farmer.  (Doc. Ent. 10).  Plaintiff seeks to amend paragraphs 14 and 25 of his complaint as follows:

> 14.     Defendant George Basar ("Defendant Basar") is the Police Chief of Ypsilanti, MI who assaulted and battered Plaintiff in late February, 2001 and is sued in his official and individual capacities.
>
> . . .
>
> 25.     Defendant Cheryl Farmer ("Defendant Farmer") is the Mayor of Ypsilanti, MI who assaulted and battered Plaintiff in late February, 2001 and is sued in her official and individual capacities.

(Doc .Ent. 10 at 1).[2]  As relief, plaintiff requests that "because of allegations of conduct dispositively held as outside the protection of immunity, that this Honorable court grant the requested leaves for minor amendments, reinstate George Basar and Cheryl Farmer as defendants and thereupon order the [U. S. Marshal] to serve them process as was previously directed against the undismissed, retained defendants in this Court's Order of May 31, 2005."  (Doc. Ent. 10 at 2).[3]

On January 18, 2006, Judge Borman referred this case to me for all pretrial proceedings. (Doc. Ent. 14).  In addition to a motion to amend pursuant to Fed. R. Civ. P. 15, the instant motion could be construed as a motion for reconsideration of the Court's May 31, 2005 order pursuant to E. D. Mich. LR 7.1 or a motion for relief from order pursuant to Fed. R. Civ. P. 60.

### C.     To the Extent It Is a Motion for Reconsideration, Plaintiff's Motion Is Untimely under E. D. Mich. LR 7.1(g)(1).

E.D. Mich. LR 7.1(g) governs "Motions for Rehearing or Reconsideration."  As to time, E. D. Mich. LR 7.1(g) states that "[a] motion for rehearing or reconsideration must be filed within 10 days after entry of the judgment or order."  E. D. Mich. LR 7.1(g)(1).  The Court assumes that plaintiff's motion was delivered immediately to prison authorities for mailing.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that a prisoner's "notice of appeal was filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk.").  Plaintiff's signature on the September 19, 2005 motion

---

[2]According to www.cityofypsilanti.com, Cheryl C. Farmer is the Mayor.

[3]On September 19, 2005, plaintiff filed a proof of service with regard to the instant motion.  (Doc. Ent. 11).

11

is dated September 6, 2005.  Even giving plaintiff the benefit of the doubt by (1) using the earliest date for the motion, September 6, 2005 and (2) using June 2, 2005, the date that the May 31, 2005 order was entered into the Court's docket, plaintiff's motion was filed more than "10 days after entry of the judgment or order."  E. D. Mich. LR 7.1(g)(1).[4]  It is therefore untimely under E. D. Mich. LR 7.1(g)(1).

### D.      To the Extent It Is a Motion for Relief from the Court's May 31, 2005 Order, Plaintiff's Motion Does Not Meet the Standard Set Forth in Fed. R. Civ. P. 60(b).

Motions for relief from an order are governed by Fed. R. Civ. P. 60.  Rule 60 provides, in pertinent part:

> **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: *(1) mistake, inadvertence, surprise, or excusable neglect;* (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or *(6) any other reason justifying relief from the operation of the judgment.* The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

---

[4]"When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."  Fed. R. Civ. P. 6(c).

12

Fed. R. Civ. P. 60(b) (emphasis added).

Although plaintiff's September 19, 2005 motion states that he has alleged "conduct dispositively held as outside the protection of immunity," his arguments are made pursuant to Fed. R. Civ. P. 15. (Doc. Ent. 10 at 2). These arguments do not overcome the Court's basis for dismissal of defendants Basar and Farmer. Judge Borman's May 31, 2005 order of partial dismissal describes Farmer and Basar as private citizens. (Doc. Ent. 5 at 2). The claims against defendants Farmer and Basar were dismissed on the basis that they did not act under color of state law, and the order specifically stated:

> Plaintiff alleges that Farmer slandered him by stating that she did not know Plaintiff was a pedophile and that both Farmer and George Basar assaulted him. The alleged conduct was not state action, and defamation does not state a claim for relief under section 1983. *Paul v. Davis*, 424 U.S. 693, 694 (1976).

(Doc. Ent. 5 at 5). Plaintiff's proposed paragraphs 14 and 25, while identifying Farmer as the Mayor of Ypsilanti and Basar as the Police Chief of Ypsilanti, do not undermine Judge Borman's conclusion that the alleged conduct was not state action. Therefore, plaintiff's September 19, 2005 motion does not justify relief from the operation of the Court's May 31, 2005 order. Fed. R. Civ. P. 60(b)(6).

**E.     Plaintiff's motion to amend his original complaint is denied as futile.**

Fed. R. Civ. P. 15 governs "amended and supplemental pleadings". As to amendments, it provides:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

Fed. R. Civ. P. 15(a). With regard to "relation back of amendments", the rule provides:

> An amendment of a pleading relates back to the date of the original pleading when

> (1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.
>
> The delivery or mailing of process to the United States Attorney, or United States Attorney's designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, satisfies the requirement of subparagraphs (A) and (B) of this paragraph (3) with respect to the United States or any agency or officer thereof to be brought into the action as a defendant.

Fed. R. Civ. P. 15(c).

Plaintiff claims that the proposed amendments are minor and "clearly relate back to the date of the original pleading pursuant to Rule 15(c)(1)-(3) because they comport with the stated Statute of Limitations, because they were set forth in the original pleading, and because they are within the 120-day service period as set forth in Rule 4(m)." Doc. Ent. 10 ¶ 4. Plaintiff also argues that "[t]hese minor technical amendments do not in any way prejudice any defense(s) on the merits of [d]efendants Farmer or Basar." Doc. Ent. 10 ¶ 5. Plaintiff further argues that "there are several City of Ypsilanti employee defendants who have always been parties to this action, and fair notice has been provided by serving those parties of the claims asserted against [d]efendants farmer and Basar." Doc. Ent. 10 ¶ 6.

While "...the allegations of [a] pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers..." *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "[leave to amend] is by no means automatic.'" *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993), quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981). "Undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision." *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th

Cir.1973), citing *Foman*, 371 U.S. at 182 (1962); accord *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993).

Here, as previously stated, plaintiff's argument for amendment does not overcome the basis for dismissal cited in Judge Borman's May 31, 2005 order. Therefore, plaintiff's motion to amend is denied as futile.

**III.   CONCLUSION**

The Court **DENIES** Plaintiff's

(1)   Motion for Order Requiring Due Process Parole Board Interview;
(2)   Motion for Leave to File Amended Damages;
(3)   Motion to Add Supplemental Defendants; and
(4)   Motion to Add Counts X, XI, and XII.

The Court **ACCEPTS** the Order of the Magistrate Judge denying Plaintiff's

(1)   Motion to Amend Slightly;
(2)   Motion to Reinstate Defendants Basar and Farmer.

**SO ORDERED.**

                               s/Paul D. Borman
                               PAUL D. BORMAN
                               UNITED STATES DISTRICT JUDGE

Dated:  January 24, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 24, 2007.

                               s/Denise Goodine
                               Case Manager