UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY S. HANN,

      Plaintiff,

v.

STATE OF MICHIGAN, et al.,

      Defendants.
_____/

CASE NO. 05-CV-71347-DT
JUDGE PAUL D. BORMAN
MAGISTRATE JUDGE PAUL KOMIVES

## REPORT AND RECOMMENDATION ON DEFENDANTS RUBITCHUN'S AND QUINLAN'S RULE 12(b)(6) MOTION FOR DISMISSAL (docket #26)

I.    RECOMMENDATION: The Court should grant defendant Rubitchun's and Quinlin's motion to dismiss (docket #26). Accordingly, the Court should dismiss plaintiff's claims against these defendants without prejudice for failure to exhaust administrative remedies.

II.    REPORT:

A.    *Procedural Background*

    1.    *General Background*

Plaintiff Gary S. Hann is a state prisoner currently confined at the Muskegon Correctional Facility in Muskegon, Michigan. Plaintiff commenced this *pro se* civil rights action on April 7, 2005. He brings claims pursuant to 42 U.S.C. §§ 1983 and 1985; the First, Fourth, Fifth, Sixth, and Eighth Amendments to the Constitution; the Suspension Clause, U.S. CONST. art. I, § 9, cl. 2; the Employee Income Retirement Security Act (ERISA); the Internal Revenue Code (IRC); and Michigan common law. Defendants are: the Michigan Department of Corrections (MDOC); the Michigan Parole Board, Board Chairman John S. Rubitchun, and Board members James L. Quinlan,

Margie McNutt, and John/Jane Doe #1 ("Parole Board defendants"); Oakland County; Oakland County Prosecutor David G. Gorcyca and assistant prosecutor Kimberly Brown ("Oakland Prosecutor defendants"); Oakland County Sheriff's Department employees Joseph Duke and Jeff Hamm ("Oakland Sheriff defendants"); Washtenaw County; Washtenaw County Prosecutor Brian L. Makie; the City of Ypsilanti; Ypsilanti employee George Basar and Ypsilanti Police Officers A. Coppock, B. Yuchasz, and John M. Barr ("Ypsilanti Police defendants"); Michigan Attorney General Michael A. Cox and Assistant Attorney General Victoria A. Reardon ("Attorney General defendants"); Charles Schwab & Company, Inc. ("Schwab"); MDOC physicians Dr. Qayyum and Dr. Thyagaragan, and health care professionals J. Daoust and P. Meyer ("medical care defendants"); Thomas M. Loeb, plaintiff's attorney in a criminal case in Oakland County; John D. Roach, plaintiff's appellate attorney in the Oakland County Case; Cheryl Farmer, the Mayor of Ypsilanti at the times relevant to this complaint; and Carol Clare, the Ypsilanti Assessor. All defendants are sued in their individual and, where applicable, official capacities. Plaintiff's complaint raises nine causes of action against defendants. Specifically, the causes of action break down as follows:

| Count | Compl. ¶¶ | Legal Claim | Defendants |
|---|---|---|---|
| I | 29-79 | Wrongful parole classification; denial of due process and equal protection by parole board | State of Michigan, Michigan Parole Board, Parole Board defendants |
| II | 80-133 | Unconstitutional arrest, search and seizure, invasion of privacy, denial of bail, false imprisonment, and malicious prosecution | State of Michigan, Oakland County, Oakland Prosecutor defendants, Oakland Sheriff defendants, City of Ypsilanti, Ypsilanti defendants, Farmer |
| III | 134-191 | Unconstitutional search and seizure, invasion of privacy, denial of due process, breach of contract, ERISA violation | State of Michigan, MDOC, Schwab, Attorney General defendants, Oakland County, Gorcyca |

| | | | |
|---|---|---|---|
| IV | 192-238 | Deliberate indifference to medical needs | State of Michigan, MDOC, medical care defendants |
| V | 239-281 | Denial of due process and First Amendment rights in connection with major misconduct proceeding | State of Michigan, MDOC |
| VI | 282-300 | Denial of First Amendment right of access to courts | State of Michigan, Oakland County, Oakland Prosecutor defendants, Roach |
| VII | 301-331 | Denial of Sixth Amendment right to effective assistance of counsel | State of Michigan, Oakland County, Oakland Prosecutor defendants, Loeb, Roach |
| VIII | 332-379 | Ethnic intimidation, denial of free speech and privacy rights, denial of equal protection in connection with property assessments | State of Michigan, City of Ypsilanti, Washtenaw County, Basar, Barr, Farmer, Clare |
| IX | 380-431 | Malicious prosecution | Washtenaw County, Makie, City of Ypsilanti, Barr, Basar, Farmer |

On May 31, 2005, the Court entered an Order partially dismissing plaintiff's complaint. Specifically, the Court dismissed plaintiff's claims: against the State of Michigan, the MDOC, and the Parole Board on the basis of the state's Eleventh Amendment immunity; against the Oakland Prosecutor defendants on the basis of *Heck v. Humphrey*, 512 U.S. 477 (1994); and against defendants Loeb, Roach, Farmer, and Basar based on plaintiff's failure to allege that these defendants acted under color of state law. This Order also effectively dismissed Count V of plaintiff's complaint in its entirety, as that claim is asserted only against the State of Michigan and the MDOC.

Currently pending before the Court are nine dispositive motions filed by various defendants.[1]

---

[1] Specifically: (1) the Parole Board defendants' motion to dismiss for failure to exhaust administrative remedies, filed on April 10, 2006 (docket #26); (2) the motion of the medical care defendants (except Dr. Thyagaragan) to dismiss on exhaustion grounds and for failure to state a

This Report addresses defendants Rubitchun's and Quinlin's motion to dismiss pursuant to Rule 12(b)(6). The remaining motions are addressed in separate Reports filed on this date.

  2.  *Background Relating to the Instant Motion*

In their motion, filed on April 10, 2006, defendants Rubitchun and Quinlin argue that they are entitled to dismissal under Rule 12(b)(6) because plaintiff has failed to sufficiently allege exhaustion of administrative remedies with respect to both his parole claims against them and some of his medical claims against the medical defendants. Plaintiff has not filed a response to this motion.

B. *Legal Standard*

A motion to dismiss for failure to state a claim upon which relief can be granted is provided for in FED. R. CIV. P. 12(b)(6). In order for a court to dismiss a complaint for failure to state a claim, it must appear beyond doubt that the party asserting the claim can prove no set of facts supporting his claim that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The party asserting the claim is not required to specifically set out the facts upon which he or she bases his claim. *Id*. at 47. Rather, "a short and plain statement of the claim" pursuant to FED. R. CIV. P.

---

claim upon which relief may be granted, filed on April 27, 2006 (docket #33); (3) the motion of the Ypsilanti defendants to dismiss or for summary judgment on the basis of the statute of limitations, res judicata, and governmental immunity, filed on May 4, 2006 (docket #34); (4) the motion of Oakland County and the Oakland Sheriff defendants to dismiss on the basis of *Heck v. Humphrey*, filed on May 10, 2006 (docket #38); (5) defendant Mackie's motion to dismiss on the basis of immunity, statute of limitations, and failure to state a claim, filed on May 10, 2006 (docket #46); (6) Washtenaw County's motion to dismiss or for summary judgment on the basis of the statute of limitations and governmental immunity, filed on May 11, 2006 (docket #49); (7) the Attorney General defendants' motion to dismiss or for summary judgment on the basis of the *Rooker-Feldman* doctrine, Eleventh Amendment immunity, and qualified immunity, filed on May 22, 2006 (docket #54); (8) defendant Schwab's motion to compel arbitration, filed on June 12, 2006 (docket #55); and (9) defendant Thyagaragan's motion to dismiss for lack of exhaustion and failure to state a claim, filed on June 22, 2006 (docket #58).

8(a)(2) gives the opposing party fair notice of the claim and the grounds upon which it rests. *See Conley*, 355 U.S. at 47.

In deciding a motion to dismiss, a court "'must construe the complaint in the light most favorable to the [party asserting the claim], accept all of the complaint's factual allegations as true, and determine whether the [party asserting the claim] undoubtedly can prove no set of facts in support of his claim that would entitle him to relief.'" *In re Cardizem CD Antitrust Litig.*, 332 F.3d 896, 909 (6th Cir. 2003) (quoting *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir.2001)). Further, "'[w]hen an allegation is capable of more than one inference, it must be construed in the plaintiff's favor.'" *In re Cardizem CD*, 332 F.3d at 909 (quoting *Helwig v. Vencor, Inc.*, 251 F.3d 540, 553 (6th Cir.2001) (internal citations omitted)). "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley*, 355 U.S. at 48. Dismissal is appropriate if the complaint fails to set forth sufficient allegations to support any material element the asserted claim. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485, 489-90 (6th Cir. 1990).

A court can only decide a Rule 12(b)(6) motion on the basis of the pleadings; if the court considers matters outside the pleadings, the court must convert the motion into one for summary judgment under Rule 56. *See Kostrzewa v. City of Troy*, 247 F.3d 633, 643-44 (6th Cir. 2001); *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997).

C.      *Analysis*

Pursuant to the Prison Litigation Reform Act (PLRA), inmates challenging their conditions

of confinement must exhaust their administrative remedies before pursuing a federal civil rights action. Specifically, the PLRA provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

To the extent that defendants' motion is based either on plaintiff's failure to sufficiently allege exhaustion and attach copies of the relevant grievances, or on his failure to exhaust with respect to the medical claims, the motion is without merit. Under the law of the Sixth Circuit governing at the time defendants filed their motion, defendants' motion to dismiss on these bases would have been proper. In *Brown v. Toombs*, 139 F.3d 1102 (6th Cir. 1998), the Sixth Circuit held that a plaintiff bears the burden of demonstrating exhaustion, and that to do so he must attach copies of his administrative grievances to his complaint. *See id.* at 1103-04 (6th Cir. 1998). As the Sixth Circuit subsequently explained:

> A prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome. The reason for the requirement to show with specificity both the claims presented and the fact of exhaustion is so that the district court may intelligently decide if the issues raised can be decided on the merits.

*Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). Under this approach, a Rule 12(b)(6) motion was generally proper, because it could be determined from the face of the complaint whether the plaintiff had adequately alleged and shown exhaustion of administrative remedies. Similarly,

6

under Sixth Circuit law governing at the time defendants filed their motion, a civil rights complaint containing both exhausted and unexhausted claims was required to be dismissed in its entirety. *See Jones-Bey v. Johnson*, 407 F.3d 801, 807 (6th Cir. 2005).

However, the Supreme Court has recently abrogated the Sixth Circuit's approach. In *Jones v. Bock*, 549 U.S. ___, 127 S. Ct. 910 (2007), the Supreme Court considered "whether it falls to the prisoner to plead and demonstrate exhaustion in the complaint, or to the defendant to raise lack of exhaustion as an affirmative defense." *Id.*, 127 S. Ct. at 919. Adopting the position of the majority of courts that have considered the issue, and rejecting the approach of the Sixth Circuit, the Court concluded that lack of exhaustion is an affirmative defense that must be raised and proved by the defendant. After explaining that this approach was consistent with the ordinary rule of pleading, and rejecting the justifications for the contrary rule offered by the Sixth Circuit and the state, *see id.* at 919-21, the Court concluded "that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id.* at 921.

Under *Jones*, in the general run of cases a Rule 12(b)(6) motion to dismiss based on the plaintiff's failure to demonstrate exhaustion in the complaint is no longer appropriate. Because lack of exhaustion is an affirmative defense, it falls to the defendants to demonstrate that the claims have not been exhausted. This generally will not be determinable based on the face of the complaint, and it is only the complaint that may be considered in deciding a Rule 12(b)(6) motion. Rather, dismissal on exhaustion grounds will generally have to be accomplished, if at all, through a properly supported motion for summary judgment including some evidence (such as the affidavit of a record keeper describing all grievances filed by the plaintiff) showing that the claims have not been

exhausted.  It is true that, in some cases, the face of the complaint itself may establish a lack of exhaustion, such as where the plaintiff admits in the complaint that he has not exhausted.  *See id.* at 920-21 (noting that dismissal under Rule 12(b)(6) on the basis of an affirmative defense, such as a statute of limitations, may be had where "the allegations in the complaint suffice to establish that ground.").  However, because Rule 12(b)(6) tests the sufficiency of the complaint, "[a]n affirmative defense may only be considered on a motion to dismiss if it clearly appears on the face of the complaint."  *Buester v. Equifax Information Servs.*, 435 F. Supp. 2d 471, 480 (D. Md. 2006) (internal quotation omitted); *see also*, *Official Committee of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 158 (2d Cir. 2003) (internal quotation omitted) (dismissal for failure to state a claim based on affirmative defense appropriate only "if the defense appears on the face of the complaint.").

The *Jones* Court also rejected the Sixth Circuit's total exhaustion rule.  Finding that the statutory language of the PLRA pointed in both directions on this issue, the Court fell back on the general rule that "if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad."  *Jones*, 127 S. Ct. at 924.  Thus, a prisoner complaint which raises both exhausted and unexhausted claims no longer should be dismissed in its entirety; rather, a court faced with such a complaint should dismiss the unexhausted claims and proceed with the exhausted claims.  *See id*. at 925-26.

Thus, to the extent that defendants have moved for dismissal under Rule 12(b)(6) based on plaintiffs' failure to demonstrate exhaustion as required by *Brown* and its progeny, or based on plaintiff's failure to exhaust separate claims against other defendants, the motion is without merit under *Jones*.  Nevertheless, dismissal is appropriate here because, as argued by defendants,

plaintiff's complaint itself establishes that he has not exhausted his parole-related claims against these defendants. As explained above, although lack of exhaustion is an affirmative defense, dismissal under Rule 12(b)(6) may nevertheless be appropriate if it appears from the face of the complaint that plaintiff has not, in fact, exhausted his administrative remedies with respect to his claims against these defendants.

Here, plaintiff's complaint establishes that he did not file grievances regarding his parole process claims because, in plaintiff's view, "[t]here are no administrative or judicial remedies from decisions of Defendant MI Parole Board." Compl., ¶ 33. It is true that there is no administrative avenue for challenging a decision of the Board to deny parole. This fact, however, is irrelevant. Plaintiff's complaint does not challenge the denial of parole itself, nor could it; to the extent that plaintiff's complaint did raise such a challenge, it would be cognizable only in a habeas corpus proceeding, which is why the Court denied plaintiff leave to amend the complaint to add such a claim. *See Hann v. Michigan*, No. 05-CV-71347, 2006 WL 2524207, at *6 & n.7 (E.D. Mich. Aug. 30, 2006) (discussing *Wilkinson v. Dotson*, 544 U.S. 74 (2005)). Thus, plaintiff's claims must be directed at the procedures used by defendants rather than the ultimate result, *see Wilkinson*, 544 U.S. at 82, a view confirmed by the allegations of plaintiff's complaint. *See, e.g.*, Compl. ¶¶ 45, 56, 64, 67. And it is clear that there is an administrative avenue in which prisoners can pursue complaints relating to parole procedures. The MDOC Policy Directive governing parole decisions provides that "failure to follow the parole process as outlined in this and other policy directives may be grieved in accordance with PD 03.02.130 'Prisoner/Parolee Grievances.'" MDOC POLICY DIRECTIVE 06.05.104(YY).

Thus, it is clear from the face of plaintiff's complaint that he did not file a grievance

9

concerning the parole procedures which form the basis of his claim against the parole defendants, and it is equally clear from the MDOC Policy Directives that these claims could have been raised in the administrative grievance process. Accordingly, plaintiff's complaint is subject to dismissal under § 1997e(a) and *Jones v. Bock*.

D.   *Conclusion*

In view of the foregoing, the Court should grant defendants Rubitchun's and Quinlan's motion to dismiss, and should dismiss without prejudice plaintiff's claims against these defendants for failure to exhaust administrative remedies.

III.   NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically,

and in the same order raised, each issue contained within the objections.

                                      s/Paul J. Komives
                                      UNITED STATES MAGISTRATE JUDGE

Dated:   March 2, 2007

---

**Certificate of Service**

I hereby certify that the foregoing report and recommendation was served electronically on the attorneys of record and by First Class U.S. Mail on Gary S. Hahn, #431007, Muskegon Correctional Facility, 2400 South Sheridan Road, Muskegon, MI 49442-6298 on March 2, 2007.

        s/Kim Grimes
        Acting in the absence of Eddrey Butts,
        Case Manager to Magistrate Judge
        Paul J. Komives