UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY S. HANN,

        Plaintiff,

                                    CASE NO. 05-CV-71347-DT
v.                               JUDGE PAUL D. BORMAN
                                   MAGISTRATE JUDGE PAUL KOMIVES

STATE OF MICHIGAN, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION ON DEFENDANTS CITY OF YPSILANTI, BARR, COPPOCK, YUCHASZ, FARMER, AND CLARE'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT (docket #34)

I.     RECOMMENDATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
II.    REPORT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
      A.    *Procedural Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
            1.    *General Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
            2.    *Background Relating to the Instant Motion* . . . . . . . . . . . . . . . . . . . . . . . . . 5
      B.    *Legal Standard* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
      C.    *Res Judicata* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
            1.    *Res Judicata Generally* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
            2.    *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
      D.    *Statute of Limitations* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
            1.    *Federal § 1983 Claims* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
                 a. Governing Limitations Period . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
                 b. Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
            2.    *State Claims* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
      E.    *Merits of Plaintiff's Remaining Claims* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
            1.    *Legal Standard* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
            2.    *Search and Seizure Claim* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
            3.    *Malicious Prosecution Claim* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
      F.    *Conclusion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24
III.   NOTICE TO PARTIES REGARDING OBJECTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

1

I.    <u>RECOMMENDATION</u>: The Court should grant the Ypsilanti defendants' motion for summary judgment (docket #34). Specifically, the Court should conclude that: (1) plaintiff's federal Fourth Amendment claims against Coppock and Yuchasz in Count II and his federal malicious prosecution claims against the Ypsilanti defendants in Count IX fail to state a claim upon which relief may be granted and are therefore subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii); (2) to the extent any such claims are raised, plaintiff's state law claims against the Ypsilanti defendants in Counts II, VIII, and IX are barred by the applicable statutes of limitations; and (3) plaintiff's remaining claims against these defendants in Counts II, VIII, and IX are barred by claim preclusion.

II.    <u>REPORT</u>:

A.    *Procedural Background*

    1.    *General Background*

Plaintiff Gary S. Hann is a state prisoner currently confined at the Muskegon Correctional Facility in Muskegon, Michigan. Plaintiff commenced this *pro se* civil rights action on April 7, 2005. He brings claims pursuant to 42 U.S.C. §§ 1983 and 1985; the First, Fourth, Fifth, Sixth, and Eighth Amendments to the Constitution; the Suspension Clause, U.S. CONST. art. I, § 9, cl. 2; the Employee Income Retirement Security Act (ERISA); the Internal Revenue Code (IRC); and Michigan common law. Defendants are: the Michigan Department of Corrections (MDOC); the Michigan Parole Board, Board Chairman John S. Rubitchun, and Board members James L. Quinlan, Margie McNutt, and John/Jane Doe #1 ("Parole Board defendants"); Oakland County; Oakland County Prosecutor David G. Gorcyca and assistant prosecutor Kimberly Brown ("Oakland Prosecutor defendants"); Oakland County Sheriff's Department employees Joseph Duke and Jeff Hamm ("Oakland Sheriff defendants"); Washtenaw County; Washtenaw County Prosecutor Brian

L. Mackie; the City of Ypsilanti; Ypsilanti employee George Basar and Ypsilanti Police Officers A. Coppock, B. Yuchasz, and John M. Barr ("Ypsilanti Police defendants"); Michigan Attorney General Michael A. Cox and Assistant Attorney General Victoria A. Reardon ("Attorney General defendants"); Charles Schwab & Company, Inc. ("Schwab"); MDOC physicians Dr. Qayyum and Dr. Thyagaragan, and health care professionals J. Daoust and P. Meyer ("medical care defendants"); Thomas M. Loeb, plaintiff's attorney in a criminal case in Oakland County; John D. Roach, plaintiff's appellate attorney in the Oakland County Case; Cheryl Farmer, the Mayor of Ypsilanti at the times relevant to the complaint; and Carol Clare, the Ypsilanti Assessor.  All defendants are sued in their individual and, where applicable, official capacities.  Plaintiff's complaint raises nine causes of action against defendants.  Specifically, the causes of action break down as follows:

| Count | Compl. ¶¶ | Legal Claim | Defendants |
|-------|-----------|-------------|------------|
| I | 29-79 | Wrongful parole classification; denial of due process and equal protection by parole board | State of Michigan, Michigan Parole Board, Parole Board defendants |
| II | 80-133 | Unconstitutional arrest, search and seizure, invasion of privacy, denial of bail, false imprisonment, and malicious prosecution | State of Michigan, Oakland County, Oakland Prosecutor defendants, Oakland Sheriff defendants, City of Ypsilanti, Ypsilanti defendants, Farmer |
| III | 134-191 | Unconstitutional search and seizure, invasion of privacy, denial of due process, breach of contract, ERISA violation | State of Michigan, MDOC, Schwab, Attorney General defendants, Oakland County, Gorcyca |
| IV | 192-238 | Deliberate indifference to medical needs | State of Michigan, MDOC, medical care defendants |
| V | 239-281 | Denial of due process and First Amendment rights in connection with major misconduct proceeding | State of Michigan, MDOC |

| VI | 282-300 | Denial of First Amendment right of access to courts | State of Michigan, Oakland County, Oakland Prosecutor defendants, Roach |
|---|---|---|---|
| VII | 301-331 | Denial of Sixth Amendment right to effective assistance of counsel | State of Michigan, Oakland County, Oakland Prosecutor defendants, Loeb, Roach |
| VIII | 332-379 | Ethnic intimidation, denial of free speech and privacy rights, denial of equal protection in connection with property assessments | State of Michigan, City of Ypsilanti, Washtenaw County, Basar, Barr, Farmer, Clare |
| IX | 380-431 | Malicious prosecution | Washtenaw County, Makie, City of Ypsilanti, Barr, Basar, Farmer |

On May 31, 2005, the Court entered an Order partially dismissing plaintiff's complaint. Specifically, the Court dismissed plaintiff's claims: against the State of Michigan, the MDOC, and the Parole Board on the basis of the state's Eleventh Amendment immunity; against the Oakland Prosecutor defendants on the basis of *Heck v. Humphrey*, 512 U.S. 477 (1994); and against defendants Loeb, Roach, Farmer, and Basar based on plaintiff's failure to allege that these defendants acted under color of state law. This Order also effectively dismissed Count V of plaintiff's complaint in its entirety, as that claim is asserted only against the State of Michigan and the MDOC.

Currently pending before the Court are nine dispositive motions filed by various defendants.[1]

_____

[1]Specifically: (1) the Parole Board defendants' motion to dismiss for failure to exhaust administrative remedies, filed on April 10, 2006 (docket #26); (2) the motion of the medical care defendants (except Dr. Thyagaragan) to dismiss on exhaustion grounds and for failure to state a claim upon which relief may be granted, filed on April 27, 2006 (docket #33); (3) the motion of the Ypsilanti defendants to dismiss or for summary judgment on the basis of the statute of limitations, res judicata, and governmental immunity, filed on May 4, 2006 (docket #34); (4) the motion of Oakland County and the Oakland Sheriff defendants to dismiss on the basis of *Heck v. Humphrey*, filed on May 10, 2006 (docket #38); (5) defendant Mackie's motion to dismiss on the basis of immunity, statute of limitations, and failure to state a claim, filed on May 10, 2006

4

This Report addresses the motion of the City of Ypsilanti, the Ypsilanti police defendants, Farmer, and Clare (collectively "the Ypsilanti defendants") for dismissal and/or summary judgment. The remaining motions are addressed in separate Reports filed on this date.

2.     *Background Relating to the Instant Motion*

The Ypsilanti defendants filed their motion to dismiss and/or for summary judgment on May 4, 2006. They argue that all of plaintiff's claims against them are barred by the statute of limitations and *res judicata*. The Ypsilanti defendants also argue that plaintiff's claims against defendant Clare are barred by plaintiff's failure to exhaust and governmental immunity, and that plaintiff's claims against defendants Yuchasz and Coppock are barred by qualified immunity. Plaintiff has not filed a response to the Ypsilanti defendants' motions.

In order to adequately assess the Ypsilanti defendants' *res judicata* and limitations arguments, it is necessary to examine in some detail the allegations of plaintiff's complaint here and the prior lawsuits between the parties. Plaintiff's claims against the Ypsilanti defendants are set forth in Counts II, VIII, and IX of his complaint. Count II alleges unconstitutional arrest, search and seizure, invasion of privacy, false imprisonment, and malicious prosecution, stemming from plaintiff's April 2, 2002 arrest and subsequent prosecution in Oakland County for using the Internet to solicit sex from a minor. Most of the allegations in this count relate to the Oakland County defendants. With respect to the Ypsilanti defendants, Count II asserts two claims. First, plaintiff

_____

(docket #46); (6) Washtenaw County's motion to dismiss or for summary judgment on the basis of the statute of limitations and governmental immunity, filed on May 11, 2006 (docket #49); (7) the Attorney General defendants' motion to dismiss or for summary judgment on the basis of the *Rooker-Feldman* doctrine, Eleventh Amendment immunity, and qualified immunity, filed on May 22, 2006 (docket #54); (8) defendant Schwab's motion to compel arbitration, filed on June 12, 2006 (docket #55); and (9) defendant Thyagaragan's motion to dismiss for lack of exhaustion and failure to state a claim, filed on June 22, 2006 (docket #58).

alleges that defendants Coppock and Yuchasz searched his home on April 3, 2002, pursuant to a warrant issued by the Oakland County Circuit Court.  Plaintiff contends that this search and the subsequent seizure and examination of his property by the Ypsilanti defendants violated his rights under the Fourth Amendment.  *See* Compl., ¶¶ 109-13.  Second, plaintiff contends that defendant Framer defamed him by stating in a newspaper article, following his arrest on these charges, that plaintiff was a pedophile.  *See id.* at ¶ 119.  In Count VIII, plaintiff alleges ethnic intimidation, unconstitutional denial of speech, and violations of his right to privacy and equal protection stemming from three incidents.  First, he contends that the Ypsilanti defendants improperly valued his home for tax purposes from 1999-2001, based on his race.  *See id.* ¶¶ 335-40.  Second, plaintiff alleges that defendants Farmer and Basar assaulted him in February 2001, and improperly had him arrested following the assault.  *See id.* ¶¶ 351-67.  Third, plaintiff alleges unconstitutional conduct in connection with his May 2001 arrest on a driving violation.  *See id.* ¶¶ 369-78.  Finally, in Count IX, plaintiff alleges malicious prosecution by several of the Ypsilanti defendants in connection with an indecent exposure prosecution against him, which was dismissed by the prosecutor in January 2003.

In addition to this lawsuit, plaintiff has filed several actions against the Ypsilanti defendants in the Washtenaw County Circuit Court.  In Case No. 00-1334-CZ, filed on November 1, 2000, plaintiff sued, among others, defendants Baser, Farmer, Barr, and Ypsilanti alleging claims relating to the towing of his car, defamation for statements made at an October 18, 2000, city council meeting, and illegal assessments.  *See* Ypsilanti Def.s' Br., Ex. A.  In Case No. 01-271-CZ, filed on March 6, 2001, defendant sued, among others, defendants Farmer, Basar, and Ypsilanti, raising claims relating to incidents at city council meetings in 2000 and 2001, as well as claims relating to

the alleged assault by defendants Farmer and Basar on February 24, 2001, and plaintiff's subsequent arrest. *See id.*, Ex. B. These two cases were dismissed with prejudice in October 2001, pursuant to a settlement agreement between plaintiff and the defendants which was incorporated into the trial court's orders of dismissal. *See id.*, Exs. A, B & F. Finally, in Case No. 02-1317-CZ, filed on November 19, 2002, plaintiff brought suit against defendants Farmer and Barr alleging defamation, negligence, and gross negligence relating to statements made by the defendants in relation to city council meetings in 2001 and 2002, and following plaintiff's arrest on the Oakland County charges. *See id*, Ex. D. On January 21, 2003, the trial court granted the defendants' motion for summary disposition. *See id.*[2]

## B.   *Legal Standard*

Under Rule 56, summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Hedrick v. Western Reserve Care Sys.*, 355 F.3d 444, 451 (6th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A fact is material only if its resolution will affect the outcome of the lawsuit." *Hedrick*, 355 F.3d at 451-52 (citing *Anderson*, 477 U.S. at 248). In deciding a motion for summary judgment, the Court must view the evidence in a light most favorable to the non-movant as well as draw all reasonable inferences in the non-movant's favor. *See Sutherland v. Michigan Dep't of Treasury*, 344 F.3d

---

[2]In a fourth suit, No. 02-1149-CZ, filed on October 1, 2002, plaintiff brought suit against defendant Farmer and Eastern Michigan University. That suit was dismissed for insufficient service of process. *See* Ypsilanti Def.'s Br., Ex. C.

603, 613 (6th Cir. 2003); *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

"The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case." *Hedrick*, 355 F.3d at 451 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). To meet this burden, the moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the non-moving party's case." *Celotex Corp.*, 477 U.S. at 325. "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *see also*, FED. R. CIV. P. 56(e).

To create a genuine issue of material fact, however, the non-movant must do more than present some evidence on a disputed issue. As the Supreme Court has explained:

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [non-movant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Anderson*, 477 U.S. at 249-50. (citations omitted); *see Celotex Corp.*, 477 U.S. at 322-23; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Thus, "[t]he existence of a mere scintilla of evidence in support of the non-moving party's position will not be sufficient; there must be evidence on which the jury could reasonably find for the non-moving party." *Sutherland*, 344 F.3d at 613.

C.     *Res Judicata*

The Ypsilanti defendants contend that plaintiff's claims against defendants Basar, Barr,

8

Farmer, Clare, and the City of Ypsilanti are barred by previously filed suits brought by plaintiff in the Washtenaw County Circuit Court. These suits were settled by the parties, and orders of dismissal with prejudice were entered by the court. The Court should conclude that plaintiff's claims against defendants Basar, Barr, Farmer, Clare, and the City of Ypsilanti set forth in Counts II and VIII are barred by claim preclusion, but that plaintiff's claims against defendants Coppock and Yuchasz set forth in Count II and his claims against all defendants set forth in Count IX are not barred by claim preclusion.

      1.    *Res Judicata Generally*

As the Sixth Circuit has explained, the concept of res judicata actually encompasses two distinct concepts. *See Heyliger v. State Univ. & Community College Sys. of Tenn.*, 126 F.3d 849, 852 (6th Cir. Oct. 3, 1997); *J.Z.G. Resources, Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996). Claim preclusion, or "true" res judicata, "refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." *Heyliger*, 126 F.3d at 852 (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984))); *see also*, *J.Z.G. Resources*, 84 F.3d at 214. Issue preclusion, or collateral estoppel, on the other hand, mandates that "'[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.'" *Heyliger*, 126 F.3d at 853 (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 27 (1982)).[3]

---

[3]In *Heyliger*, the Sixth Circuit "'express[ed] [the] hope that future litigants, in the interests of precision and clarity, will formulate arguments which refer solely to issue or claim preclusion and which refrain from using the predecessors of those terms, whose meanings have become so

The Full Faith and Credit Clause of the Constitution commands that "[f]ull Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." U.S. CONST. art. IV, § 1. Pursuant to the grant of authority in Article IV, § 1, Congress has implemented this command through the Full Faith and Credit Act, which provides that state judicial proceedings "shall have the same full faith and credit in every court within the United States . . . as they would have by law or usage in the courts of such State . . . from which they are taken." 28 U.S.C. § 1738. As the Supreme Court has explained, "[t]his statute directs a federal court to refer to the preclusion law of the State in which the judgment was rendered." *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985); *see also*, *In re Fordu*, 201 F.3d 693, 703 (6th Cir. 1999). Thus when, as here, a federal court considers the preclusive effect of a prior state court judgment, the court must "give the prior adjudication the same preclusive effect it would have under the law of the state whose court issued the judgment. *See Heyliger*, 126 F.3d at 852 (citing *Migra v. Warren City Sch. Dist.*, 465 U.S. 75, 81 (1984); *Allen v. McCurry*, 449 U.S. 90, 96 (1980)). Accordingly, the Court must look to Michigan law to determine the preclusive effect of the prior state court judgment at issue here.

Under Michigan law, "true" res judicata, or claim preclusion, "bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Adair v. State*, 470 Mich. 105, 121, 680 N.W.2d 386, 396 (2004); *see also*, *Vanwulfen v. Montmorency County*, 345 F. Supp. 2d 730, 739 (E.D. Mich. 2004) (Lawson, J.) (discussing

---

convoluted.'" *Heyliger*, 126 F.3d at 852 (quoting *Barnes*, 848 F.2d at 728 n.5). Accordingly, I refer to the issues by those terms.

10

Michigan law); *Dart v. Dart*, 460 Mich. 573, 586, 597 N.W.2d 82, 88 (1999).  The doctrine is interpreted broadly and it "bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Adair*, 470 Mich. at 121, 680 N.W.2d at 396; *Dart*, 460 Mich. at 586, 597 N.W.2d at 88.

  2. *Analysis*

  Here, all of the elements of claim preclusion are satisfied with respect to plaintiff's claims against defendants Basar, Barr, Farmer, Clare, and the City of Ypsilanti in Counts II and VIII of the complaint.  First, plaintiff's prior lawsuits were decided on the merits.  The consent judgments entered by the trial court following the parties' settlement in the first two cases constitute decisions on the merits, *see Schwartz v. City of Flint*, 187 Mich. App. 191, 194, 466 N.W.2d 357, 359-60 (1991), as does the summary disposition entered in the third case, *see The Mable Cleary Trust v. The Edward-Marlah Muzyl Trust*, 262 Mich. App. 485, 510, 686 N.W.2d 770, 787 (2004), and the state court was a court of competent jurisdiction for plaintiff's § 1983 claims, *see Felder v. Casey*, 487 U.S. 131, 139 (1988); *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 932 (7th Cir. 2005).  Second, with the exception of defendants Coppock and Yuchasz (who do not argue for *res judicata*), each of the Ypsilanti defendants was a defendant in plaintiff's various state court actions.

  Third, the claims against the Ypsilanti defendants in Counts II and VIII of plaintiff's complaint were or could have been raised in the state court cases.  In Count II, plaintiff claims that defendant Farmer defamed him based on the same statements which were the subject of plaintiff's state court action in Case No. 02-1317-CZ.  *Compare* Compl., ¶ 119, *with* Ypsilanti Def.'s Br., Ex. D.  Likewise, the claims asserted in Count VIII alleging assault by Farmer and Basar, false arrest,

11

and improper valuation of his home are based on the same facts which gave rise to his claims in state court Case Nos. 00-1334-CZ and 01-271-CZ. *Compare* Compl., ¶¶ 335-40, 361-67, with Ypsilanti Def.s' Br., Exs. A & B. As noted above, "'Michigan follows a broad rule of *res judicata* which bars not only claims actually litigated in the prior action, but every claim arising out of the same transaction which the parties, exercising reasonable diligence, could have raised but did not.'" *Sprague v. Buhagiar*, 213 Mich. App. 310, 313, 539 N.W.2d 587, 589 (1995) (quoting *Courtney v. Feldstein*, 147 Mich. App. 70, 75, 382 N.W.2d 734, 736 (1985)). Here, plaintiff's claims as set forth in Counts II and VIII arise out of the same transactions which were the subjects of his state court suits and thus under Michigan's broad rule the claims are barred by *res judicata*.

Plaintiff's malicious prosecution claim set forth in Count IX, however, is not barred by *res judicata*. This claim relates to events which were not the subject of any of the prior state court actions and is based on events which occurred after those cases had been dismissed. Thus, the claims could not have been brought in the prior state court actions and they are therefore not barred by *res judicata*.

Accordingly, the Court should conclude that plaintiff's claim in Count II against defendant Farmer, and his claims in Count VIII against all the Ypsilanti defendants, are barred by *res judicata*, and the Court should therefore grant defendants' motion for summary judgment on this basis with respect to these claims. However, the Court should also conclude that plaintiff's claims against defendants Coppock and Yuchasz in Count II, and his claims against all the Ypsilanti defendants in Count IX, are not barred by *res judicata*.

D.    *Statute of Limitations*

The Ypsilanti defendants next contend that plaintiff's claims against them are barred by the

12

statute of limitations.  Because the remaining claims are barred by *res judicata*, the Court need only consider the timeliness of plaintiff's claims against defendants Coppock and Yuchasz in Count II and the malicious prosecution claims in Count IX.  From the language of his complaint it appears that plaintiff is raising only federal constitutional claims under § 1983.  However, plaintiff's complaint could also liberally be construed as raising state law claims.  I therefore consider the timeliness of plaintiff's claims under both federal and state law.

1.    *Federal § 1983 Claims*

a.  *Governing Limitations Period*

For purposes of claims brought under 42 U.S.C. § 1983, state statutes of limitations apply to determine the timeliness of such claims.  *See Wilson v. Garcia*, 471 U.S. 268-69 (1985).  The same is true of state provisions tolling statutes of limitations.  *See Hardin v. Straub*, 490 U.S. 536, 539 (1989).  As the Supreme Court has directed, the federal courts should apply the single most analogous state personal injury statute of limitations to § 1983 claims.  *See Wilson*, 471 U.S. at 276.  Defendants point to a number of analogous limitations periods which could be used to govern plaintiff's claims.  For example, defendants point to the two-year limitations periods governing actions for assault, battery, false imprisonment, malicious prosecution, or neglect of office by a sheriff, *see* MICH. COMP. LAWS § 600.5805(2), (5), (7), as well as the one year limitation period governing defamation actions, *see id*. § 600.5805(9).  As defendants implicitly recognize, however, the Supreme Court has rejected a claim-by-claim approach to limitations periods under § 1983.  Rather, the Court has instructed the borrowing principle enacted by Congress "as a directive to select, in each State, the one most appropriate statute of limitations for all § 1983 claims."  *Wilson*, 471 U.S. at 275.  And, the Court continued, the most analogous

13

limitations period for § 1983 claims is the state limitations period governing personal injury actions. *See id*. at 278-80.

"Thus, federal courts must apply the state statute of limitations for personal injury claims in *all* § 1983 cases." *Southerland v. Hardaway Mgmt. Co., Inc.*, 41 F.3d 250, 253 (6th Cir. 1994) (emphasis added). In Michigan, that period is three years. *See* MICH. COMP. LAWS § 600.5805(10). *See generally*, *Hardin*, 490 U.S. at 540 ("It is undisputed that the limitations period applicable to this case is three years, as established in Michigan's statute governing personal injury actions."). Thus, plaintiff's claims will not be barred if they were brought within three years of the accrual of these claims, taking into account any tolling periods.

Although statutes of limitations and tolling principles are governed by state law, the question of when civil rights claims accrue remains one of federal law. *LRL Properties v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1107 (6th Cir. 1995); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Generally, a civil rights cause of action accrues for statute of limitations purposes when the plaintiff knows or has reason to know of the injury that is the basis of his action. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991); *Sevier*, 742 F.2d at 273. "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Sevier*, 742 F.2d at 273.

*b. Analysis*

Plaintiff's claims against defendants Coppock and Yuchasz set forth in Count II are based on their April 3, 2002, search of his home. These claims accrued on April 3, 2002, the date of the search. *See Price v. Philpot*, 420 F.3d 1158, 1163 (10th Cir. 2005); *Foryoh v. Hannah-Porter*, 428 F. Supp. 2d 916, 820 (N.D. Ill. 2006); *Triestman v. Probst*, 897 F. Supp. 48, 50 (N.D.N.Y. 1995).

14

Plaintiff's malicious prosecution claims set forth in Count IX are based on a criminal prosecution commenced in October 2002. Those claims accrued on the date that the charges were terminated in plaintiff's favor, *see Brandley v. Keeshan*, 64 F.3d 196, 199 (5th Cir. 1995); *Blackmon v. Perez*, 791 F. Supp. 1086, 1091 (E.D. Va. 1992); *cf. Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994), which occurred with the dismissal of the charges on January 27, 2003.[4] The parties have not identified, and I have not found, any tolling provisions which would be applicable to plaintiff's claims. Thus, the claims are untimely if they were not filed within three years of their accrual.

Answering this question, however, requires the Court to first determine when the complaint was "filed." The complaint was received by this Court and file-stamped by the Clerk on April 7, 2005. Based on this filing date, defendants contend that all of plaintiff's claims are barred. However, defendants' argument ignores the mailbox rule applicable to prisoner filings. In *Houston v. Lack*, 487 U.S. 266 (1988), the Court held that a *pro se* prisoner's notice of appeal is deemed filed under Federal Rules of Appellate Procedure 3 and 4 when it is given to prison officials for mailing to the court. *See id.* at 270. The Court based this rule on the unique concerns facing an incarcerated litigant, including the inability to control the delivery of the pleading after it has been given to prison officials, the lack of legal counsel to monitor the process, and the prison officials' incentives to delay a *pro se* party's filings. *See id.* at 270-72. Although *Houston* was decided in the context of a notice of appeal, the mailbox rule has been extended to other prisoner filings, including civil rights complaints. *See Richard v. Ray*, 290 F.3d 810, 813 (6th Cir. 2002); *Aldridge v. Gill*, 24 Fed. Appx. 428, 429 (6th Cir. 2001). Thus, plaintiff's complaint is deemed filed on the date it was given to

---

[4]Neither the complaint nor the Ypsilanti defendants' brief provide any information concerning the exact date of the dismissal. However, defendant Mackie's separate motion to dismiss indicates that the charges were dismissed on January 27, 2003.

prison officials for mailing with proper postage affixed.

"To be entitled to invoke the benefit of the mailbox rule, an inmate must establish timely filing by a declaration in compliance with 28 U.S.C. § 1746 or other notarized statement, disclosing the date of the deposit and the fact that first-class postage has been prepaid." *Kline v. Michigan*, No. 1:06-cv-776, 2007 WL 295020, at *1 (W.D. Mich. Jan. 25, 2007); *see also*, *Price v. Philpot*, 420 F.3d 1158, 1165-66 (10th Cir. 2005). Here, contemporaneous with his complaint, plaintiff filed a certificate of service declaring, under penalty of perjury, that he gave his complaint to prison officials for mailing, postage prepaid, on April 1, 2005. *See* Certificate of Service, filed 4/7/05 (docket entry #3). In the absence of any evidence from defendants to the contrary, this suffices to establish a filing date, under the mailbox rule, of April 1, 2005.

In light of this filing date, it is clear that plaintiff's claims are not time barred. As noted above, plaintiff's claims against defendants Coppock and Yuchasz accrued on April 3, 2002, and thus he had until April 3, 2005, to file his claims. His malicious prosecution claim accrued on January 27, 2003, and thus he had until January 27, 2006, to file his malicious prosecution claim. Because, under the mailbox rule, plaintiff filed his complaint on April 1, 2005, both claims are timely.

2.      *State Claims*

However, to the extent that plaintiff is also asserting state law claims in Counts II and IX, those claims are barred. Plaintiff's state law claims for false arrest, improper search and seizure and malicious prosecution are governed by two year statutes of limitations. *See* MICH. COMP. LAWS § 600.5805(2), (5). Thus, the limitations period for his claims against defendants Coppock and Yuchasz expired on April 3, 2004, and the limitations period for his malicious prosecution claims

16

expired on January 27, 2005.  Because plaintiff did not file his complaint until April 1, 2005, these state law claims are untimely, and the Court should dismiss these claims.

E.    *Merits of Plaintiff's Remaining Claims*

Thus, after analyzing the *res judicata* and statute of limitations issues, two of plaintiff's claims against the Ypsilanti defendants remain viable: plaintiff's federal search and seizure claim against defendants Coppock and Yuchasz, and plaintiff's federal malicious prosecution claim.  For the reasons that follow, however, the Court should conclude that these claims fail to state a claim upon which relief may be granted, and the Court should dismiss the claims.

1.    *Legal Standard*

Although the Ypsilanti defendants have not moved for dismissal or summary judgment on the merits of plaintiff's claims against them, plaintiff is proceeding *in forma pauperis*, and his suit is therefore governed by the *in forma pauperis* statute, 28 U.S.C. § 1915.  That statute provides, in relevant part, that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall* dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  Under FED. R. CIV. P. 12(b)(6), dismissal is appropriate where the party asserting the claim can prove no set of facts supporting his claim that would entitle him to relief.  *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  The party asserting the claim is not required to specifically set out the facts upon which he or she bases his claim.  *Id*. at 47.  Rather, "a short and plain statement of the claim" pursuant to FED. R. CIV. P. 8(a)(2) gives the opposing party fair notice of the claim and the grounds upon which it rests.  *See Conley*, 355 U.S. at 47.  In deciding a motion to dismiss, a court "'must construe the complaint in the light most favorable to the [party asserting the claim], accept all of the complaint's

17

factual allegations as true, and determine whether the [party asserting the claim] undoubtedly can prove no set of facts in support of his claim that would entitle him to relief.'" *In re Cardizem CD Antitrust Litig.*, 332 F.3d 896, 909 (6th Cir. 2003) (quoting *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir.2001)).  Further, "'[w]hen an allegation is capable of more than one inference, it must be construed in the plaintiff's favor.'" *In re Cardizem CD*, 332 F.3d at 909 (quoting *Helwig v. Vencor, Inc.*, 251 F.3d 540, 553 (6th Cir.2001) (internal citations omitted)). Dismissal is appropriate if the complaint fails to set forth sufficient allegations to support any material element the asserted claim. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485, 489-90 (6th Cir. 1990).  These same standards govern *sua sponte* dismissal under § 1915(e)(2)(B)(ii).  *See Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

       2.     *Search and Seizure Claim*

       Plaintiff's claims against defendants Coppock and Yuchasz are limited to their participation in the search of his home pursuant to a search warrant applied for by the Oakland County Sheriff and issued by the Oakland County Circuit Court.  Plaintiff does not allege that these two defendants had any role in obtaining the warrant.  Rather, they assisted the Oakland County deputies in executing the search warrant.  Plaintiff alleges that the search itself was invalid, and that the officers seized items not described in the warrant.  *See* Compl., ¶¶ 109-13.  These allegations fail to state a claim for relief under the Fourth Amendment.

       With respect to defendants Coppock's and Yuchasz's participation in the search, the allegations in the complaint establish that the only role they had was to execute a facially valid warrant which they were not involved in obtaining.  It is well established that "[p]olice officers are

entitled to rely on a judicially secured warrant for immunity from a § 1983 action for illegal search and seizure unless the warrant is so lacking in indicia of probable cause, that official belief in the existence of probable cause is unreasonable." *Yancey v. Carroll County, Ky.*, 876 F.2d 1238, 1243 (6th Cir. 1989) (citing *Malley v. Briggs*, 475 U.S. 335 (1986)); *see also*, *Vakilian v. Shaw*, 335 F.3d 509, 517 (6th Cir. 2003). While officers may be liable if they present material misstatements or omissions in the warrant application process, *see Vakilian*, 335 F.3d at 517; *Yancey*, 876 F.2d at 1243, plaintiff does not allege that defendant Coppock or Yuchasz had any role in securing the warrant. Thus, because they were executing a facially valid warrant, plaintiff's Fourth Amendment claim fails to state a claim upon which relief may be granted.

Likewise, plaintiff's claim that defendants exceeded the scope of the warrant by seizing books, magazines, and other papers, is without merit. While the warrant was primarily directed at computer equipment, it was not limited to such evidence. Rather, the warrant also permitted the officers to search and seize any "evidence of Child Sexually Abusive Activity," which could include books, magazines, and other papers. *See* Compl., Ex. H, Search Warrant.[5] Thus, defendants did not exceed the scope of the warrant merely because they seized property other than computer equipment and computer storage devices. And because plaintiff alleges nothing other than the seizure of items other than computer equipment as the basis of this claim, the allegations fails to state a claim upon

---

[5]Although consideration of whether an allegation states a claim for relief is limited to the allegations pleaded in the complaint, Rule 10 provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." FED. R. CIV. P. 10(c). The Court may therefore consider the Warrant–which is attached to the complaint and central to plaintiff's claim–in deciding whether the complaint states a claim upon which relief may be granted. *See Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004) (in deciding a motion to dismiss, the court may consider "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim."); *Realtek Indus., Inc. v. Nomura Secs.*, 939 F. Supp. 572, 575 n.1 (N.D. Ohio 1996).

which relief may be granted.  Accordingly, the Court should dismiss plaintiff's claims against defendants Coppock and Yuchasz pursuant to § 1915(e)(2)(B)(ii).

       3.    *Malicious Prosecution Claim*

In Count IX, plaintiff alleges malicious prosecution against the Ypsilanti defendants based on an indecent exposure charge which was ultimately dismissed.  Unfortunately, the standard for judging malicious prosecution claims brought under § 1983 is not entirely clear.  Prior to the Supreme Court's decision in *Albright v. Oliver*, 510 U.S. 266 (1994), the courts generally agreed that malicious prosecution claims were cognizable under § 1983, although the courts disagreed as to the precise scope of such claims and the constitutional basis for such claims.  *See generally*, John T. Ryan, Jr., Note, *Malicious Prosecution Under Section 1983: Do Citizens Have Federal Recourse?*, 64 GEO. WASH. L. REV. 776, 790-95 (1996).  In *Albright*, the plaintiff brought a § 1983 malicious prosecution claim premised upon a theory of substantive due process.  Although the Court rejected the claim, no opinion garnered a majority of the Justices, and the multiple opinions in the case have only marginally clarified the law.

The plurality opinion, authored by Chief Justice Rehnquist and joined by Justices O'Connor, Scalia, and Ginsburg, concluded that a malicious prosecution claim is not cognizable under the Due Process Clause.  Reasoning that the Court has been reluctant to expand the concept of substantive due process, *see Albright*, 510 U.S. at 271-72, and that the Fourth Amendment's protections  are relevant "to the deprivations of liberty that go hand in hand with criminal prosecutions," *id*. at 274, the plurality concluded that "it is the Fourth Amendment, and not substantive due process, under which [a malicious prosecution] claim must be judged."  *Id*. at 271.  However, the plurality did not consider "whether petitioner's claims would succeed under the Fourth Amendment[.]" *Id*. at 275.

Justice Scalia's concurring opinion likewise does not address the standard under the Fourth Amendment, and Justice Ginsburg's concurring opinion offers only minimal guidance, noting that the plaintiff "remained effectively 'seized' for trial so long as the prosecution against him remained pending, and that Oliver's testimony at the preliminary hearing, if deliberately misleading, violated the Fourth Amendment by perpetuating the seizure[.]" *Id*. at 280 (Ginsburg, J., concurring).

In a separate opinion concurring in the judgment, Justice Kennedy, joined by Justice Thomas, agreed with the plurality as a general matter that the Fourth Amendment provides the appropriate framework for analyzing a malicious prosecution claim.  However, Justice Kennedy did not reject the due process analysis because, as the plurality reasoned, the Due Process Clause did not protect against a malicious prosecution.  Rather, Justice Kennedy concluded that because state law provided a tort remedy for the plaintiff's malicious prosecution claim, the claim was best left to the state courts under the doctrine of *Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (holding, generally, that the unauthorized and random deprivation of life, liberty, or property without due process is not cognizable under §1983 where the state provides and adequate post-deprivation remedy).  *See Albright*, 510 U.S. at 284-86 (Kennedy, J., concurring).  Justice Kennedy did leave open the possibility, however, that "if a State did not provide a tort remedy for malicious prosecution, there would be force to the argument that the malicious initiation of a baseless criminal prosecution infringes an interest protected by the Due Process Clause and enforceable under § 1983." *Id*. at 286.

Justice Souter, also concurring in the judgment, took yet another tack.  He reasoned that substantive due process is generally reserved for rights which do not emanate from an explicit provision in the Bill of Rights.  *See id*. at 287-88 (Souter, J., concurring).  Because the Fourth, Fifth,

Sixth, and Eighth Amendments generally protect the assortment of rights from arrest, continuing through trial, to punishment, he found no need to rely on substantive due process. *See id.* at 288-91. Finally, Justice Stevens, joined by Justice Blackmun, dissented. Justice Stevens concluded that the Fourteenth Amendment applied, *see id.* at 292-302 (Stevens, J., dissenting), and that the inquiry under the Due Process Clause is guided both by the Fourth Amendment and the restrictions imposed on criminal proceedings under the Fifth Amendment. *See id.* at 302.

Not surprisingly, the multiple opinions in *Albright*, none of which garnered a majority, have "created confusion in the lower federal courts." Ryan, *supra*, at 803. The Second Circuit, however, has succinctly clarified the effect of the *Albright* decision:

> [T]here are at least two common propositions in all five opinions: (1) a claim of malicious prosecution may not be brought as a substantive due process claim; and (2) the Fourth Amendment provides the source for a § 1983 claim premised upon a person's arrest. The extent of those rights, however, remains to be defined by the Court.

*Singer v. Fulton County Sheriff*, 63 F.3d 110, 115 (2d Cir. 1995). More recently, the Supreme Court noted that it has "never explored the contours of a Fourth Amendment malicious-prosecution suit under § 1983," *Wallace v. Kato*, No. 05-1240, slip op. at 5 n.2 (U.S. Feb. 21, 2007), and the Court declined to explore those contours, or even answer whether "such a claim is cognizable under § 1983." *Id.* And, as the Sixth Circuit has noted, "the state of law of malicious prosecution is somewhat uncertain in this circuit." *McKinley v. City of Mansfield*, 404 F.3d 418, 444 (6th Cir. 2005).

Despite this uncertainty regarding the exact contours of a malicious prosecution claim, however, "it nonetheless remains firmly established that where there is probable cause to prosecute, a § 1983 action for malicious prosecution will not lie." *Id.* at 445. Plaintiff does allege

22

that "there was no probable cause for the warrant" relating to the indecent exposure charge. Compl., ¶ 414. However, the Court need not accept this conclusory allegation, in light of the other allegations of the complaint which establish probable cause. It is clear that the investigation and prosecution of plaintiff was based on the statement of a complaining witness, plaintiff's roommate, that plaintiff had exposed himself to the roommate. *See id*. ¶¶ 395-96. Petitioner contends that the victim's statement was insufficient to establish probable cause because "it is unheard of to bring such a charge vis a vis two mature adult roommates of the same gender residing in one of the person's home." *Id*. ¶ 420. However, Michigan law does not require, for conviction under the indecent exposure statute, that the exposure be in a public place. *See People v. Neal*, 266 Mich. App. 654, 656-58, 702 N.W.2d 696, 698-99 (2005). Thus, plaintiff's knowing exposure to another, even in his own home, could violate the statute. *See id*. at 663-65, 702 N.W.2d at 701-02. Plaintiff also points to the fact that the police or Mackie failed to conduct any investigation beyond the complaining victim's statement, and that such investigation would have shown that there was a lack of probable cause for the charges. However, once probable cause was established, the police had no duty to conduct a further investigation, and probable cause to support the charges was not negated by the fact that further investigation might have uncovered facts which would have supported plaintiff's version of events. *See Sanchez v. Crump*, 184 F. Supp. 2d 649, 657 (E.D. Mich. 2002) (Feikens, J.) (quoting *Coogan v. Wixom*, 820 F.2d 170, 173 (6th Cir. 1987)). In short, beyond his conclusory allegation that there was no probable cause for the indecent exposure charges, plaintiff has presented only allegations which support, rather than negate, the existence of probable cause. Thus, plaintiff has failed to adequately allege a malicious prosecution claim, and the Ypsilanti defendants are entitled to dismissal of his claim.

The Ypsilanti defendants are also entitled to dismissal of this claim because plaintiff does not allege that these defendants were involved in the decision to prosecute him for indecent exposure, or that they had any role in the prosecution. *See McKinley*, 404 F.3d at 444. With respect to the Ypsilanti defendants, plaintiff only vaguely alleges that these defendants conspired with defendant Mackie (the Washtenaw County Prosecutor) and the Oakland County defendants to bring the indecent exposure charge. Although defendants' involvement in such a conspiracy could render them liable for malicious prosecution, plaintiff's allegations are insufficient to state such a conspiracy claim. "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim[.]" *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). Plaintiff's conclusory allegations that defendants "may have" conspired to deprive her of her rights, unsupported by any specific allegations, are insufficient to withstand dismissal. *See Grooms v. Marshall*, 142 F. Supp. 927, 933 (S.D. Ohio 2001); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 757 (E.D. Mich. 2001) (Lawson, J.); *Nedea v. Voinovich*, 994 F. Supp. 910, 918 (N.D. Ohio 1998). For these reasons, the Court should conclude that plaintiff has failed to state a malicious prosecution claim against the Ypsilanti defendants.

F.    *Conclusion*

In view of the foregoing, the Court should grant the Ypsilanti defendants' motion for summary judgment. Specifically, the Court should conclude that: (1) plaintiff's federal Fourth Amendment claims against Coppock and Yuchasz in Count II and his federal malicious prosecution claims against the Ypsilanti defendants in Count IX fail to state a claim upon which relief may be granted and are therefore subject to dismissal under § 1915(e)(2)(B)(ii); (2) to the extent any such

24

claims are raised, plaintiff's state law claims against the Ypsilanti defendants in Counts II, VIII, and IX are barred by the applicable statutes of limitations; and (3) plaintiff's remaining claims against these defendants in Counts II, VIII, and IX are barred by claim preclusion.

III.      NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


s/Paul J. Komives
UNITED STATES MAGISTRATE JUDGE

Dated:   March 2, 2007

25

**Certificate of Service**

I hereby certify that the foregoing report and recommendation was served electronically on the attorneys of record and by First Class U.S. Mail on Gary S. Hahn, #431007, Muskegon Correctional Facility, 2400 South Sheridan Road, Muskegon, MI 49442-6298 on March 2, 2007.

s/Kim Grimes_____
Acting in the absence of Eddrey Butts,
Case Manager to Magistrate Judge
Paul J. Komives