UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY S. HANN,

    Plaintiff,

  v.

STATE OF MICHIGAN, et al.,

    Defendants.
                             /

CASE NO. 05-CV-71347-DT
JUDGE PAUL D. BORMAN
MAGISTRATE JUDGE PAUL KOMIVES

**REPORT AND RECOMMENDATION ON (1) DEFENDANTS COX AND REARDON'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT (docket #54); AND (2) DEFENDANT CHARLES SCHWAB & CO., INC.'S MOTION TO COMPEL ARBITRATION (docket #55)**

I.     RECOMMENDATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
II.    REPORT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    A.    *Procedural Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
        1.    *General Background* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
        2.    *Background Relating to the Instant Motion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    B.    *Legal Standard* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    C.    *The Rooker-Feldman Doctrine* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    D.    *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
    E.    *Conclusion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
III.   NOTICE TO PARTIES REGARDING OBJECTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

\*    \*    \*    \*    \*

I.    RECOMMENDATION: The Court should conclude that it lacks subject matter jurisdiction over plaintiff's claims against the Attorney General defendants and defendant Charles Schwab & Co. pursuant to the *Rooker-Feldman* doctrine. Accordingly, the Court should grant the Attorney General defendants' motion for summary judgment (docket #54), and dismiss the claims against both the Attorney General defendants and defendant Schwab for lack of subject matter jurisdiction. If the Court accepts this recommendation, it should deny as moot defendant Schwab's motion to compel arbitration (docket #55).

II.     REPORT:

A.      *Procedural Background*

    1.      *General Background*

Plaintiff Gary S. Hann is a state prisoner currently confined at the Muskegon Correctional Facility in Muskegon, Michigan. Plaintiff commenced this *pro se* civil rights action on April 7, 2005. He brings claims pursuant to 42 U.S.C. §§ 1983 and 1985; the First, Fourth, Fifth, Sixth, and Eighth Amendments to the Constitution; the Suspension Clause, U.S. CONST. art. I, § 9, cl. 2; the Employee Income Retirement Security Act (ERISA); the Internal Revenue Code (IRC); and Michigan common law. Defendants are: the Michigan Department of Corrections (MDOC); the Michigan Parole Board, Board Chairman John S. Rubitchun, and Board members James L. Quinlan, Margie McNutt, and John/Jane Doe #1 ("Parole Board defendants"); Oakland County; Oakland County Prosecutor David G. Gorcyca and assistant prosecutor Kimberly Brown ("Oakland Prosecutor defendants"); Oakland County Sheriff's Department employees Joseph Duke and Jeff Hamm ("Oakland Sheriff defendants"); Washtenaw County; Washtenaw County Prosecutor Brian L. Mackie; the City of Ypsilanti; Ypsilanti employee George Basar and Ypsilanti Police Officers A. Coppock, B. Yuchasz, and John M. Barr ("Ypsilanti Police defendants"); Michigan Attorney General Michael A. Cox and Assistant Attorney General Victoria A. Reardon ("Attorney General defendants"); Charles Schwab & Company, Inc. ("Schwab"); MDOC physicians Dr. Qayyum and Dr. Thyagaragan, and health care professionals J. Daoust and P. Meyer ("medical care defendants"); Thomas M. Loeb, plaintiff's attorney in a criminal case in Oakland County; John D. Roach, plaintiff's appellate attorney in the Oakland County Case; Cheryl Farmer, the Mayor of Ypsilanti at the times relevant to this action; and Carol Clare, the Ypsilanti Assessor. All defendants are sued

in their individual and, where applicable, official capacities. Plaintiff's complaint raises nine causes of action against defendants. Specifically, the causes of action break down as follows:

| Count | Compl. ¶¶ | Legal Claim | Defendants |
|---|---|---|---|
| I | 29-79 | Wrongful parole classification; denial of due process and equal protection by parole board | State of Michigan, Michigan Parole Board, Parole Board defendants |
| II | 80-133 | Unconstitutional arrest, search and seizure, invasion of privacy, denial of bail, false imprisonment, and malicious prosecution | State of Michigan, Oakland County, Oakland Prosecutor defendants, Oakland Sheriff defendants, City of Ypsilanti, Ypsilanti defendants, Farmer |
| III | 134-191 | Unconstitutional search and seizure, invasion of privacy, denial of due process, breach of contract, ERISA violation | State of Michigan, MDOC, Schwab, Attorney General defendants, Oakland County, Gorcyca |
| IV | 192-238 | Deliberate indifference to medical needs | State of Michigan, MDOC, medical care defendants |
| V | 239-281 | Denial of due process and First Amendment rights in connection with major misconduct proceeding | State of Michigan, MDOC |
| VI | 282-300 | Denial of First Amendment right of access to courts | State of Michigan, Oakland County, Oakland Prosecutor defendants, Roach |
| VII | 301-331 | Denial of Sixth Amendment right to effective assistance of counsel | State of Michigan, Oakland County, Oakland Prosecutor defendants, Loeb, Roach |
| VIII | 332-379 | Ethnic intimidation, denial of free speech and privacy rights, denial of equal protection in connection with property assessments | State of Michigan, City of Ypsilanti, Washtenaw County, Basar, Barr, Farmer, Clare |
| IX | 380-431 | Malicious prosecution | Washtenaw County, Mackie, City of Ypsilanti, Barr, Basar, Farmer |

On May 31, 2005, the Court entered an Order partially dismissing plaintiff's complaint.

Specifically, the Court dismissed plaintiff's claims: against the State of Michigan, the MDOC, and the Parole Board on the basis of the state's Eleventh Amendment immunity; against the Oakland Prosecutor defendants on the basis of *Heck v. Humphrey*, 512 U.S. 477 (1994); and against defendants Loeb, Roach, Farmer, and Basar based on plaintiff's failure to allege that these defendants acted under color of state law. This Order also effectively dismissed Count V of plaintiff's complaint in its entirety, as that claim is asserted only against the State of Michigan and the MDOC.

Currently pending before the Court are nine dispositive motions filed by various defendants.[1] This Report addresses the motion of defendants Cox and Reardon to dismiss or, alternatively, for summary judgment, and defendant Schwab's motion to compel arbitration. The remaining motions are addressed in separate Reports filed on this date.

2.   *Background Relating to the Instant Motion*

Plaintiff's claims against the Attorney General defendants relate to the seizure of his

---

[1]Specifically: (1) the Parole Board defendants' motion to dismiss for failure to exhaust administrative remedies, filed on April 10, 2006 (docket #26); (2) the motion of the medical care defendants (except Dr. Thyagaragan) to dismiss on exhaustion grounds and for failure to state a claim upon which relief may be granted, filed on April 27, 2006 (docket #33); (3) the motion of the Ypsilanti defendants to dismiss or for summary judgment on the basis of the statute of limitations, res judicata, and governmental immunity, filed on May 4, 2006 (docket #34); (4) the motion of Oakland County and the Oakland Sheriff defendants to dismiss on the basis of *Heck v. Humphrey*, filed on May 10, 2006 (docket #38); (5) defendant Mackie's motion to dismiss on the basis of immunity, statute of limitations, and failure to state a claim, filed on May 10, 2006 (docket #46); (6) Washtenaw County's motion to dismiss or for summary judgment on the basis of the statute of limitations and governmental immunity, filed on May 11, 2006 (docket #49); (7) the Attorney General defendants' motion to dismiss or for summary judgment on the basis of the *Rooker-Feldman* doctrine, Eleventh Amendment immunity, and qualified immunity, filed on May 22, 2006 (docket #54); (8) defendant Schwab's motion to compel arbitration, filed on June 12, 2006 (docket #55); and (9) defendant Thyagaragan's motion to dismiss for lack of exhaustion and failure to state a claim, filed on June 22, 2006 (docket #58).

Individual Retirement Accounts (IRA) with defendant Schwab, pursuant to the Michigan State Correctional Facilities Reimbursement Act (SCFRA). On September 20, 2002, plaintiff pleaded no contest to possession of child sexually abusive activity or material, MICH. COMP. LAWS § 750.145c(2) and using the Internet to commit child sexually abusive activity, MICH. COMP. LAWS § 750.145d(2)(f), in the Oakland County Circuit Court. *See* Compl., Ex. A. Plaintiff was sentenced to a term of 2-20 years' imprisonment, and was remanded to the custody of the MDOC. *See id*. On May 23, 2003, defendant Reardon initiated a civil action in the Oakland County Circuit Court pursuant to the SCFRA, seeking 90% of the funds in plaintiff's IRAs held by defendant Schwab to pay for the costs of his incarceration. Defendant Reardon, on behalf of the State, also filed a motion to appoint a receiver and to show cause. *See* AG Def.s' Br., Exs. 1 & 3. A summons was issued to plaintiff and defendant Schwab, and an ex parte order appointing a receiver was entered by the circuit court. *See id*., Exs. 2 & 4. All of these pleadings, motions, and orders were served on both plaintiff and Schwab. *See id*., Exs. 5 & 6; Compl., ¶ 153. After initially granting the State's motion and then plaintiff's motion for reconsideration, *see* AG Def.s' Br., Exs. 10-12, on February 18, 2004, the circuit court granted the State the relief requested and authorized the State to take 90% of plaintiff's IRAs to satisfy his cost of incarceration. *See id*., Ex. 14.

On March 17, 2004, plaintiff removed the action from the circuit court to this Court. On June 17, 2005, Judge Rosen entered an order remanding the case to state court. *See Hann v. State Treasurer*, No. 04-CV-70977 (E.D. Mich. Mar. 17, 2004). The Sixth Circuit dismissed plaintiff's appeal from Judge Rosen's order. *See* AG Def.s' Br., Ex. 20. In the meantime, plaintiff filed an appeal from the circuit court's decision in the Michigan Court of Appeals. The appeal was not filed because plaintiff failed to pay the filing fee. *See id*., Exs. 17-18. The Michigan Supreme Court

subsequently denied plaintiff's application for leave to appeal, *see State Treasurer v. Hann*, 473 Mich. 885, 699 N.W.2d 705 (2005), and the United States Supreme Court denied plaintiff's petition for a writ of *certiorari*, *see Hann v. State Treasurer*, 126 S. Ct. 2300 (2006).

In Count III of his current complaint, plaintiff alleges that the taking of his IRA funds: constitutes an unconstitutional search and seizure, invasion of privacy, and denial of due process; breaches his contract with defendant Schwab; and violates the Employee Retirement Income Security Act (ERISA), the Internal Revenue Code, and the SCFRA. On May 22, 2006, the Attorney General defendants filed this motion to dismiss or, alternatively, for summary judgment. Defendants contend that plaintiff's claims are barred by the *Rooker-Feldman* doctrine. Alternatively, defendants argue that plaintiff's claims against them in their official capacities are barred by the Eleventh Amendment, and that they are entitled to qualified immunity. Plaintiff has not filed a response to defendants' motion. For the reasons that follow, the Court should conclude that plaintiff's claims are barred by the *Rooker-Feldman* doctrine, and accordingly should grant defendants' motion for summary judgment. For the same reasons, the Court should conclude that it lacks subject matter jurisdiction over plaintiff's claims against defendant Schwab, and should dismiss those claims as well. The Court should therefore deny as moot defendant Schwab's motion to compel arbitration.

B.      *Legal Standard*

Under Rule 56, summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Hedrick v. Western Reserve Care Sys.*, 355 F.3d

444, 451 (6th Cir. 2004) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A fact is material only if its resolution will affect the outcome of the lawsuit." *Hedrick*, 355 F.3d at 451-52 (citing *Anderson*, 477 U.S. at 248). In deciding a motion for summary judgment, the Court must view the evidence in a light most favorable to the non-movant as well as draw all reasonable inferences in the non-movant's favor. *See Sutherland v. Michigan Dep't of Treasury*, 344 F.3d 603, 613 (6th Cir. 2003); *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

"The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case." *Hedrick*, 355 F.3d at 451 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). To meet this burden, the moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the non-moving party's case." *Celotex Corp.*, 477 U.S. at 325. "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *see also*, FED. R. CIV. P. 56(e).

To create a genuine issue of material fact, however, the non-movant must do more than present some evidence on a disputed issue. As the Supreme Court has explained:

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [non-movant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

*Anderson*, 477 U.S. at 249-50. (citations omitted); *see Celotex Corp.*, 477 U.S. at 322-23; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Thus, "[t]he

existence of a mere scintilla of evidence in support of the non-moving party's position will not be sufficient; there must be evidence on which the jury could reasonably find for the non-moving party." *Sutherland*, 344 F.3d at 613.

C.    *The Rooker-Feldman Doctrine*

The *Rooker-Feldman* doctrine is based on the Supreme Court's decisions in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983). The doctrine "holds that lower federal courts lack subject matter jurisdiction to engage in appellate review of state court proceedings or to adjudicate claims 'inextricably intertwined' with issues decided in state court proceedings." *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 390 (6th Cir. 2002); *see also*, *Hutcherson v. Lauderdale County, Tenn.*, 326 F.3d 747, 755 (6th Cir. 2003). The "doctrine rests upon the principle that as courts of original jurisdiction, federal courts are without authority to sit as an appellate tribunal of the state judicial process." *Fayyumi v. City of Hickory Hills*, 18 F. Supp. 2d 909, 913 (N.D. Ill. 1998) (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 21 (1987) (Brennan, J., concurring)). As the Supreme Court has recently explained, "[t]he *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, ___, 126 S. Ct. 1198, 1199 (2006) (per curiam) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Although the federal courts had expansively applied the *Rooker-Feldman* doctrine, in *Exxon Mobil* the Court clarified that the doctrine "is a narrow doctrine, confined to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Id.*

at \_\_\_, 126 S. Ct. at 1201 (quoting *Exxon Mobil*, 544 U.S. at 284).

As explicated in *Exxon Mobil*, the *Rooker-Feldman* doctrine applies "only when a plaintiff complains of injury from the state court judgment itself." *Coles v. Granville*, 448 F.3d 853, 858 (6th Cir. 2006). Thus, "[i]n determining the applicability of the *Rooker-Feldman* doctrine, federal courts cannot simply compare the *issues* involved in the state-court proceeding to those raised in the federal-court plaintiff's complaint, but instead must pay close attention to the *relief* sought by the federal-court plaintiff." *Hood v. Keller*, 341 F.3d 593, 597 (6th Cir. 2003) (internal quotation omitted). In short, "[if] the source of the injury is that state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). Importantly, the doctrine applies only to attempts to relitigate state court judgments entered before the federal suit was filed; the doctrine does not abrogate concurrent jurisdiction in federal and state courts, nor is it analogous to a preclusion doctrine. *See Exxon Mobil*, 544 U.S. at 292 ("When there is parallel state and federal litigation, *Rooker-Feldman* is not triggered simply by the entry of judgment in state court."); *id.* at 293 ("Nor does [28 U.S.C.] § 1257 [the source of the *Rooker-Feldman* doctrine] stop a district court from exercising subject matter jurisdiction simply because a party attempts to relitigate a matter previously litigated in state court.").

D.  *Analysis*

Applying the foregoing principles to the claims raised against the Attorney General defendants and defendant Schwab in Count III of his complaint, it is clear that this Court lacks subject matter jurisdiction over plaintiff's claims pursuant to the *Rooker-Feldman* doctrine. Plaintiff

does not bring a general challenge to the SCFRA.  Rather, he challenges its application in his case. The injury complained of is the taking of his IRA funds, and that injury is directly and solely traceable to the state court judgment permitting the State to take these funds.  In other words, plaintiff has "repaired to federal court to undo the [Michigan] judgment," *Exxon Mobil*, 544 U.S. at 293, and "[e]ach of the myriad and vague claims set forth by the plaintiff[] rests on the premise that the state court entry of [judgment] was invalid." *Thompkins-El v. Wells Fargo Bank Minn.*, No. 05-74715, 2006 WL 2433438, at *3 (E.D. Mich. Aug. 22, 2006) (Battani, J.); *see also*, *Yee v. Michigan Sup. Ct.*, No. 06-CV-15142, 2007 WL 200952, at *5 (E.D. Mich. Jan. 23, 2007) (Rosen, J.).

If there were any doubt about this conclusion, the doubt was answered by the Sixth Circuit in *Abbott v. Michigan*, 474 F.3d 324 (6th Cir. 2007), which considered a claim nearly identical to the one raised by plaintiff here.  In that case, a group of prisoners brought a purported class action challenging the State's taking of their money pursuant to the SCFRA.  The prisoners brought two types of claims: a general challenge to the constitutionality of the SCFRA–a claim which plaintiff here does not bring–and a challenge to the applicability of the SCFRA to them specifically, in particular a claim that the taking of their pension benefits violated ERISA–a claim nearly identical to the principal claim raised by plaintiff here. *See id*. at 328.  The court held that although the general challenge to the SCFRA could proceed, *see id*., the claims of specific injuries arising from application of the SCFRA were barred by the *Rooker-Feldman* doctrine.  In language directly applicable here, the Court explained:

> In this case, the plaintiffs are ostensibly complaining of injuries caused by the actions of third parties–the conversion of their pension benefits by state officials–but those actions were the direct and immediate products of the state-court SCFRA judgments.  The plaintiffs' claims and arguments make this clear: They assert that

10

> the state courts erred in issuing the SCFRA judgments and do not claim that the defendants have injured them in any way except by strictly executing those judgments. Accordingly, the plaintiffs' claims of specific injuries that they have suffered are actually challenges to the state-court SCFRA judgments and are barred by the *Rooker-Feldman* doctrine.

*Id.* at 329. Here, too, plaintiff complains only of a conversion of his IRA funds by the AG defendants which is "the direct and immediate product[] of the state-court SCFRA judgment[]." *Id.* Likewise, plaintiff alleges breach of contract against defendant Schwab, but that breach was itself caused solely by Schwab's compliance with the state court judgment. Thus, plaintiff's claims are barred by the *Rooker-Feldman* doctrine.

Three other factors relevant to the *Rooker-Feldman* analysis bear mention. First, as noted above, *Rooker-Feldman* applies only when the state court judgment precedes the filing of the civil suit; if the cases are proceeding in tandem, the fact that the state court enters judgment first does not implicate the *Rooker-Feldman* doctrine. *See Exxon Mobil*, 544 U.S. at 292-93. Here, the state trial court entered its judgment in the SCFRA action on February 18, 2004, well before plaintiff filed the instant action on April 7, 2005. It is true that plaintiff's application for leave to appeal to the Michigan Supreme Court was not decided until July 26, 2005, but this does not alter the *Rooker-Feldman* analysis. The doctrine applies regardless of whether the state court judgment is interlocutory or final, and regardless of whether it was rendered by the state's highest court or a lower state court. *See Pieper v. American Arbitration Ass'n*, 336 F.3d 458, 463 (6th Cir. July 11, 2003). Thus, the pertinent judgment–the judgment which plaintiff is essentially appealing in this court–is the trial court's judgment. *See Sinclair v. Bankers Trust Co. of Cal., N.A.*, No. 5:05-CV-

072, 2005 WL 3434827, at *3 (W.D. Mich. Dec. 13, 2005).[2] Because plaintiff's federal action was filed after that judgment was entered, the *Rooker-Feldman* bar remains applicable.

Second, plaintiff's federal claims are barred even if they were not presented in the state court. A federal claim which calls into question the validity of the state court judgment is inextricably intertwined with the judgment even if the federal claim was not presented in the state court proceeding; all that is required is that the federal plaintiff have had the opportunity to present the issues involved to the state court. *See Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002); *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 201 (4th Cir. 2000); *Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir. 1992), *quoted with approval in Wilde v. Ohio Veterinary Med. Licencing Bd.*, 31

---

[2]The Sixth Circuit has not revisited this rule post-*Exxon Mobil*. However, nothing in *Exxon Mobil*'s discussion of parallel state and federal court proceedings calls into question the general rule that *Rooker-Feldman* bars review of a trial court judgment in a federal suit filed after that judgment has been entered but before appellate proceedings have ended. Such an alteration of the pre-*Exxon Mobil* rule, moreover, would abrogate the justification for the *Rooker-Feldman* doctrine. As noted above, the doctrine is premised on the notions that 28 U.S.C. § 1257 grants jurisdiction to review state court judgments exclusively to the Supreme Court, and the federal question jurisdiction of the federal district courts, 28 U.S.C. § 1331, does not include the power to decide appeals from state court judgments. It would be odd for a doctrine premised on these concerns to nonetheless allow a state court loser to essentially appeal the state trial court judgment by filing a suit after that judgment has been entered, merely because the state court appeals are still pending. Regardless of whether or not the state appeals process has been concluded, in either case the federal court plaintiff is seeking what amounts to appellate review of a state court judgment entered against him prior to his filing of the federal suit and, in either case, §§ 1257 and 1331 would seem to bar the federal court action. *Cf. Crutchfield v. Countrywide Home Lines*, 389 F.3d 1144, 1148 (10th Cir. 2004) ("Mr. Crutchfield is attempting to maintain simultaneous appeals on the notice issue in state and federal court, creating the danger of a federal court judgment that calls into question the judgment of the state court. Section 1257(a) eliminates this prospect by requiring us to confine Mr. Crutchfield's notice of appeal to the state court system. He litigated the issue in state court, lost, and has appealed to the state appellate court. If he loses there, he has a right to petition the United States Supreme Court for certiorari. He may not pursue a collateral attack on the state court decision in the lower federal courts."); *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 196 (4th Cir. 2002) ("[T]he fact that the decision of a state court is winding its way through the state appellate system does not subject it to federal review in the meantime.").

Fed. Appx. 164, 166 (6th Cir. Feb. 21, 2002). Here, plaintiff had the opportunity to present his federal claims in the state SCFRA action. And, in any event, he did present his federal claims either as affirmative defenses or as counterclaims, as well as in his motion for reconsideration. *See* AG Def.s' Br., Exs. 8 & 11. Further, these claims were considered and rejected by the state trial court. *See* Def. Schwab's Br., Ex. G, at 3-4. And plaintiff had the opportunity to pursue his claims against defendant Schwab, inasmuch as it was a defendant named by the State and was the subject of counterclaims filed by plaintiff.

Third, the Court must dismiss the claims against defendant Schwab pursuant to the *Rooker-Feldman* doctrine notwithstanding the fact that Schwab has not moved for dismissal on this basis. "The *Rooker-Feldman* doctrine is a rule of federal jurisdiction." *Frederickson v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004). Because the doctrine goes to a federal district court's subject matter jurisdiction, it may be raised *sua sponte*. *See Saker v. National City Corp.*, 90 Fed. Appx. 816, 818 n.1 (6th Cir. 2004). And, where a claim is barred by the *Rooker-Feldman* doctrine, a court must dismiss the claim for lack of jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)) ("'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'").

E.   *Conclusion*

In view of the foregoing, the Court should conclude that plaintiff's claims relating to the SCFRA and his IRAs, set forth in Count III of the complaint, are barred by the *Rooker-Feldman* doctrine and that the Court therefore lacks jurisdiction over these claims. Accordingly, the Court

should grant the Attorney General defendants' motion for summary judgment, and should dismiss plaintiff's claims against the Attorney General defendants and defendant Schwab for lack of subject matter jurisdiction. If the Court accepts this Recommendation, the Court should deny as moot defendant Schwab's motion to compel arbitration.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                        s/Paul J. Komives                    
                                        UNITED STATES MAGISTRATE JUDGE

Dated:   March 2, 2007

**Certificate of Service**

I hereby certify that the foregoing report and recommendation was served electronically on the attorneys of record and by First Class U.S. Mail on Gary S. Hahn, #431007, Muskegon Correctional Facility, 2400 South Sheridan Road, Muskegon, MI 49442-6298 on March 2, 2007.

        s/Kim Grimes
        Acting in the absence of Eddrey Butts,
        Case Manager to Magistrate Judge
        Paul J. Komives