UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY S. HANN,

Plaintiff,

v.

CASE NO. 05-CV-71347-DT
JUDGE PAUL D. BORMAN
MAGISTRATE JUDGE PAUL KOMIVES

STATE OF MICHIGAN, et al.,

Defendants.
_________________________/

**REPORT AND RECOMMENDATION ON: (1) DEFENDANTS QAYYAM, DAOUST, AND MEYERS'S MOTION TO DISMISS (docket #33); AND (2) DEFENDANT THYAGARAGAN'S MOTION TO DISMISS (docket #58)**


I. RECOMMENDATION . . . 1
II. REPORT . . . 2
  A. *Procedural Background* . . . 2
    1. *General Background* . . . 2
    2. *Background Relating to the Instant Motions* . . . 4
  B. *Legal Standard* . . . 5
  C. *Exhaustion of Administrative Remedies* . . . 6
  D. *Whether Plaintiff States a Claim for Relief* . . . 9
    1. *Deliberate Indifference under the Eighth Amendment* . . . 9
      a. Legal Standard . . . 9
      b. Medications . . . 12
      c. Lower Bunk and Dental Care . . . 13
    2. *Americans with Disabilities Act* . . . 14
    3. *First Amendment Retaliation* . . . 15
  E. *Conclusion* . . . 16
III. NOTICE TO PARTIES REGARDING OBJECTIONS . . . 16


* * * * *

I. RECOMMENDATION: The Court should grant in part and deny in part the medical care defendants' motions to dismiss (docket #33 and #58). Specifically, the Court should deny the motions with respect to plaintiff's Eighth Amendment claim based on the denial of his medications, and grant the motions with respect to plaintiff's remaining claims against these defendants.

II. REPORT:

A. *Procedural Background*

1. *General Background*

Plaintiff Gary S. Hann is a state prisoner currently confined at the Muskegon Correctional Facility in Muskegon, Michigan. Plaintiff commenced this *pro se* civil rights action on April 7, 2005. He brings claims pursuant to 42 U.S.C. §§ 1983 and 1985; the First, Fourth, Fifth, Sixth, and Eighth Amendments to the Constitution; the Suspension Clause, U.S. CONST. art. I, § 9, cl. 2; the Employee Income Retirement Security Act (ERISA); the Internal Revenue Code (IRC); and Michigan common law. Defendants are: the Michigan Department of Corrections (MDOC); the Michigan Parole Board, Board Chairman John S. Rubitchun, and Board members James L. Quinlan, Margie McNutt, and John/Jane Doe #1 ("Parole Board defendants"); Oakland County; Oakland County Prosecutor David G. Gorcyca and assistant prosecutor Kimberly Brown ("Oakland Prosecutor defendants"); Oakland County Sheriff's Department employees Joseph Duke and Jeff Hamm ("Oakland Sheriff defendants"); Washtenaw County; Washtenaw County Prosecutor Brian L. Makie; the City of Ypsilanti; Ypsilanti employee George Basar and Ypsilanti Police Officers A. Coppock, B. Yuchasz, and John M. Barr ("Ypsilanti Police defendants"); Michigan Attorney General Michael A. Cox and Assistant Attorney General Victoria A. Reardon ("Attorney General defendants"); Charles Schwab & Company, Inc. ("Schwab"); MDOC physicians Dr. Qayyum and Dr. Thyagaragan, and health care professionals J. Daoust and P. Meyer ("medical care defendants"); Thomas M. Loeb, plaintiff's attorney in a criminal case in Oakland County; John D. Roach, plaintiff's appellate attorney in the Oakland County Case; Cheryl Farmer, the Mayor of Ypsilanti at the times relevant to this complaint; and Carol Clare, the Ypsilanti Assessor. All defendants are

sued in their individual and, where applicable, official capacities. Plaintiff's complaint raises nine causes of action against defendants. Specifically, the causes of action break down as follows:

| Count | Compl. ¶¶ | Legal Claim | Defendants |
|---|---|---|---|
| I | 29-79 | Wrongful parole classification; denial of due process and equal protection by parole board | State of Michigan, Michigan Parole Board, Parole Board defendants |
| II | 80-133 | Unconstitutional arrest, search and seizure, invasion of privacy, denial of bail, false imprisonment, and malicious prosecution | State of Michigan, Oakland County, Oakland Prosecutor defendants, Oakland Sheriff defendants, City of Ypsilanti, Ypsilanti defendants, Farmer |
| III | 134-191 | Unconstitutional search and seizure, invasion of privacy, denial of due process, breach of contract, ERISA violation | State of Michigan, MDOC, Schwab, Attorney General defendants, Oakland County, Gorcyca |
| IV | 192-238 | Deliberate indifference to medical needs | State of Michigan, MDOC, medical care defendants |
| V | 239-281 | Denial of due process and First Amendment rights in connection with major misconduct proceeding | State of Michigan, MDOC |
| VI | 282-300 | Denial of First Amendment right of access to courts | State of Michigan, Oakland County, Oakland Prosecutor defendants, Roach |
| VII | 301-331 | Denial of Sixth Amendment right to effective assistance of counsel | State of Michigan, Oakland County, Oakland Prosecutor defendants, Loeb, Roach |
| VIII | 332-379 | Ethnic intimidation, denial of free speech and privacy rights, denial of equal protection in connection with property assessments | State of Michigan, City of Ypsilanti, Washtenaw County, Basar, Barr, Farmer, Clare |
| IX | 380-431 | Malicious prosecution | Washtenaw County, Makie, City of Ypsilanti, Barr, Basar, Farmer |

On May 31, 2005, the Court entered an Order partially dismissing plaintiff's complaint.

Specifically, the Court dismissed plaintiff's claims: against the State of Michigan, the MDOC, and the Parole Board on the basis of the state's Eleventh Amendment immunity; against the Oakland Prosecutor defendants on the basis of *Heck v. Humphrey*, 512 U.S. 477 (1994); and against defendants Loeb, Roach, Farmer, and Basar based on plaintiff's failure to allege that these defendants acted under color of state law. This Order also effectively dismissed Count V of plaintiff's complaint in its entirety, as that claim is asserted only against the State of Michigan and the MDOC.

Currently pending before the Court are nine dispositive motions filed by various defendants.[1] This Report addresses the medical defendants's two motions to dismiss pursuant to Rule 12(b)(6) (docket #33 and #58). The remaining motions are addressed in separate Reports filed on this date.

2. *Background Relating to the Instant Motions*

Defendants Qayyam, Daoust, and Meyers filed a motion to dismiss on April 27, 2006. They argue that plaintiff has failed to adequately allege exhaustion of administrative remedies, and that

---

[1]Specifically: (1) the Parole Board defendants' motion to dismiss for failure to exhaust administrative remedies, filed on April 10, 2006 (docket #26); (2) the motion of the medical care defendants (except Dr. Thyagaragan) to dismiss on exhaustion grounds and for failure to state a claim upon which relief may be granted, filed on April 27, 2006 (docket #33); (3) the motion of the Ypsilanti defendants to dismiss or for summary judgment on the basis of the statute of limitations, res judicata, and governmental immunity, filed on May 4, 2006 (docket #34); (4) the motion of Oakland County and the Oakland Sheriff defendants to dismiss on the basis of *Heck v. Humphrey*, filed on May 10, 2006 (docket #38); (5) defendant Mackie's motion to dismiss on the basis of immunity, statute of limitations, and failure to state a claim, filed on May 10, 2006 (docket #46); (6) Washtenaw County's motion to dismiss or for summary judgment on the basis of the statute of limitations and governmental immunity, filed on May 11, 2006 (docket #49); (7) the Attorney General defendants' motion to dismiss or for summary judgment on the basis of the *Rooker-Feldman* doctrine, Eleventh Amendment immunity, and qualified immunity, filed on May 22, 2006 (docket #54); (8) defendant Schwab's motion to compel arbitration, filed on June 12, 2006 (docket #55); and (9) defendant Thyagaragan's motion to dismiss for lack of exhaustion and failure to state a claim, filed on June 22, 2006 (docket #58).

plaintiff has failed to state a claim upon which relief may be granted with respect to his claims against them alleging violations of the ADA, deliberate indifference to his medical needs, and retaliation. On June 22, 2006, defendant Thyagaragan filed a nearly identical motion to dismiss. Plaintiff has not filed a response to either motion. For the reasons that follow, the Court should grant in part and deny in part defendants' motions.

B. *Legal Standard*

A motion to dismiss for failure to state a claim upon which relief can be granted is provided for in FED. R. CIV. P. 12(b)(6). In order for a court to dismiss a complaint for failure to state a claim, it must appear beyond doubt that the party asserting the claim can prove no set of facts supporting his claim that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The party asserting the claim is not required to specifically set out the facts upon which he or she bases his claim. *Id*. at 47. Rather, "a short and plain statement of the claim" pursuant to FED. R. CIV. P. 8(a)(2) gives the opposing party fair notice of the claim and the grounds upon which it rests. *See Conley*, 355 U.S. at 47.

In deciding a motion to dismiss, a court "'must construe the complaint in the light most favorable to the [party asserting the claim], accept all of the complaint's factual allegations as true, and determine whether the [party asserting the claim] undoubtedly can prove no set of facts in support of his claim that would entitle him to relief.'" *In re Cardizem CD Antitrust Litig.*, 332 F.3d 896, 909 (6th Cir. 2003) (quoting *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir.2001)). Further, "'[w]hen an allegation is capable of more than one inference, it must be construed in the plaintiff's favor.'" *In re Cardizem CD*, 332 F.3d at 909 (quoting *Helwig v. Vencor, Inc.*, 251 F.3d 540, 553 (6th Cir.2001) (internal citations omitted)). "The Federal Rules reject the

approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley*, 355 U.S. at 48. Dismissal is appropriate if the complaint fails to set forth sufficient allegations to support any material element the asserted claim. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485, 489-90 (6th Cir. 1990).

A court can only decide a Rule 12(b)(6) motion on the basis of the pleadings; if the court considers matters outside the pleadings, the court must convert the motion into one for summary judgment under Rule 56. *See Kostrzewa v. City of Troy*, 247 F.3d 633, 643-44 (6th Cir. 2001); *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997).

C. *Exhaustion of Administrative Remedies*

Pursuant to the Prison Litigation Reform Act (PLRA), inmates challenging their conditions of confinement must exhaust their administrative remedies before pursuing a federal civil rights action. Specifically, the PLRA provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "The PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

Under the law of the Sixth Circuit governing at the time defendants filed their motion, defendants' motion to dismiss would have been proper. In *Brown v. Toombs*, 139 F.3d 1102 (6th Cir. 1998), the Sixth Circuit held that a plaintiff bears the burden of demonstrating exhaustion, and

that to do so he must attach copies of his administrative grievances to his complaint. *See id*. at 1103-04 (6th Cir. 1998). As the Sixth Circuit subsequently explained:

> A prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome. The reason for the requirement to show with specificity both the claims presented and the fact of exhaustion is so that the district court may intelligently decide if the issues raised can be decided on the merits.

*Knuckles-El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). Under this approach, a Rule 12(b)(6) motion was generally proper, because it could be determined from the face of the complaint whether the plaintiff had adequately alleged and shown exhaustion of administrative remedies.

However, the Supreme Court has recently abrogated the Sixth Circuit's approach. In *Jones v. Bock*, 549 U.S. ___, 127 S. Ct. 910 (2007), the Supreme Court considered "whether it falls to the prisoner to plead and demonstrate exhaustion in the complaint, or to the defendant to raise lack of exhaustion as an affirmative defense." *Id*., 127 S. Ct. at 919. Adopting the position of the majority of courts that have considered the issue, and rejecting the approach of the Sixth Circuit, the Court concluded that lack of exhaustion is an affirmative defense that must be raised and proved by the defendant. After explaining that this approach was consistent with the ordinary rule of pleading, and rejecting the justifications for the contrary rule offered by the Sixth Circuit and the state, *see id*. at 919-21, the Court concluded "that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Id*. at 921.

Under *Jones*, in the general run of cases a Rule 12(b)(6) motion to dismiss based on the plaintiff's failure to demonstrate exhaustion in the complaint is no longer appropriate. Because lack

of exhaustion is an affirmative defense, it falls to the defendants to demonstrate that the claims have not been exhausted. This generally will not be determinable based on the face of the complaint, and it is only the complaint that may be considered in deciding a Rule 12(b)(6) motion. Rather, dismissal on exhaustion grounds will generally have to be accomplished, if at all, through a properly supported motion for summary judgment including some evidence (such as the affidavit of a record keeper describing all grievances filed by the plaintiff) showing that the claims have not been exhausted. It is true that, in some cases, the face of the complaint itself may establish a lack of exhaustion, such as where the plaintiff admits in the complaint that he has not exhausted. *See id.* at 920-21 (noting that dismissal under Rule 12(b)(6) on the basis of an affirmative defense, such as a statute of limitations, may be had where "the allegations in the complaint suffice to establish that ground."). However, because Rule 12(b)(6) tests the sufficiency of the complaint, "[a]n affirmative defense may only be considered on a motion to dismiss if it clearly appears on the face of the complaint." *Buester v. Equifax Information Servs.*, 435 F. Supp. 2d 471, 480 (D. Md. 2006) (internal quotation omitted); *see also*, *Official Committee of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 158 (2d Cir. 2003) (internal quotation omitted) (dismissal for failure to state a claim based on affirmative defense appropriate only "if the defense appears on the face of the complaint.").

Here, defendants have moved for dismissal under Rule 12(b)(6) based on plaintiff's failure to demonstrate exhaustion as required by *Brown* and its progeny. As explained, this basis for dismissal is no longer appropriate. Because lack of exhaustion is an affirmative defense, dismissal under Rule 12(b)(6) is appropriate only if it appears from the face of the complaint that plaintiff has not, in fact exhausted. It is not enough that plaintiff fails to allege that he has exhausted; nor is it

sufficient that the grievances plaintiff has attached fail to show exhaustion. Rather, the complaint affirmatively must show that he has not exhausted. Plaintiffs' complaint does not admit a failure to exhaust, nor provide any other basis on its face to conclude from the allegations that he has not exhausted his claims as a matter of law. Accordingly, under *Jones* and the ordinary standards governing Rule 12(b)(6) motions, defendants are not entitled to dismissal of the complaint based on plaintiff's failure to exhaust administrative remedies.

D. *Whether Plaintiff States a Claim for Relief*

Plaintiff's claims against the medical care defendants are set forth in Count IV of his complaint. In this Count, plaintiff alleges that he is disabled and has no thyroid. He was taking Celexa and Synthroid daily for his conditions. Plaintiff alleges that the medical care defendants have denied him Celexa and have inadequately provided him with Synthroid. He has been unable to sleep and has been getting infections over his body as a result of his poor treatment. Plaintiff also alleges that he is prone to falling out of bed, yet has been denied a bottom bunk; that defendants have failed to treat his gum disease, and that defendants have failed to provide a needed root canal and crown for a lost tooth filling. Plaintiff alleges that the medical defendants' conduct constitutes deliberate indifference to his medical needs and violates the Americans with Disabilities Act. Plaintiff also alleges that defendants Qayyum and Daoust retaliated against plaintiff's grieving the issue of his Synthroid medication by treating him angrily, insisting that he did not know how to take his medication, and requiring that he be administered his Synthroid by medical staff.

1. *Deliberate Indifference under the Eighth Amendment*

*a. Legal Standard*

The Eight Amendment provides: "Excessive bail shall not be required, nor excessive fines

imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. In its purest sense, the Eighth Amendment proscribes cruel and unusual punishment meted out in a penal or disciplinary sense. In its application by the courts, the amendment actually protects a wide assortment of interests. It proscribes disproportionate punishments, *see Weems v. United States*, 217 U.S. 349, 366-67 (1910), "unnecessary and wanton infliction of pain," *Gregg v. Georgia*, 428 U.S. 153, 173 (1976) (plurality opinion), and conduct repugnant to "evolving standards of decency," *Trop v. Dulles*, 356 U.S. 86 (1958) (plurality opinion). *See generally, Parrish v. Johnson*, 800 F.2d 600, 609 (6th Cir. 1986).

The Constitution "does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). On the other hand, it does not permit inhumane ones, and it is clear that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993); *see also*, *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The amendment imposes affirmative duties on prison officials, "who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Id*. (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

If the offending conduct is not a criminal penalty, then it must reflect an "'unnecessary and wanton infliction of pain'" to come within Eighth Amendment's prohibition on cruel and unusual punishment. *Ingraham v. Wright*, 430 U.S. 651, 670 (1977) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). Such claims must satisfy both an objective and a subjective test. *See Farmer*, 511 U.S. at 834; *Wilson v. Seiter*, 501 U.S. 294, 297-300 (1991). Under this analysis, what constitutes

"unnecessary and wanton infliction of pain" will vary depending on the nature of the alleged constitutional violation. *Hudson v. McMillian*, 503 U.S. 1, 5 (1992); *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994). The plaintiff bears the burden of proving these elements by a preponderance of the evidence. *See Brooks*, 39 F.3d at 127-28.

The objective prong asks whether the harm inflicted by the conduct is sufficiently serious to warrant Eighth Amendment protection. *See McMillian*, 503 U.S. at 8-9; *Rhodes*, 452 U.S. at 349 (1981). To satisfy this prong, the conduct must deprive the plaintiff of "the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 349. The objective component is contextually driven and is responsive to "'contemporary standards of decency.'" *McMillian*, 503 U.S. at 8 (quoting *Estelle*, 429 U.S. at 103).

The subjective prong asks whether the officials acted with a sufficiently culpable state of mind; that is, was the conduct "wanton." *Wilson*, 501 U.S. at 302; *Moore v. Holbrook*, 2 F.3d 697, 700 (6th Cir. 1993). In determining whether an official acted wantonly, the court applies a "deliberate indifference" standard. *Wilson*, 501 U.S. at 302-03; *see Estelle*, 429 U.S. at 104-06. Under this "deliberate indifference" standard,

> a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.

*Farmer*, 511 U.S. at 847. A prison official is not free to ignore obvious dangers to inmates, and may be liable even if he does not know the exact nature of the harm that may befall a particular inmate. *See id*. at 843-44. However, prison officials may escape liability if they show that they in fact did not know of the obvious risk to the inmate's health or safety, or knowing of it, they acted reasonably under the circumstances. *See id*. at 844-45.

Plaintiff's claims that defendants denied him medical care are governed by these objective and subjective tests, as explained by the Supreme Court in *Estelle*, *supra*. In *Estelle*, the Court held that "[r]egardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Estelle*, 429 U.S. at 105. Thus, a court faced with failure to treat claims have a two-fold inquiry: (1) does the plaintiff's complaint involve "serious illness or injury"?–*i.e*, the objective prong of the Eighth Amendment analysis; and (2) if so, were the defendants deliberately indifferent to this serious illness or injury?–*i.e.*, the subjective prong of the Eighth Amendment analysis. *See generally*, *Durham v. Nu'Man*, 97 F.3d 862, 868-69 (6th Cir. 1996).

*b. Medications*

Plaintiff's primary medical claims relate to defendants' alleged handling of his medications. Plaintiff alleges that he had been denied Celexa, and that defendants have failed to provide proper dosages of Synthroid. These claim state a claim for relief under the Eighth Amendment. Plaintiff alleges that he had been prescribed Celexa, an antidepressant, and that the medical care defendants knew this. He also alleges that they nonetheless failed to provide him with Celexa, despite his repeated protestations of his need for the medication. There is no question that depression constitutes a serious medical condition, *see Ellington v. Alameida*, No. Civ. S-04-0666, 2006 WL 3950336, at *6 (E.D. Cal. Jan. 24, 2007); *White v. Crow Ghost*, 456 F. Supp. 2d 1096, 1102 (D.N.D. 2006), and a jury could conclude based on plaintiff's allegations that defendants were deliberately indifferent to that medical condition. While it may be the case that defendants treated plaintiff's depression in some other medically appropriate manner, or that he was no longer depressed at the time the medication was discontinued, those are matters which may not be considered in analyzing

defendants' motion to dismiss, which is confined to the allegations of the complaint.

Likewise, plaintiff alleges that the failure to properly dose his thyroid medication resulted in weakness, disorientation, loss of weight, sleeplessness, and infection. Again, these allegations state a serious medical condition. And again, plaintiffs allegations are sufficient, at this stage of the litigation, to state a claim of deliberate indifference. Plaintiff alleges that defendant doubled his Synthroid medication for no reason, and that at one point he was receiving only 1/500 of his prescribed dosage, despite his repeated complaints to the medical staff. These allegations, if true and unrebutted by contrary evidence from defendants regarding their treatment of plaintiff's thyroid condition, would be sufficient for a jury to conclude that defendants were deliberately indifferent to his serious medical needs. Accordingly, the Court should deny defendants' motions to dismiss with respect to plaintiff's allegations relating to his medications.

*c. Lower Bunk and Dental Care*

Plaintiff also alleges that defendants were deliberately indifferent to his serious medical needs by failing to place him on a lower bunk, because he is prone to falling out of bed. He also alleges that defendants were deliberately indifferent to his medical needs by failing to provide appropriate dental care. Even assuming that these allegations would otherwise state an Eighth Amendment claim (a conclusion which is far from clear), they do not state any actionable claims against these defendants. Plaintiff does not name any of the medical care defendants in the allegations relating to bunk assignment and dental care, nor does he allege that these defendants had any role in these decisions. On the contrary, plaintiff alleges only that prison staff in general, or specifically named dental practitioners other than these defendants, made certain decisions. "[t]o recover damages under 42 U.S.C. § 1983, a plaintiff must establish a defendant's personal

responsibility for the claimed deprivation of a constitutional right." *Diebitz v. Arreola*, 834 F. Supp. 298, 304 (E.D. Wis. 1993). In other words, in order to state a claim under § 1983 "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights. Liability under § 1983 must be based on the personal involvement of the defendant." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (per curiam); *see also*, *Carr v. Parker*, No. 98-6395, 1999 WL 1206879, at *1 (6th Cir. Dec. 9, 1999); *Salehpour v. University of Tennessee*, 159 F.3d 199, 206 (6th Cir. 1998). "Having failed to allege, as [he] must, that these defendants were directly and personally responsible for the purported unlawful conduct, [plaintiff]'s complaint is 'fatally defective' on its face." *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883 (2d Cir. 1987). Accordingly, the Court should grant defendants' motions to dismiss with respect to these claims.

2. *Americans with Disabilities Act*

To the extent that plaintiff raises claims against defendants under the Americans with Disabilities Act, the complaint fails to state a claim against the medical care defendants. Title II of the ADA provides, in relevant part, that "[s]ubject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The Act further provides, however, that "[t]he term 'public entity' means–(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(4) of Title 49)." 42 U.S.C. § 12131(1). "Public entity" under the Act does not include an

individual prison official, and thus plaintiff fails to state a claim against the individual defendants under the ADA. *See Lee v. Michigan Parole Bd.*, 104 Fed. Appx. 490, 493 (6th Cir. 2004); *Tanney v. Boles*, 400 F. Supp. 2d 1027, 1044 (E.D. Mich. 2005) (Roberts, J.); *Damron v. North Dakota Comm'r of Corrections*, 299 F. Supp. 2d 970, 976 (D.N.D. 2004), *aff'd*, 127 Fed. Appx. 909 (8th Cir. 2005). Accordingly, the Court should grant the medical defendants' motions to dismiss with respect to plaintiff's ADA claims.

3. *First Amendment Retaliation*

Finally, plaintiff arguably raises a First Amendment retaliation claim against defendants Qayyum and Daoust. Specifically, plaintiff alleges that after filing a grievance regarding his Synthyroid medicine, "[d]efendants Qayyum and Daoust reacted with rage, hatred and scorn. Plaintiff was placed on restrictions and was treated angrily and like a child . . . . Plaintiff was now pummeled with Defendant's statements and insistence that he didn't know what he was doing and had to be given his Synthroid daily by the medical staff." Compl., ¶ 208. To the extent that plaintiff is attempting to raise a First Amendment retaliation claim against these defendants, the Court should conclude that the complaint fails to state a claim upon which relief may be granted.

In order to succeed on this claim, plaintiff must establish three elements: "(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two - that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc) (plurality op.). Here, plaintiff has failed to allege an adverse action which would deter an person of ordinary firmness from filing grievances. Essentially, plaintiff alleges only that defendants

verbally harassed him and required him to be administered his medication by the medical staff. While the adverse action inquiry is ordinarily a question of fact for the jury, some "adverse actions" are so *de minimis* that they fail to state a retaliation claim as a matter of law. *See Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002); *Thaddeus-X*, 175 F.3d at 398-99. Plaintiff's allegations of verbal harassment and requiring that he receive his medication from medical staff do not rise to the level of an adverse action under the *Thaddeus-X* test. *See Hill v. Chalanor*, 128 Fed. Appx. 187, 189 (2d Cir. 2005) (verbal threats did not constitute adverse action). Accordingly, the Court should conclude that the medical care defendants are entitled to dismissal of plaintiff's First Amendment retaliation claim.

E. *Conclusion*

In view of the foregoing, the Court should grant in part and deny in part the medical care defendants' motions to dismiss. Specifically, the Court should deny the motions with respect to plaintiff's Eighth Amendment claim based on the denial of his medications, and grant the motions with respect to plaintiff's remaining claims against these defendants.

III. <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v.*

*Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
UNITED STATES MAGISTRATE JUDGE

Dated: March 2, 2007

**Certificate of Service**

I hereby certify that the foregoing report and recommendation was served electronically on the attorneys of record and by First Class U.S. Mail on Gary S. Hahn, #431007, Muskegon Correctional Facility, 2400 South Sheridan Road, Muskegon, MI 49442-6298 on March 2, 2007.

s/Kim Grimes
Acting in the absence of Eddrey Butts,
Case Manager to Magistrate Judge
Paul J. Komives