UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GARY S. HANN,

    Plaintiff,

                              CASE NO. 05-CV-71347-DT
v.                             JUDGE PAUL D. BORMAN
                              MAGISTRATE JUDGE PAUL KOMIVES

STATE OF MICHIGAN, et al.,

    Defendants.
                              /


**REPORT AND RECOMMENDATION ON THE MOTION OF DEFENDANTS
OAKLAND COUNTY, DUKE, AND HAMM TO DISMISS (docket #38)**

I.    RECOMMENDATION ................................................................. 2
II.   REPORT .............................................................................. 2
    A.   *Procedural Background* .......................................................... 2
        1.   *General Background* ........................................................ 2
        2.   *Background Relating to the Instant Motion* ................................... 5
    B.   *Legal Standard* ................................................................. 6
    C.   *The* Heck *Bar* .................................................................. 7
        1.   *The Rule of* Heck v. Humphrey .............................................. 7
        2.   *Analysis* ................................................................... 8
               a. Illegal Search Claim (Count II) ........................................... 8
               b. Illegal Arrest/False Imprisonment/Malicious Prosecution Claim (Count II) ....... 9
               c. Individual Retirement Account Claim (Count III) ........................... 9
               d. Denial of Access to Courts/Ineffective Assistance of Counsel Claims (Counts VI & VII)
                  .................................................................. 10
               e. Conclusion Regarding Heck ............................................. 10
    D.   *Merits of Plaintiff's Remaining Claims* ............................................ 11
        1.   *Legal Standard* ............................................................ 11
        2.   *Illegal Search* ............................................................. 11
        3.   *Illegal Arrest/False Imprisonment* ........................................... 13
        4.   *Seizure of IRA* ............................................................ 14
    E.   *Conclusion* ..................................................................... 14
III.  NOTICE TO PARTIES REGARDING OBJECTIONS ....................................... 14

I.      RECOMMENDATION: The Court should grant in part the Oakland defendants' motion to dismiss (docket #38), and should dismiss all of plaintiff's claims against these defendants. Specifically, the Court should conclude that plaintiff's claims against the Oakland County defendants alleging malicious prosecution, denial of access to courts, and denial of effective assistance of counsel are barred by the *Heck* doctrine.  Accordingly, the Court should grant the Oakland County defendants' motion to dismiss with respect to these claims.  The Court should also conclude that plaintiff's remaining allegations against the Oakland County defendants fail to state a claim upon which relief may be granted.  Accordingly, the Court should dismiss these claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)..

II.     REPORT:

A.      *Procedural Background*

1.      *General Background*

Plaintiff Gary S. Hann is a state prisoner currently confined at the Muskegon Correctional Facility in Muskegon, Michigan. Plaintiff commenced this *pro se* civil rights action on April 7, 2005. He brings claims pursuant to 42 U.S.C. §§ 1983 and 1985; the First, Fourth, Fifth, Sixth, and Eighth Amendments to the Constitution; the Suspension Clause, U.S. CONST. art. I, § 9, cl. 2; the Employee Income Retirement Security Act (ERISA); the Internal Revenue Code (IRC); and Michigan common law. Defendants are: the Michigan Department of Corrections (MDOC); the Michigan Parole Board, Board Chairman John S. Rubitchun, and Board members James L. Quinlan, Margie McNutt, and John/Jane Doe #1 ("Parole Board defendants"); Oakland County; Oakland County Prosecutor David G. Gorcyca and assistant prosecutor Kimberly Brown ("Oakland Prosecutor defendants"); Oakland County Sheriff's Department employees Joseph Duke and Jeff

2

Hamm ("Oakland Sheriff defendants"); Washtenaw County; Washtenaw County Prosecutor Brian L. Mackie; the City of Ypsilanti; Ypsilanti employee George Basar and Ypsilanti Police Officers A. Coppock, B. Yuchasz, and John M. Barr ("Ypsilanti Police defendants"); Michigan Attorney General Michael A. Cox and Assistant Attorney General Victoria A. Reardon ("Attorney General defendants"); Charles Schwab & Company, Inc. ("Schwab"); MDOC physicians Dr. Qayyum and Dr. Thyagaragan, and health care professionals J. Daoust and P. Meyer ("medical care defendants"); Thomas M. Loeb, plaintiff's attorney in a criminal case in Oakland County; John D. Roach, plaintiff's appellate attorney in the Oakland County Case; Cheryl Farmer, the Mayor of Ypsilanti at the times relevant to this action; and Carol Clare, the Ypsilanti Assessor. All defendants are sued in their individual and, where applicable, official capacities. Plaintiff's complaint raises nine causes of action against defendants. Specifically, the causes of action break down as follows:

| Count | Compl. ¶¶ | Legal Claim | Defendants |
|---|---|---|---|
| I | 29-79 | Wrongful parole classification; denial of due process and equal protection by parole board | State of Michigan, Michigan Parole Board, Parole Board defendants |
| II | 80-133 | Unconstitutional arrest, search and seizure, invasion of privacy, denial of bail, false imprisonment, and malicious prosecution | State of Michigan, Oakland County, Oakland Prosecutor defendants, Oakland Sheriff defendants, City of Ypsilanti, Ypsilanti defendants, Farmer |
| III | 134-191 | Unconstitutional search and seizure, invasion of privacy, denial of due process, breach of contract, ERISA violation | State of Michigan, MDOC, Schwab, Attorney General defendants, Oakland County, Gorcyca |
| IV | 192-238 | Deliberate indifference to medical needs | State of Michigan, MDOC, medical care defendants |
| V | 239-281 | Denial of due process and First Amendment rights in connection with major misconduct proceeding | State of Michigan, MDOC |

| VI | 282-300 | Denial of First Amendment right of access to courts | State of Michigan, Oakland County, Oakland Prosecutor defendants, Roach |
|---|---|---|---|
| VII | 301-331 | Denial of Sixth Amendment right to effective assistance of counsel | State of Michigan, Oakland County, Oakland Prosecutor defendants, Loeb, Roach |
| VIII | 332-379 | Ethnic intimidation, denial of free speech and privacy rights, denial of equal protection in connection with property assessments | State of Michigan, City of Ypsilanti, Washtenaw County, Basar, Barr, Farmer, Clare |
| IX | 380-431 | Malicious prosecution | Washtenaw County, Mackie, City of Ypsilanti, Barr, Basar, Farmer |

On May 31, 2005, the Court entered an Order partially dismissing plaintiff's complaint. Specifically, the Court dismissed plaintiff's claims: against the State of Michigan, the MDOC, and the Parole Board on the basis of the state's Eleventh Amendment immunity; against the Oakland Prosecutor defendants on the basis of *Heck v. Humphrey*, 512 U.S. 477 (1994); and against defendants Loeb, Roach, Farmer, and Basar based on plaintiff's failure to allege that these defendants acted under color of state law. This Order also effectively dismissed Count V of plaintiff's complaint in its entirety, as that claim is asserted only against the State of Michigan and the MDOC.

Currently pending before the Court are nine dispositive motions filed by various defendants.[1]

---

[1] Specifically: (1) the Parole Board defendants' motion to dismiss for failure to exhaust administrative remedies, filed on April 10, 2006 (docket #26); (2) the motion of the medical care defendants (except Dr. Thyagaragan) to dismiss on exhaustion grounds and for failure to state a claim upon which relief may be granted, filed on April 27, 2006 (docket #33); (3) the motion of the Ypsilanti defendants to dismiss or for summary judgment on the basis of the statute of limitations, res judicata, and governmental immunity, filed on May 4, 2006 (docket #34); (4) the motion of Oakland County and the Oakland Sheriff defendants to dismiss on the basis of *Heck v. Humphrey*, filed on May 10, 2006 (docket #38); (5) defendant Mackie's motion to dismiss on the basis of immunity, statute of limitations, and failure to state a claim, filed on May 10, 2006

This Report addresses the motion of defendants Oakland County, Duke, and Hamm to dismiss. The remaining motions are addressed in separate Reports filed on this date.

2. *Background Relating to the Instant Motion*

Defendants filed the instant motion on May 10, 2006. Defendants Duke and Hamm are, respectively, a Sergeant and detective with the Oakland County Sheriff's Department. Plaintiff's claims against the County and these individual defendants are set forth in Counts II, III, VI, and VII of plaintiff's complaint. In Count II, plaintiff alleges unconstitutional arrest, search and seizure, false imprisonment, and malicious prosecution in connection with his arrest on charges of using the Internet for child sexually abusive activity. In Count III, plaintiff alleges that defendant Oakland County improperly accessed his Individual Retirement Account to cover the costs of his incarceration following his conviction on the child sexually abusive activity conviction. In Count VI, plaintiff alleges that defendant Oakland County denied him meaningful access to the courts to pursue postconviction remedies. And in Count VII, plaintiff alleges that defendant Oakland County denied him the right to the effective assistance of counsel. These defendants contend that plaintiff's claims attack the validity of his conviction, and thus are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). For the reasons that follow, the Court should grant defendants' motion, and should dismiss plaintiff's claims against these defendants.

B. *Legal Standard*

---

(docket #46); (6) Washtenaw County's motion to dismiss or for summary judgment on the basis of the statute of limitations and governmental immunity, filed on May 11, 2006 (docket #49); (7) the Attorney General defendants' motion to dismiss or for summary judgment on the basis of the *Rooker-Feldman* doctrine, Eleventh Amendment immunity, and qualified immunity, filed on May 22, 2006 (docket #54); (8) defendant Schwab's motion to compel arbitration, filed on June 12, 2006 (docket #55); and (9) defendant Thyagaragan's motion to dismiss for lack of exhaustion and failure to state a claim, filed on June 22, 2006 (docket #58).

A motion to dismiss for failure to state a claim upon which relief can be granted is provided for in FED. R. CIV. P. 12(b)(6). In order for a court to dismiss a complaint for failure to state a claim, it must appear beyond doubt that the party asserting the claim can prove no set of facts supporting his claim that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The party asserting the claim is not required to specifically set out the facts upon which he or she bases his claim. *Id.* at 47. Rather, "a short and plain statement of the claim" pursuant to FED. R. CIV. P. 8(a)(2) gives the opposing party fair notice of the claim and the grounds upon which it rests. *See Conley*, 355 U.S. at 47.

In deciding a motion to dismiss, a court "'must construe the complaint in the light most favorable to the [party asserting the claim], accept all of the complaint's factual allegations as true, and determine whether the [party asserting the claim] undoubtedly can prove no set of facts in support of his claim that would entitle him to relief.'" *In re Cardizem CD Antitrust Litig.*, 332 F.3d 896, 909 (6th Cir. 2003) (quoting *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir.2001)). Further, "'[w]hen an allegation is capable of more than one inference, it must be construed in the plaintiff's favor.'" *In re Cardizem CD*, 332 F.3d at 909 (quoting *Helwig v. Vencor, Inc.*, 251 F.3d 540, 553 (6th Cir.2001) (internal citations omitted)). "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley*, 355 U.S. at 48. Dismissal is appropriate if the complaint fails to set forth sufficient allegations to support any material element the asserted claim. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485, 489-90 (6th Cir. 1990).

A court can only decide a Rule 12(b)(6) motion on the basis of the pleadings; if the court considers matters outside the pleadings, the court must convert the motion into one for summary judgment under Rule 56. *See Kostrzewa v. City of Troy*, 247 F.3d 633, 643-44 (6th Cir. 2001); *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997).

C.   *The Heck Bar*

    1.   *The Rule of Heck v. Humphrey*

Where a state prisoner challenges the validity of his or her conviction, a federal court must be on guard against upsetting the delicate balance between state and federal judicial power by usurping the role of the state appellate courts. *See Younger v. Harris*, 401 U.S. 37, 43-44 (1971); *Foster v. Kassulke*, 898 F.2d 1144, 1146-47 (6th Cir. 1990). The Court should also be wary of § 1983 being "used to make an end run around habeas corpus procedures." *Foster*, 898 F.2d at 1148. With these concerns in mind, the Supreme Court held in *Heck*:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, of for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated *is not cognizable under § 1983*.

*Heck*, 512 U.S. at 486-87 (footnote omitted) (second emphasis added). This rule limits the intrusion of § 1983 actions into areas properly reserved for habeas review "in a manner consistent both with the federalism concerns undergirding the explicit exhaustion requirement of the habeas statute, and with the state of the common law at the time § 1983 was enacted." *Id.* at 491 (Thomas, J., concurring) (citations omitted). Thus, in analyzing whether a claim is barred by the *Heck* rule, a court "must consider whether a judgment in favor of the plaintiff would *necessarily*

7

imply the invalidity of his conviction or sentence." *Id.* at 487 (emphasis added). The Supreme Court has subsequently stressed that the possibility of an effect on the conviction or sentence is not sufficient; the civil rights claim must necessarily, if successful, imply that the underlying conviction is unlawful. *See Nelson v. Campbell*, 541 U.S. 637, 647 (2004).

2.   *Analysis*

*a. Illegal Search Claim (Count II)*

The Court should conclude that plaintiff's illegal search claim is not barred by the *Heck* rule. In *Heck*, the Court explicitly recognized a Fourth Amendment illegal search claim as the type of claim which, although related to a criminal conviction, would not necessarily imply the invalidity of a conviction if successful. The Court explained:

> [A] suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not necessarily imply that the plaintiff's conviction was unlawful.

*Heck*, 512 U.S. at 487 n.7 (citations omitted). Nothing in plaintiff's complaint establishes that plaintiff's conviction would necessarily be invalidated by a finding that the search of his home was illegal. On the contrary, the principal evidence against plaintiff was his participation in a sting operation by the Oakland County Sheriff's Department. Thus, the *Heck* rule does not bar plaintiff's Fourth Amendment illegal search claim.[2]

*b. Illegal Arrest/False Imprisonment/Malicious Prosecution Claim (Count II)*

---

[2]Although the *Heck* rule does not bar plaintiff's claim, as explained more fully below other language in *Heck* does establish that plaintiff's Fourth Amendment allegations fail to state a claim upon which relief may be granted. This aspect is discussed in the following section.

Plaintiff's claim for malicious prosecution is clearly barred by *Heck*, as that is the precise type of claim which the Court considered in *Heck* to necessarily imply the invalidity of an underlying conviction. *See Heck*, 512 U.S. at 486-87. Plaintiff's illegal arrest and false imprisonment claims, however, do not necessarily imply the invalidity of his conviction, and thus are not barred by *Heck*. As the Supreme Court has explained, unlike a malicious prosecution claim which remedies detention accompanied by the wrongful institution of legal process, *see Wallace v. Kato*, No. 05-1240, slip op. at 5 (U.S. Feb. 21, 2007), a false imprisonment claim "consists of detention without legal process." *Id.*; *see also*, *Heck*, 512 U.S. at 484. Thus, an initial arrest and imprisonment done without legal process may be illegal, but the conviction resulting from that arrest may become legal once legal process has been instituted. *See Gerstein v. Pugh*, 420 U.S. 103, 119 (1975) (an "illegal arrest or detention does not void a subsequent conviction."). In other words, "one can have a successful wrongful arrest claim and still have a perfectly valid conviction." *Booker v. Ward*, 94 F.3d 1052, 1056 (7th Cir. 1996). Thus, the Court should conclude that plaintiff's illegal arrest and false imprisonment claims are not barred by *Heck*.

### *c. Individual Retirement Account Claim (Count III)*

Plaintiff's claim regarding the taking of funds from his individual retirement account likewise would not necessarily imply the invalidity of his conviction, and thus is not barred by *Heck*. In this count, plaintiff claims that various defendants have violated the Employee Retirement Income Security Act (ERISA), the Internal Revenue Code, and the State Correctional Facility Reimbursement Act (SCFRA), by obtaining in the Oakland County Circuit Court a order requiring defendant Schwab to turn over plaintiff's Individual Retirement Accounts to the state to pay for the costs of his incarceration, pursuant to the SCFRA. Although plaintiff's conviction is a but-for cause

of the injury alleged in Count III–that is, but for his conviction and subsequent incarceration, he would not be subject to the SCFRA–the allegations of this count, if true, would not necessarily imply the invalidity of his conviction. Indeed, the allegations of this count do not challenge the conviction at all; rather, the complaint alleges only that the taking of these funds violated ERISA, the Internal Revenue Code, and state law. Thus, this claim is not barred by *Heck*.

*d. Denial of Access to Courts/Ineffective Assistance of Counsel Claims (Counts VI & VII)*

Finally, plaintiff's Counts VI and VII, alleging respectively denial of access to courts and denial of effective assistance of counsel, are barred by *Heck*. Plaintiff's denial of access claim is premised on the alleged invalidity of his underlying *nolo contendere* plea. *See* Compl., ¶¶ 286-89. Likewise, plaintiff's ineffective assistance of counsel claim attacks the validity of the underlying plea and the adequacy of counsel's representation with respect to the plea. These claims, if successful, would clearly and necessarily imply the invalidity of plaintiff's underlying conviction, as the Court has previously recognized in this action. *See Hann v. Michigan*, No. 05-71347, 2006 WL 1698967, at *4 (E.D. Mich. June 14, 2006); *see also*, *Lyle v. Jackson*, 49 Fed. Appx. 492, 494 (6th Cir. 2002); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995). Accordingly, the Court should conclude that these claims are barred by *Heck*.

*e. Conclusion Regarding Heck*

In view of the foregoing, the Court should conclude that plaintiff's claims against Oakland County in Counts VI & VII, as well as his malicious prosecution claim in Count II against each of the moving defendants, would necessarily imply the invalidity of his conviction and thus are barred by *Heck*. The Court should also conclude, however, that plaintiff's illegal search, illegal arrest and false imprisonment claims alleged in Count II, and the IRA claims alleged in Count III, are not

barred by *Heck*.

D.      *Merits of Plaintiff's Remaining Claims*

After the foregoing *Heck* analysis, plaintiff's illegal search, illegal arrest, and false imprisonment claims alleged in Count II, and his claim relating to his IRA allege in Count III, remain against the Oakland County defendants. Nevertheless, the Court should conclude that these allegations fail to state claims upon which relief may be granted, and accordingly the Court should dismiss these claims on the merits.

1.      *Legal Standard*

Although the Oakland County defendants have not moved for dismissal or summary judgment on the merits of plaintiff's claims against them, plaintiff is proceeding *in forma pauperis*, and his suit is therefore governed by the *in forma pauperis* statute, 28 U.S.C. § 1915. That statute provides, in relevant part, that "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall* dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The standards applicable to a Rule 12(b)(6) motion to dismiss, discussed above, govern *sua sponte* dismissal under § 1915(e)(2)(B)(ii). *See Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

2.      *Illegal Search*

In Count II, plaintiff alleges that the Oakland County defendants conducted an illegal search of his home. The allegations of this count fail to state a claim for two reasons. First, as noted above, the Court in *Heck* concluded that an illegal search claim would not necessarily imply the invalidity of an underlying conviction, and thus that such a claim is cognizable in a § 1983 damages suit. The Court went on to explain, however, that "[i]n order to recover compensatory damages . . . the § 1983

11

plaintiff must prove not only that the search was unlawful, but that it caused him actual, compensable injury which, we hold today, does not encompass the 'injury' of being convicted and imprisoned (until his conviction has been overturned)." *Heck*, 512 U.S. at 487 n.7 (citation omitted). Here, plaintiff does not allege any damages flowing from the allegedly illegal search which are not tied to his conviction and subsequent imprisonment. Thus, under *Heck*, plaintiff has failed to state a claim upon which relief may be granted.

Second, it is well established that "[p]olice officers are entitled to rely on a judicially secured warrant for immunity from a § 1983 action for illegal search and seizure unless the warrant is so lacking in indicia of probable cause, that official belief in the existence of probable cause is unreasonable." *Yancey v. Carroll County, Ky.*, 876 F.2d 1238, 1243 (6th Cir. 1989) (citing *Malley v. Briggs*, 475 U.S. 335 (1986)); *see also*, *Vakilian v. Shaw*, 335 F.3d 509, 517 (6th Cir. 2003). While officers may be liable if they present material misstatements or omissions in the warrant application process, *see Vakilian*, 335 F.3d at 517; *Yancey*, 876 F.2d at 1243, plaintiff does not allege that the Oakland County defendants presented any material misstatements or omissions in applying for the warrant.[3] Likewise, plaintiff's claim that defendants exceeded the scope of the warrant by seizing books, magazines, and other papers, is without merit. While the warrant was primarily directed at computer equipment, it was not limited to such evidence. Rather, the warrant also permitted the officers to search and seize any "evidence of Child Sexually Abusive Activity,"

---

[3]Plaintiff does challenge whether the conduct which led to the issuance of the warrant constituted a crime. He does not, however, allege that the conduct was misreported to the judicial officer in any fashion. Whether the warrant was, in fact, supported by probable cause is irrelevant to the liability of these defendants, whom plaintiff does not allege committed any material misrepresentations or omissions in applying for the warrant and whom were executing a facial valid warrant.

which could include books, magazines, and other papers. *See* Compl., Ex. H, Search Warrant.[4] Thus, defendants did not exceed the scope of the warrant merely because they seized property other than computer equipment and computer storage devices. And because plaintiff alleges nothing other than the seizure of items other than computer equipment as the basis of this claim, the allegations fail to state a claim upon which relief may be granted. Accordingly, the Court should dismiss plaintiff's claims illegal search claims against the Oakland County defendants pursuant to § 1915(e)(2)(B)(ii).

3.  *Illegal Arrest/False Imprisonment*

Plaintiff also alleges in Count II that the Oakland County defendants illegally seized and falsely imprisoned him in connection with the Oakland County charges. These claims are likewise without merit. It is well-established that the existence of probable cause is an affirmative defense to a false arrest or false imprisonment claim, and it is equally well-established that a subsequent conviction on the charges upon which the arrest and imprisonment were based conclusively establishes probable cause for the arrest and imprisonment. *See Walker v. Schaeffer*, 854 F.2d 138, 143 (6th Cir. 1988); *Cameron v. Fogarty*, 806 F.2d 380, 388-89 (2d Cir. 1986); *Osuch v. Gregory*, 303 F. Supp. 2d 189, 195 (D. Conn. 2004). Thus, in light of his plea-based conviction on the charges for which he was arrested, plaintiff cannot state a claim for false arrest or false

---

[4]Although consideration of whether an allegation states a claim for relief is limited to the allegations pleaded in the complaint, Rule 10 provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." FED. R. CIV. P. 10(c). The Court may therefore consider the Warrant–which is attached to the complaint and central to plaintiff's claim–in deciding whether the complaint states a claim upon which relief may be granted. *See Lum v. Bank of Am.*, 361 F.3d 217, 221 n.3 (3d Cir. 2004) (in deciding a motion to dismiss, the court may consider "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim."); *Realtek Indus., Inc. v. Nomura Secs.*, 939 F. Supp. 572, 575 n.1 (N.D. Ohio 1996).

imprisonment. Accordingly, the Court should dismiss the claims pursuant to § 1915(e)(2)(B)(ii).

    4.    *Seizure of IRA*

Finally, plaintiff alleges in Count III that various defendants have illegally seized his Individual Retirement Accounts to pay for the costs of his incarceration. However, plaintiff does not allege that the Oakland County defendants had any role in the seizure of these funds, other than that the civil action regarding the IRAs was prosecuted in the Oakland County Circuit Court. Plaintiff's allegations in Count III all relate to alleged wrongdoing by defendant Schwab and by the Attorney General defendants. Because plaintiff does not allege any improper actions by the Oakland County defendants with respect to his IRAs, the allegations fail to state a claim upon which relief may be granted with respect to these defendants. Accordingly, the Court should dismiss the claim pursuant to § 1915(e)(2)(B)(ii).[5]

E.    *Conclusion*

In view of the foregoing, the Court should conclude that plaintiff's claims against the Oakland County defendants alleging malicious prosecution, denial of access to courts, and denial of effective assistance of counsel are barred by the *Heck* doctrine. Accordingly, the Court should grant the Oakland County defendants' motion to dismiss with respect to these claims. The Court should also conclude that plaintiff's remaining allegations against the Oakland County defendants fail to state a claim upon which relief may be granted. Accordingly, the Court should dismiss these claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

III.    <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

---

[5]Further, for the reasons explained in my Report & Recommendation on the Attorney General defendants' motion to dismiss or for summary judgment, this claim is barred by the *Rooker-Feldman* doctrine.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives<br>
UNITED STATES MAGISTRATE JUDGE

Dated:   March 2, 2007

---

**Certificate of Service**

I hereby certify that the foregoing report and recommendation was served electronically on the attorneys of record and by First Class U.S. Mail on Gary S. Hahn, #431007, Muskegon Correctional Facility, 2400 South Sheridan Road, Muskegon, MI 49442-6298 on March 2, 2007.

s/Kim Grimes<br>
Acting in the absence of Eddrey Butts,<br>
Case Manager to Magistrate Judge<br>
Paul J. Komives