UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY S. HANN,

    Plaintiff,

v.

    CASE NO. 05-CV-71347-DT
    JUDGE PAUL D. BORMAN
    MAGISTRATE JUDGE PAUL KOMIVES

STATE OF MICHIGAN, et al.,

    Defendants.
    _____/

**REPORT AND RECOMMENDATION ON (1) DEFENDANT MACKIE'S MOTION TO DISMISS (docket # 46); AND (2) DEFENDANT WASHTENAW COUNTY'S MOTION TO DISMISS (docket #49)**

I.    RECOMMENDATION .................................................................. 1
II.   REPORT ............................................................................. 1
      A.   *Procedural Background* ...................................................... 1
           1.   *General Background* ................................................... 1
           2.   *Background Relating to the Instant Motions* ........................... 4
      B.   *Legal Standard* .............................................................. 5
      C.   *Defendant Mackie* ............................................................ 6
           1.   *Absolute Immunity with Respect to the Federal Claims* ................. 7
           2.   *Governmental Immunity with Respect to the State Claims* ............... 8
      D.   *Defendant Washtenaw County* .................................................. 9
           1.   *Plaintiff's Federal Claims* ........................................... 9
           2.   *Plaintiff's State Law Claims* ......................................... 14
      E.   *Conclusion* ................................................................. 15
III.  NOTICE TO PARTIES REGARDING OBJECTIONS ........................................ 15

\*   \*   \*   \*   \*

I.   RECOMMENDATION: The Court should grant defendant Mackie's motion to dismiss (docket #46) and should grant defendant Washtenaw County's motion to dismiss (docket #49).

II.  REPORT:

A.   *Procedural Background*

    1.   *General Background*

Plaintiff Gary S. Hann is a state prisoner currently confined at the Muskegon Correctional

Facility in Muskegon, Michigan. Plaintiff commenced this *pro se* civil rights action on April 7, 2005. He brings claims pursuant to 42 U.S.C. §§ 1983 and 1985; the First, Fourth, Fifth, Sixth, and Eighth Amendments to the Constitution; the Suspension Clause, U.S. CONST. art. I, § 9, cl. 2; the Employee Income Retirement Security Act (ERISA); the Internal Revenue Code (IRC); and Michigan common law. Defendants are: the Michigan Department of Corrections (MDOC); the Michigan Parole Board, Board Chairman John S. Rubitchun, and Board members James L. Quinlan, Margie McNutt, and John/Jane Doe #1 ("Parole Board defendants"); Oakland County; Oakland County Prosecutor David G. Gorcyca and assistant prosecutor Kimberly Brown ("Oakland Prosecutor defendants"); Oakland County Sheriff's Department employees Joseph Duke and Jeff Hamm ("Oakland Sheriff defendants"); Washtenaw County; Washtenaw County Prosecutor Brian L. Makie; the City of Ypsilanti; Ypsilanti employee George Basar and Ypsilanti Police Officers A. Coppock, B. Yuchasz, and John M. Barr ("Ypsilanti Police defendants"); Michigan Attorney General Michael A. Cox and Assistant Attorney General Victoria A. Reardon ("Attorney General defendants"); Charles Schwab & Company, Inc. ("Schwab"); MDOC physicians Dr. Qayyum and Dr. Thyagaragan, and health care professionals J. Daoust and P. Meyer ("medical care defendants"); Thomas M. Loeb, plaintiff's attorney in a criminal case in Oakland County; John D. Roach, plaintiff's appellate attorney in the Oakland County Case; Cheryl Farmer, the Mayor of Ypsilanti at the times relevant to this action; and Carol Clare, the Ypsilanti Assessor. All defendants are sued in their individual and, where applicable, official capacities. Plaintiff's complaint raises nine causes of action against defendants. Specifically, the causes of action break down as follows:

| Count | Compl. ¶¶ | Legal Claim | Defendants |
| --- | --- | --- | --- |

2

| I | 29-79 | Wrongful parole classification; denial of due process and equal protection by parole board | State of Michigan, Michigan Parole Board, Parole Board defendants |
|---|---|---|---|
| II | 80-133 | Unconstitutional arrest, search and seizure, invasion of privacy, denial of bail, false imprisonment, and malicious prosecution | State of Michigan, Oakland County, Oakland Prosecutor defendants, Oakland Sheriff defendants, City of Ypsilanti, Ypsilanti defendants, Farmer |
| III | 134-191 | Unconstitutional search and seizure, invasion of privacy, denial of due process, breach of contract, ERISA violation | State of Michigan, MDOC, Schwab, Attorney General defendants, Oakland County, Gorcyca |
| IV | 192-238 | Deliberate indifference to medical needs | State of Michigan, MDOC, medical care defendants |
| V | 239-281 | Denial of due process and First Amendment rights in connection with major misconduct proceeding | State of Michigan, MDOC |
| VI | 282-300 | Denial of First Amendment right of access to courts | State of Michigan, Oakland County, Oakland Prosecutor defendants, Roach |
| VII | 301-331 | Denial of Sixth Amendment right to effective assistance of counsel | State of Michigan, Oakland County, Oakland Prosecutor defendants, Loeb, Roach |
| VIII | 332-379 | Ethnic intimidation, denial of free speech and privacy rights, denial of equal protection in connection with property assessments | State of Michigan, City of Ypsilanti, Washtenaw County, Basar, Barr, Farmer, Clare |
| IX | 380-431 | Malicious prosecution | Washtenaw County, Mackie, City of Ypsilanti, Barr, Basar, Farmer |

On May 31, 2005, the Court entered an Order partially dismissing plaintiff's complaint. Specifically, the Court dismissed plaintiff's claims: against the State of Michigan, the MDOC, and the Parole Board on the basis of the state's Eleventh Amendment immunity; against the Oakland Prosecutor defendants on the basis of *Heck v. Humphrey*, 512 U.S. 477 (1994); and against

defendants Loeb, Roach, Farmer, and Basar based on plaintiff's failure to allege that these defendants acted under color of state law. This Order also effectively dismissed Count V of plaintiff's complaint in its entirety, as that claim is asserted only against the State of Michigan and the MDOC.

Currently pending before the Court are nine dispositive motions filed by various defendants.[1] This Report addresses defendant Mackie's motion to dismiss and defendant Washtenaw County's motion to dismiss. The remaining motions are addressed in separate Reports filed on this date.

2.  *Background Relating to the Instant Motion*s

Defendant Mackie filed this motion to dismiss on May 10, 2006. He argues that he is entitled to dismissal of the complaint because he is immune from suit and because plaintiff's claims are barred by the statute of limitations. Plaintiff has not filed a response to the motion.

Defendant Washtenaw County filed its motion to dismiss on May 11, 2006. The County contends that plaintiff's claims are barred by the statute of limitations, that plaintiff has failed to

---

[1] Specifically: (1) the Parole Board defendants' motion to dismiss for failure to exhaust administrative remedies, filed on April 10, 2006 (docket #26); (2) the motion of the medical care defendants (except Dr. Thyagaragan) to dismiss on exhaustion grounds and for failure to state a claim upon which relief may be granted, filed on April 27, 2006 (docket #33); (3) the motion of the Ypsilanti defendants to dismiss or for summary judgment on the basis of the statute of limitations, res judicata, and governmental immunity, filed on May 4, 2006 (docket #34); (4) the motion of Oakland County and the Oakland Sheriff defendants to dismiss on the basis of *Heck v. Humphrey*, filed on May 10, 2006 (docket #38); (5) defendant Mackie's motion to dismiss on the basis of immunity, statute of limitations, and failure to state a claim, filed on May 10, 2006 (docket #46); (6) Washtenaw County's motion to dismiss or for summary judgment on the basis of the statute of limitations and governmental immunity, filed on May 11, 2006 (docket #49); (7) the Attorney General defendants' motion to dismiss or for summary judgment on the basis of the *Rooker-Feldman* doctrine, Eleventh Amendment immunity, and qualified immunity, filed on May 22, 2006 (docket #54); (8) defendant Schwab's motion to compel arbitration, filed on June 12, 2006 (docket #55); and (9) defendant Thyagaragan's motion to dismiss for lack of exhaustion and failure to state a claim, filed on June 22, 2006 (docket #58).

state a claim against the County with respect to his tax assessment claim in Count VIII, and that it is entitled to governmental immunity with respect to any state law claims asserted in Counts VIII and IX. Plaintiff has not filed a response to this motion. For the reasons that follow, the Court should grant both motions to dismiss.

B.   *Legal Standard*

A motion to dismiss for failure to state a claim upon which relief can be granted is provided for in FED. R. CIV. P. 12(b)(6). In order for a court to dismiss a complaint for failure to state a claim, it must appear beyond doubt that the party asserting the claim can prove no set of facts supporting his claim that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The party asserting the claim is not required to specifically set out the facts upon which he or she bases his claim. *Id.* at 47. Rather, "a short and plain statement of the claim" pursuant to FED. R. CIV. P. 8(a)(2) gives the opposing party fair notice of the claim and the grounds upon which it rests. *See Conley*, 355 U.S. at 47.

In deciding a motion to dismiss, a court "'must construe the complaint in the light most favorable to the [party asserting the claim], accept all of the complaint's factual allegations as true, and determine whether the [party asserting the claim] undoubtedly can prove no set of facts in support of his claim that would entitle him to relief.'" *In re Cardizem CD Antitrust Litig.*, 332 F.3d 896, 909 (6th Cir. 2003) (quoting *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir.2001)). Further, "'[w]hen an allegation is capable of more than one inference, it must be construed in the plaintiff's favor.'" *In re Cardizem CD*, 332 F.3d at 909 (quoting *Helwig v. Vencor, Inc.*, 251 F.3d 540, 553 (6th Cir.2001) (internal citations omitted)). "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the

outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley*, 355 U.S. at 48. Dismissal is appropriate if the complaint fails to set forth sufficient allegations to support any material element the asserted claim. *See Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485, 489-90 (6th Cir. 1990).

A court can only decide a Rule 12(b)(6) motion on the basis of the pleadings; if the court considers matters outside the pleadings, the court must convert the motion into one for summary judgment under Rule 56. *See Kostrzewa v. City of Troy*, 247 F.3d 633, 643-44 (6th Cir. 2001); *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997).

C.     *Defendant Mackie*

Plaintiff's claims against defendant Mackie are limited to the malicious prosecution allegations set forth in Count IX of his complaint. In this count plaintiff alleges that Mackie, the Washtenaw County Prosecutor, along with the Ypsilanti defendants, maliciously prosecuted him in connection with an indecent exposure charge which was ultimately dismissed by Mackie. Defendant Mackie contends that he is entitled to absolute immunity with respect to these allegations, and therefore that plaintiff's claims against him should be dismissed. The Court should agree.[2]

At the outset, it is not entirely clear whether plaintiff is raising solely a malicious prosecution

---

[2] Defendant Mackie also claims that plaintiff's claims are barred by the statute of limitations. As explained in my Report on the Ypsilanti defendants' motion for summary judgment, filed on this date, plaintiff's § 1983 malicious prosecution claim is subject to a three year limitations period. The claim accrued on January 27, 2003, when the indecent exposure charge was dismissed, and therefore plaintiff's April 1, 2005, complaint was timely. As also explained in that Report, any state law malicious prosecution which plaintiff is attempting to assert is subject to a two year limitations period, and therefore the state law claim is barred. However, the Court need not resolve defendant Mackie's motion on this basis, as he is in any event entitled to absolute immunity.

6

claim under § 1983, or whether he is also asserting a state law malicious prosecution claim. Plaintiff's federal claims are, of course, subject to federal law immunities. *See Riley v. Smith*, 570 F. Supp. 522, 527 (E.D. Mich. 1986); *Payton v. City of Detroit*, 211 Mich. App. 375, 397-98, 536 N.W.2d 233, 243 (1995) (citing *Martinez v. California*, 444 U.S. 277, 285 n.11 (1980)). However, any state claims are subject only to state law immunities. *See Napolitano v. Flynn*, 949 F.2d 617, 620-21 (2d Cir. 1991); *Lenior v. Porters Creek Watershed Dist.*, 586 F.2d 1081, 1089 (6th Cir. 1978). *See generally*, *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938).

    1.    *Absolute Immunity with Respect to the Federal Claims*

Although § 1983, by its language, provides for an action against "every person" who violates another person's rights under color of state law, the Supreme Court has recognized "that Congress did not intend § 1983 to abrogate immunities 'well grounded in history and reason.'" *Buckley v. Fitzsimmons*, 509 U.S. 259, 268 (1993) (quoting *Tenney v. Brandhove*, 341 U.S. 367, 376 (1951)). Most officials are protected by qualified immunity, which protects officials to the extent that their conduct does not violate clearly established rights of which a reasonable official would have been aware. However, the Court has also recognized "that some officials perform 'special functions' which, because of their similarity to functions that would have been immune when Congress enacted § 1983, deserve absolute protection from damages liability." *Buckley*, 509 U.S. at 268-69.

Among the few officials protected by such absolute immunity are prosecutors performing prosecutorial functions. As the Supreme Court has explained, whether a prosecutor is entitled to absolute immunity from a particular claim involves a functional approach "which looks to 'the nature of the function performed, not the identity of the actor who performed it.'" *Buckley*, 509 U.S. at 269 (quoting *Forrester v. White*, 484 U.S. 219, 229 (1988)); *see also*, *Kalina v. Fletcher*, 522 U.S.

7

118, 125-26 (1997); *Burns v. Reed*, 500 U.S. 478, 486 (1991). This functional inquiry is guided by "'the immunity historically accorded the relevant official at common law and the interests behind it.'" *Buckley*, 509 U.S. at 269 (quoting *Imbler v. Pachtman*, 424 U.S. 409 (1976)). As the Court has observed, these interests "support[] a rule of absolute immunity for conduct of prosecutors that [is] 'intimately associated with the judicial phase of the criminal process.'" *Buckley*, 509 U.S. at 270 (quoting *Imbler*, 424 U.S. at 430). A prosecutor is not, however, protected for acts which are more appropriately characterized as administrative or investigatory. *See Buckley*, 509 U.S. at 270; *Imbler*, 424 U.S. at 431 & n.33.

Here, plaintiff's allegations against Mackie relate solely to his decision to initiate and maintain criminal proceedings against plaintiff for indecent exposure. Although the precise counters of absolute immunity are not always clear, it is clear that absolute immunity protects prosecutors' decisions of "whether and when to prosecute." *Lyles v. Sparks*, 79 F.3d 372, 377 (4th Cir. 1996); *see also*, *Imbler*, 424 U.S. at 431; *Doe v. Phillips*, 81 F.3d 1204, 1209 (2d Cir. 1996). Thus, defendant Mackie is entitled to absolute immunity with respect to plaintiff's federal malicious prosecution claim, and the Court should therefore grant defendant Mackie's motion to dismiss.

2. *Governmental Immunity with Respect to the State Claims*

To the extent that plaintiff is asserting a state law malicious prosecution claim against defendant Mackie, defendant is entitled to absolute immunity pursuant to Michigan's governmental immunity statute. That statute provides, in relevant part, that:

> Judges, legislators, and the elective or highest appointive executive officials of all level of government are immune from tort liability for injuries to persons or damages to property whenever they are acting within the scope of their judicial, legislative, or executive authority.

MICH. COMP. LAWS § 691.1407(5). This provision "immunize[s] judges, legislators, and the elective

8

or highest appointive officials from all tort liability, including that for intentional torts." *Bischoff v. Calhoun County Prosecutor*, 173 Mich. App. 802, 807, 434 N.W.2d 249, 251 (1989) (per curiam); *see also*, *Smith v. Department of Pub. Health*, 428 Mich. 540, 544, 410 N.W.2d 749, 751 (1987) (memorandum opinion) (holding, with respect to governmental immunity of municipality under subsection (1), that there is no intentional tort exception), *aff'd on other grounds sub nom. Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Defendant Mackie, the elected prosecutor, is the highest law enforcement officer in the county, and is therefore entitled to immunity under § 691.1407(5). *See Bischoff*, 173 Mich. App. at 806, 434 N.W.2d at 251. And, in deciding to file charges and prosecute the indecent exposure case against plaintiff, defendant Mackie was acting in the scope of his authority for purposes of the governmental immunity statute. *See Brock v. Genesee County Bd. of Comm'rs*, No. 193602, 1997 WL 33330875, at *1 (Mich. Ct. App. Dec. 16, 1997) (per curiam) (citing *Genesee Prosecutor v. Genesee Cir. Judge*, 386 Mich. 672, 683, 194 N.W.2d 693, 698 (1972); MICH. CONST. art. 7, § 4). Accordingly, to the extent plaintiff is asserting a state law malicious prosecution claim against defendant Mackie, defendant is entitled to absolute immunity and the claim should be dismissed.

D.      *Defendant Washtenaw County*

      1.      *Plaintiff's Federal Claims*

Plaintiff names Washtenaw County as a defendant in Counts VIII and IX of his complaint. With respect to Count VIII, however, plaintiff's complaint does not contain a single allegation relating to the County itself or to any county officials. Rather, all of the allegations in this count relate to the actions of officials of the City of Ypsilanti. The County and the City are separate governmental entities, and the County may not be held liable for the actions of city employees. *See*

*Ross v. United States*, 910 F.2d 1422, 1429 (7th Cir. 1990); *Lewis v. Dallas County, Tex.*, No. 3:04CV2065L, 2004 WL 2451998, at *1 n.1 (N.D. Tex. Oct. 29, 2004); *Pool v. Northern*, 504 F. Supp. 644, 645 (E.D. Mo. 1980). Accordingly, plaintiff does not state a claim upon which relief may granted against the County in Count VIII of his complaint.

With respect to plaintiff's malicious prosecution claim under § 1983, the County can be held liable only if both defendant Mackie's decision to prosecute was the result of, or reflected, a custom of policy of the County, and if the underlying decision to prosecute itself violated plaintiff's constitutional rights. *See Collins v. City of Harker Heights*, 503 U.S. 115, 122 (1992) (emphasizing "the separate character of the inquiry into the question of municipal [or supervisory] responsibility and the question whether a constitutional violation occurred."); *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (emphasis added) (the "first inquiry in any case alleging municipal [or supervisory] liability under § 1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged *constitutional deprivation*."). Here, regardless of whether defendant Mackie's decision to prosecute plaintiff can be imputed to the County, plaintiff has failed to sufficiently allege an underlying constitutional violation.

Unfortunately, the standard for judging malicious prosecution claims brought under § 1983 is not entirely clear. Prior to the Supreme Court's decision in *Albright v. Oliver*, 510 U.S. 266 (1994), the courts generally agreed that malicious prosecution claims were cognizable under § 1983, although the courts disagreed as to the precise scope of such claims and the constitutional basis for such claims. *See generally*, John T. Ryan, Jr., Note, *Malicious Prosecution Under Section 1983: Do Citizens Have Federal Recourse?*, 64 GEO. WASH. L. REV. 776, 790-95 (1996). In *Albright*, the plaintiff brought a § 1983 malicious prosecution claim premised upon a theory of substantive due

10

process. Although the Court rejected the claim, no opinion garnered a majority of the Justices, and the multiple opinions in the case have only marginally clarified the law.

The plurality opinion, authored by Chief Justice Rehnquist and joined by Justices O'Connor, Scalia, and Ginsburg, concluded that a malicious prosecution claim is not cognizable under the Due Process Clause. Reasoning that the Court has been reluctant to expand the concept of substantive due process, *see Albright*, 510 U.S. at 271-72, and that the Fourth Amendment's protections are relevant "to the deprivations of liberty that go hand in hand with criminal prosecutions," *id.* at 274, the plurality concluded that "it is the Fourth Amendment, and not substantive due process, under which [a malicious prosecution] claim must be judged." *Id.* at 271. However, the plurality did not consider "whether petitioner's claims would succeed under the Fourth Amendent[.]" *Id.* at 275. Justice Scalia's concurring opinion likewise does not address the standard under the Fourth Amendment, and Justice Ginsburg's concurring opinion offers only minimal guidance, nothing that the plaintiff "remained effectively 'seized' for trial so long as the prosecution against him remained pending, and that Oliver's testimony at the preliminary hearing, if deliberately misleading, violated the Fourth Amendment by perpetuating the seizure[.]" *Id.* at 280 (Ginsburg, J., concurring).

In a separate opinion concurring in the judgment, Justice Kennedy, joined by Justice Thomas, agreed with the plurality as a general matter that the Fourth Amendment provides the appropriate framework for analyzing a malicious prosecution claim. However, Justice Kennedy did not reject the due process analysis because, as the plurality reasoned, the Due Process Clause did not protect against a malicious prosecution. Rather, Justice Kennedy concluded that because state law provided a tort remedy for the plaintiff's malicious prosecution claim, the claim was best left to the state courts under the doctrine of *Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (holding,

generally, that the unauthorized and random deprivation of life, liberty, or property without due process is not cognizable under §1983 where the state provides and adequate post-deprivation remedy). *See Albright*, 510 U.S. at 284-86 (Kennedy, J., concurring). Justice Kennedy did leave open the possibility, however, that "if a State did not provide a tort remedy for malicious prosecution, there would be force to the argument that the malicious initiation of a baseless criminal prosecution infringes an interest protected by the Due Process Clause and enforceable under § 1983." *Id*. at 286.

Justice Souter, also concurring in the judgment, took yet another tack. He reasoned that substantive due process is generally reserved for rights which do not emanate from an explicit provision in the Bill of Rights. *See id*. at 287-88 (Souter, J., concurring). Because the Fourth, Fifth, Sixth, and Eighth Amendments generally protect the assortment of rights from arrest, continuing through trial, to punishment, he found no need to rely on substantive due process. *See id*. at 288-91. Finally, Justice Stevens, joined by Justice Blackmun, dissented. Justice Stevens concluded that the Fourteenth Amendment applied, *see id*. at 292-302 (Stevens, J., dissenting), and that the inquiry under the Due Process Clause is guided both by the Fourth Amendment and the restrictions imposed on criminal proceedings under the Fifth Amendment. *See id*. at 302.

Not surprisingly, the multiple opinions in *Albright*, none of which garnered a majority, have "created confusion in the lower federal courts." Ryan, *supra*, at 803. The Second Circuit, however, has succinctly clarified the effect of the *Albright* decision:

> [T]here are at least two common propositions in all five opinions: (1) a claim of malicious prosecution may not be brought as a substantive due process claim; and (2) the Fourth Amendment provides the source for a § 1983 claim premised upon a person's arrest. The extent of those rights, however, remains to be defined by the Court.

*Singer v. Fulton County Sheriff*, 63 F.3d 110, 115 (2d Cir. 1995). More recently, the Supreme Court noted that it has "never explored the contours of a Fourth Amendment malicious-prosecution suit under § 1983," *Wallace v. Kato*, No. 05-1240, slip op. at 5 n.2 (U.S. Feb. 21, 2007), and the Court declined to explore those contours, or even answer whether "such a claim is cognizable under § 1983." *Id*. And, as the Sixth Circuit has noted, "the state of law of malicious prosecution is somewhat uncertain in this circuit." *McKinley v. City of Mansfield*, 404 F.3d 418, 444 (6th Cir. 2005).

Despite this uncertainty regarding the exact contours of a malicious prosecution claim, however, "it nonetheless remains firmly established that where there is probable cause to prosecute, a § 1983 action for malicious prosecution will not lie." *Id*. at 445. Plaintiff does allege that "there was no probable cause for the warrant" relating to the indecent exposure charge. Compl., ¶ 414. However, the Court need not accept this conclusory allegation, in light of the other allegations of the complaint which establish probable cause. It is clear that the investigation and prosecution of plaintiff was based on the statement of a complaining witness, plaintiff's roommate, that plaintiff had exposed himself to the roommate. *See id*. ¶¶ 395-96. Petitioner contends that the victim's statement was insufficient to establish probable cause because "it is unheard of to bring such a charge vis a vis two mature adult roommates of the same gender residing in one of the person's home." *Id*. ¶ 420. However, Michigan law does not require, for conviction under the indecent exposure statute, that the exposure be in a public place. *See People v. Neal*, 266 Mich. App. 654, 656-58, 702 N.W.2d 696, 698-99 (2005). Thus, plaintiff's knowing exposure to another, even in his own home, could violate the statute. *See id*. at 663-65, 702 N.W.2d at 701-02. Plaintiff also points to the fact that the police or Mackie failed to conduct any investigation beyond the

13

complaining victim's statement, and that such investigation would have shown that there was a lack of probable cause for the charges. However, once probable cause was established, the police had no duty to conduct a further investigation, and probable cause to support the charges was not negated by the fact that further investigation might have uncovered facts which would have supported plaintiff's version of events. *See Sanchez v. Crump*, 184 F. Supp. 2d 649, 657 (E.D. Mich. 2002) (Feikens, J.) (quoting *Coogan v. Wixom*, 820 F.2d 170, 173 (6th Cir. 1987)). In short, beyond his conclusory allegation that there was no probable cause for the indecent exposure charges, plaintiff has presented only allegations which support, rather than negate, the existence of probable cause. Thus, plaintiff has failed to adequately allege a malicious prosecution claim, and the County is entitled to dismissal of his claim.

2.      *Plaintiff's State Law Claims*

To the extent that plaintiff is bringing state law claims against the County in Counts VIII and IX, those claims fail for a number of reasons. First, those claims are barred by the state statutes of limitations relating to those claims. *See supra* note 2. Second, the claims fail on the merits for the same reasons that his federal claims fail. Notably, like a federal malicious prosecution claim, a state law malicious prosecution claim requires a showing of no probable cause. *Adams v. Metiva*, 31 F.3d 375, 388 (6th Cir. 1994); *People v. Perez-DeLeon*, 224 Mich. App. 43, 61, 568 N.W.2d 324, 332 (1997); *Young v. Barker*, 158 Mich. App. 709, 721, 405 N.W.2d 395, 401 (1987).

Finally, any state law claims against the County alleged in Counts VIII and IX are barred by the County's governmental immunity. In relevant part the Michigan governmental immunity statute provides that, with some exceptions not applicable here, "a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental

14

function." MICH. COMP. LAWS § 691.1407(1). Both tax assessment and prosecution of criminal charges are governmental functions, and thus the County is immune from suit on these claims.

E.      *Conclusion*

In view of the foregoing, the Court should conclude that defendant Mackie is entitled to absolute immunity from suit. Accordingly, the Court should grant defendant Mackie's motion to dismiss. The Court should also conclude that plaintiff has failed to state a claim upon which relief may be granted under § 1983 against the County, and that any state law claims against the County are barred by the statute of limitations and governmental immunity, and fail on the merits for the same reasons that his federal claims fail. Accordingly, the Court should grant defendant Washtenaw County's motion to dismiss.

III.    <u>NOTICE TO PARTIES REGARDING OBJECTIONS</u>:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing

party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                      s/Paul J. Komives
                                      UNITED STATES MAGISTRATE JUDGE

Dated:   March 2, 2007

### Certificate of Service

I hereby certify that the foregoing report and recommendation was served electronically on the attorneys of record and by First Class U.S. Mail on Gary S. Hahn, #431007, Muskegon Correctional Facility, 2400 South Sheridan Road, Muskegon, MI 49442-6298 on March 2, 2007.

        s/Kim Grimes
        Acting in the absence of Eddrey Butts,
        Case Manager to Magistrate Judge
        Paul J. Komives