UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY HANN,

           Plaintiff,

CASE NO. 05-CV-71347

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

v.

STATE OF MICHIGAN, et al.,

PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

           Defendants.
_____/

**OPINION AND ORDER AFFIRMING**
**THE MAGISTRATE JUDGE'S REPORTS AND RECOMMENDATIONS**
**(DOCKET NOS. 81, 82, 83, 84, 85, 86)**

Before the Court are:

(1)    The Magistrate Judge's Report and Recommendation recommending that the Court dismiss without prejudice Plaintiff's claims against Defendants Rubitchun and Quinland (Docket No. 81);

(2)    The Magistrate Judge's Report and Recommendation recommending that the Court grant the Motion for Summary Judgment in favor of Defendants City of Ypsilanti, Barr, Coppock, Yuchasz, Farmer, and Clare (Docket No. 82);

(3)    The Magistrate Judge's Report and Recommendation recommending that the Court (a) grant the Motion for Summary Judgment to Defendants Cox and Reardon and (b) grant Defendant Charles Schwab & Co.'s Motion to Compel Arbitration (Docket No. 83);

(4)    The Magistrate Judge's Report and Recommendation recommending that the Court grant in part and deny in part the Motion to Dismiss filed by Defendants Qayyam, Daoust, Meyers, and Thyagaragan (Docket No. 84);

(5)    The Magistrate Judge's Report and Recommendation recommending that the Court dismiss with prejudice Plaintiff's claims against Defendants Oakland County, Duke, and Hamm (Docket No. 85);

    (6)    The Magistrate Judge's Report and Recommendation recommending that Court dismiss with prejudice Plaintiff's claims against Defendants Mackie and Washtenaw County (Docket No. 86);

    (7)    Objections to the Magistrate Judge's Report and Recommendation as to Defendants Qayyam, Thyagaragan, Daoust, and Meyers (Docket No. 87).

**I.    ANALYSIS**

    **A    The Magistrate Judge's Report and Recommendations (Docket Nos. 81, 82, 83, 85, 86)**

The parties have not filed timely objections under 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d) to the following Reports and Recommendations – Docket Nos. 81, 82, 83, 85, and 86. Having reviewed the Magistrate Judge's conclusions of fact and discussion of law, the Court hereby accepts those Reports and Recommendations.

    **B.    Defendants' Objections (Docket Nos. 84, 87)**

        1.    Standard of Review

A court will grant a defendant's motion to dismiss only when it appears beyond doubt that the plaintiff can prove not set of facts in support of his claim that would entitle him to relief, after construing the complaint in the light most favorable to the plaintiff and accepting as true the factual allegations. *Klimas v. Comcast Cable Commc'ns*, 465 F.3d 271, 275 (6th Cir. 2006) (internal quotations and citation omitted). Pursuant to Fed. R. Civ. P. 72(b), a district court reviews *de novo* timely objections to a magistrate judge's report and recommendation on a dispositive motion.

        2.    Objection No. 1: Correctional Medical Services Defendants Did Not Provide Mental Health Services and Could not Prescribe Mental Health Medications

Defendants Qayyam, Thyagaragan, Daoust, and Meyers ("Defendants") object that they work for Correctional Medical Services and did not provide treatment for mental health-related issues. Defendants assert that under Michigan Department of Corrections rules, the Department of Community Health was the proper provider of mental health services to inmates. Since Defendants were not responsible for prescribing the Celexa in question to Plaintiff, they urge the Court to dismiss Plaintiff's deliberate indifference claims.

Defendants did not raise this argument in their Briefs or in their Supplemental Brief. Thus, the Magistrate Judge did not have occasion to consider this argument. Parties cannot raise new arguments or issues on objection that were not presented to the Magistrate Judge. *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998). Therefore, the Court treats Defendants' Objection on this issue as waived for the purposes of their Motion to Dismiss.

        3.        Objection No. 2: Defendants Have Shown that Plaintiff has not Properly Exhausted his Administrative Remedies

Defendants object that the Magistrate Judge did not properly consider their argument that a prisoner must properly exhaust his administrative remedies, according to the MDOC administrative grievance policy, before bringing suit in federal court. Defendants contend that none of the four grievances filed by Plaintiff in question conform to the MDOC grievance procedure. Defendant argues additionally that the four grievances do not name Defendants Daoust and Meyers at all.

The Report and Recommendation addressed this issue in the following manner:

> Under *Jones* [*v. Bock*, 127 S. Ct. 910 (2007)], in the general run of cases a Rule 12(b)(6) motion to dismiss based on the plaintiff's failure to demonstrate exhaustion in the complaint is no longer appropriate. Because lack of exhaustion is an affirmative defense, it falls to the defendants to demonstrate that the claims have not been exhausted. This

> generally will not be determinable based on the face of the complaint, and it is only the complaint that may be considered in deciding a Rule 12(b)(6) motion. Rather, dismissal on exhaustion grounds will generally have to be accomplished, if at all, through a properly supported motion for summary judgment including some evidence (such as the affidavit of a record keeper describing all grievances filed by the plaintiff) showing that the claims have not been exhausted. It is true that, in some cases, the face of the complaint itself may establish a lack of exhaustion, such as where the plaintiff admits in the complaint that he has not exhausted. *See id.* at 920-21 (noting that dismissal under Rule 12(b)(6) on the basis of an affirmative defense, such as a statute of limitations, may be had where "the allegations in the complaint suffice to establish that ground."). However, because Rule 12(b)(6) tests the sufficiency of the complaint, "[a]n affirmative defense may only be considered on a motion to dismiss if it clearly appears on the face of the complaint." *Buester v. Equifax Information Servs.*, 435 F. Supp. 2d 471, 480 (D. Md. 2006) (internal quotation omitted); *see also, Official Committee of the Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 158 (2d Cir. 2003) (internal quotation omitted) (dismissal for failure to state a claim based on affirmative defense appropriate only "if the defense appears on the face of the complaint.").
>
> Here, defendants have moved for dismissal under Rule 12(b)(6) based on plaintiff's failure to demonstrate exhaustion as required by *Brown* [*v. Toombs*, 139 F.3d 1102 (6th Cir. 1998),] and its progeny. As explained, this basis for dismissal is no longer appropriate. Because lack of exhaustion is an affirmative defense, dismissal under Rule 12(b)(6) is appropriate only if its appears from the face of the complaint that plaintiff has not, in fact[,] exhausted. It is not enough that plaintiff fails to allege that he has exhausted; nor is it sufficient that the grievances plaintiff has attached fail to show exhaustion. Rather, the complaint affirmatively must show that he has not exhausted. Plaintiffs' [sic] complaint does not admit a failure to exhaust, nor provide any other basis on its face to conclude from the allegations that he has not exhausted his claims as a matter of law. Accordingly, under *Jones* and the ordinary standards governing Rule 12(b)(6) motions, defendants are not entitled to dismissal of the complaint based on plaintiff's failure to exhaust administrative remedies.

(R&R 7-9).

Defendants' Objections do not respond to the Magistrate Judge's reasoning here. The Magistrate Judge did not reach the merits of the question of whether Plaintiff properly exhausted his administrative remedies through the MDOC grievance procedure. Rather, the Magistrate Judge correctly concluded that under *Jones* a Rule 12(b)(6) motion to dismiss based on the

affirmative defense of lack of proper exhaustion is not proper unless the fact that the plaintiff did not exhaust is apparent from the face of the complaint. See Fed. R. Civ. P. 12 ("If on a [motion to dismiss], matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. . . ."). Here, Defendants do not argue that Plaintiff's lack of exhaustion is apparent from the face of his Complaint.

The Magistrate Judge correctly pointed out that for Defendants to establish lack of exhaustion, it would require the Court to consider "matters outside the pleading" – in this case, the grievance forms, affidavits, and other relevant evidence. Therefore, Defendants' Rule 12(b)(6) Motion to Dismiss in this case should be denied. The Court notes that other district courts in this circuit have come to a similar conclusion. *See, e.g., Stephens v. Corr. Med. Servs.*, No. 04-P596, 2007 WL 528533, *1 (W.D. Ky. Feb. 12, 2007) (unpublished) ("Here, it is not apparent from the face of the complaint that Plaintiff did not exhaust, and therefore, it is inappropriate for the Court to dismiss the complaint for failure to state a claim on the basis of exhaustion").

Therefore, the Court does not find any defect in the Magistrate Judge's reasoning on this issue. Accordingly, the Court affirms the Report and Recommendation recommending granting in part and denying in part Defendants' Motion to Dismiss on the affirmative defense of lack of exhaustion..

## II.     CONCLUSION

The Court hereby:

5

(1)    **GRANTS** the Motion to Dismiss as to Defendants Rubitschun and Quinland (Docket No. 26);

(2)    **GRANTS** the Motion for Summary Judgment as to Defendants City of Ypsilanti, Barr, Coppock, Yuchasz, Farmer, and Clare (Docket No. 34);

(3)    **GRANTS** the Motion for Summary Judgment as to Defendants Cox and Reardon (Docket No. 54);

(4)    **GRANTS** Charles Schwab & Co.'s Motion to Compel Arbitration (Docket No. 55);

(5)    **GRANTS** the Motion to Dismiss as to Defendants Oakland County, Duke, and Hamm (Docket No. 38);

(6)    **GRANTS** Defendant Mackie's Motion to Dismiss (Docket No. 46);

(7)    **GRANTS** Defendant Washtenaw County's Motion to Dismiss (Docket No. 49);

(8)    **GRANTS IN PART AND DENIES IN PART** the Motion to Dismiss as to Defendants Qayyam, Daoust, and Meyer (Docket No. 33);

(9)    **GRANTS IN PART AND DENIES IN PART** Defendant Thyagaragan's Motion to Dismiss (Docket No. 58).

**SO ORDERED.**

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  March 21, 2007

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 21, 2007.

S/Denise Goodine
Case Manager