UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY S. HANN,

        Plaintiff,

v.

STATE OF MICHIGAN, et al.,

        Defendants.
_____/

CASE NO. 05-CV-71347

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

**OPINION AND ORDER**
**(1) ACCEPTING THE MAGISTRATE JUDGE'S MARCH 2, 2007 REPORTS AND RECOMMENDATIONS DISMISSING DEFENDANTS RUBITSCHUN, QUINLAND, CITY OF YPSILANTI, BASAR, COPPOCK, YUCHASZ, FARMER, CLARE, COX, REARDON, CHARLES SCHWAB & CO., OAKLAND COUNTY, DUKE, HAMM, MACKIE, AND WASHTENAW COUNTY; AND (2) REINSTATING THE COURT'S MARCH 21, 2007 ORDER DENYING THE MOTIONS TO DISMISS AS TO DEFENDANTS QAYYAM, DAOUST, MEYER, AND THYAGARAGAN**

    Before the Court are Plaintiff Gary S. Hann's ("Plaintiff") April 24, 2007 Objections (Doc. Nos. 93, 94) to the Magistrate Judge's March 2, 2007 Reports and Recommendations (Doc Nos. 81-86). Having considered the entire record, and for the reasons that follow, the Court **ACCEPTS** the Magistrate Judge's Reports and Recommendations and **REINSTATES** its March 21, 2007 Order denying the Motion to Dismiss as to Defendants Qayyam, Daoust, Meyer, and Thyagaragan. *See Hann v. State of Michigan*, No. 05-71347, 2007 WL 895056 (E.D. Mich. Mar. 21, 2007) (unpublished) (Doc. No. 88).

**I.    BACKGROUND**

    Plaintiff, pursuing the instant civil rights case *pro se*, is currently a prisoner incarcerated at the Muskegon Correctional Facility. The Court has previously summarized the

background of this case in its January 24, 2007 Order. *See Hann v. State of Michigan*, No. 05-71347, 2007 WL 201042 (E.D. Mich. Jan. 24, 2007) (unpublished).

Defendants have all filed dispositive motions in this case. Plaintiff did not file Responses to any of Defendants' motions. On March 2, 2007, the Magistrate Judge issued Reports and Recommendations on Defendants' motions. Since Plaintiff failed to offer any response to any of Defendants' arguments, the Magistrate Judge had to construe, under Fed. R. Civ. P. 12(b)(6), Plaintiff's claims from the 67-page, 454-paragraph-long Complaint.

Having failed to file Responses to Defendants' motions, Plaintiff now files Objections to the Magistrate Judge's Reports and Recommendations. In the alternative, Plaintiff requests additionally that the Court permit him to amend his Complaint to cure any deficiencies in his pleadings.

Upon review of the Magistrate Judge's analysis and Plaintiffs' Objections, the Court finds that Plaintiff's arguments are meritless and generally non-responsive to the reasoning in the Magistrate Judge's Reports. Therefore, the Court accepts the Magistrate Judge's Report and Recommendations consistent with the analysis below.

## II. ANALYSIS

### A. Standard of Review

A court will grant a defendant's motion to dismiss only when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief, after construing the complaint in the light most favorable to the plaintiff and accepting as true the factual allegations. *Klimas v. Comcast Cable Commc'ns,* 465 F.3d 271, 275 (6th Cir. 2006) (internal quotations and citation omitted). Pursuant to Fed. R. Civ. P. 72(b) and 28

U.S.C. § 636(b)(1), a district court reviews *de novo* timely objections to a magistrate judge's report and recommendation on a dispositive motion. A party's failure to present an argument to the magistrate judge waives that argument on review by a district court. *See Murr v. United States*, 200 F.3d 895, 901 n. 2 (6th Cir. 2000).

> **B.     Plaintiff's Objections to the Report and Recommendation on the Motion to Dismiss as to Defendants Rubitschun and Quinland (Doc. No. 81)**

Plaintiff contends that he has no remedy to challenge the Parole Board's decisions. Plaintiff argues that he can neither request a review a decision of the Parole Board through a judicial appeal under Michigan or federal law, nor does the prison provide to him any administrative remedies. Plaintiff admits that he did not file a grievance against the Parole Board, since under his interpretation of the administrative rules, filing a grievance would have been "futile." Plaintiff avers that he sent a letter to the Parole Board, and insists that the Court should consider this action a proper "exhaustion" under 42 U.S.C. § 1997e(a).

The Magistrate Judge thoroughly addressed Plaintiff's argument here in his Report and Recommendation. (R&R 9-10). It is also clear that even under *Jones v. Bock*, 127 S. Ct. 910 (2007), Plaintiff's admission in his Complaint that he did not file the proper grievances can support a defendant's Rule 12(b)(6) motion to dismiss under the PLRA. *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978) (holding that if from the face of complaint, the relief sought by the plaintiff is barred by an affirmative defense, dismissal under Rule 12(b)(6) can be granted). Since Defendants' argument – that Plaintiff failed to exhaust his remedies through the grievance system – is apparent from Plaintiffs' own

admissions, the Magistrate Judge's recommendation that Plaintiff's claim should be dismissed is proper.

Plaintiff further complains of his "intentional misclassification as "CSC," or "criminal sexual conduct." Although this fact is mentioned in Plaintiff's Complaint, Plaintiff's failure to raise this issue before the Magistrate Judge waives review by this Court. *See Murr,* 200 F.3d at 901 n. 2.

**C.     Plaintiff's Objections to the Report and Recommendation on the Motions to Dismiss as to Defendants Qayyum, Daoust, Meyer, and Thyagaragan (Doc. No. 84)**

Plaintiff objects that the Magistrate Judge erred in granting Defendants' motions to dismiss based on his claim of deliberate indifference as to his dental care. The Magistrate Judge found that since Plaintiff did not name any individual that allegedly denied him adequate dental care, he recommended that Defendants' motions to dismiss on this issue be granted. (R&R 13-14).

At this stage in the case, Plaintiff still has not named the individuals that he alleges denied him proper medical care. Although at the motion to dismiss stage, Plaintiff is not necessarily required to produce the names of potential "John Doe" Defendants for the purposes of Rule 12(b)(6), it is clear that Plaintiff has made no effort to identify these individuals and has not brought this claim against any of named Defendants in this action. Therefore, the Magistrate Judge's Report and Recommendation dismissing the named Defendants from Plaintiff's claim concerning inadequate dental care in this instance is proper.

### D. Plaintiff's Objections to the Report and Recommendation on the Motions to Dismiss as to Defendants City of Ypsilanti, Basar, Copock, Yuchasz, Farmer, and Clare (Doc. No. 82)

Plaintiff objects that the Magistrate erred in finding that Plaintiff could not maintain an illegal search or malicious prosecution claim against Defendants. Plaintiff further takes issue with the Magistrate Judge's recommendation on the dismissal of the City of Ypsilanti. In particular, Plaintiff objects to the fact that the search warrant on his residence limited the execution of the warrant to "Sheriff or officers of Oakland County," and that Defendants Coppock and Yuchasz were not employed by the Oakland County Sheriff's Office. Defendant finally maintains that the officers executing the search warrant exceeded the scope of the warrant by seizing evidence other than "evidence of Child Sexually Abusive Activity."

The Magistrate Judge assiduously addressed Plaintiff's arguments on these points. The Magistrate Judge found that there was adequate probable cause to secure the warrant, and that the items seized from Plaintiff's residence did not exceed the scope of the search warrant. (R&R 18-20). Since the police officers had probable cause for the search, arrest, and subsequent prosecution, the Magistrate Judge correctly recognized that Plaintiff cannot maintain a § 1983 claim for illegal search/seizure or malicious prosecution.

For similar reasons, the Magistrate Judge correctly dismissed the City of Ypsilanti as well. (R&R 23-24).

Therefore, the Court finds no defect with the Magistrate Judge's reasoning on these issues.

### E. Report and Recommendation on the Motions to Dismiss as to Defendants Oakland County, Duke, and Hamm (Doc. No. 85)

Plaintiff objects that the Magistrate Judge erred in concluding that the Plaintiff did not state a claim for: (1) § 1983 illegal search; and (2) the seizure of his individual retirement account ("IRA") to pay for the costs of his incarceration. Plaintiff argues that since he had plead that the police officers made "material misstatements" in the application for the warrant, his § 1983 illegal search claim survives a Rule 12(b)(6) dismissal.

As noted above, the Magistrate Judge found that Defendants did not exceed the scope of the warrant in seizing materials related to "evidence of Child Sexually Abusive Activity." (R&R 11-13). Furthermore, the Magistrate Judge has already addressed Plaintiff's claim concerning the seizure of his IRA. (R&R 14).

Plaintiff next contends that he plead sufficient facts that the officers made material false statements in their application for a search warrant. It is well-established a complaint need not set down in detail all the particularities of a plaintiff's claim against a defendant, Fed. R. Civ. P. 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." However, a plaintiff must do more than make bare assertions of legal conclusions. *In re Sofamor Danek Group,* 123 F.3d at 394, 400 (6th Cir. 1997). Conclusory statements or legal conclusions need not be considered. *Papasan v. Allain,* 478 U.S. 265, 286 (1986); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

Plaintiff points to his Complaint paragraphs 89-92 to support that he has alleged sufficient facts that Defendants made material false statements in the warrant application. The Court does not find that this section of the Complaint states any facts relevant to that assertion. Therefore, the Court finds that Defendants are entitled to dismissal on this claim.

F.  **Plaintiff's Objections to the Report and Recommendation on the Motions to Dismiss as to Defendants Washtenaw County and Mackie (Doc. No. 86)**

Plaintiff contends that the Magistrate Judge erred in its analysis of his claims against Defendants Washtenaw County and Prosecuting Attorney Mackie. Plaintiff bases his argument on the fact that Bauder, his roommate, was a "medical ward of the county."

The Magistrate Judge dismissed Plaintiff's federal malicious prosecution claim against Defendants on the basis of absolute immunity and a failure to establish municipal liability. Plaintiff offers no plausible argument to rebut the Magistrate Judge's analysis. Therefore, the Court dismisses Plaintiff's claims against Defendants Washtenaw County and Mackie.

G.  **Plaintiff's Objections to the Report and Recommendation on the Motion to Dismiss as to Defendants Cox and Reardon and Defendant Charles Schwab & Co.'s Motion to Compel Arbitration (Doc. No. 83)**

Plaintiff objects that the Magistrate Judge misapplied the *Rooker-Feldman* doctrine in dismissing his claims against Defendants Cox, Reardon, and Charles Schwab & Co.

Upon review of the Report and Recommendation on this matter, the Court agrees with the Magistrate Judge that Plaintiff is requesting that this Court undo the judgment of the Michigan courts on the issue. As the Magistrate Judge explains, Plaintiff has had a full and fair opportunity in state court to litigate the issue of the State of Michigan's seizure of his IRA under the Michigan State Correctional Facilities Reimbursement Act. (R&R 8-13). Therefore, the Court adopts the reasoning of the Magistrate Judge on this issue

H.  **The Court's March 21, 2007 Order as to Defendants Qayyam, Daoust, Meyer, and Thyagaragan**

On March 21, 2007, this Court entered a previous Order on the Magistrate Judge's Reports and Recommendations. *See Hann*, 2007 WL 895056. In that Order, the Court also

addressed Objections to the Magistrate Judge's Report and Recommendation filed by Defendants Qayyam, Daoust, Meyer, and Thyagaragan. On the same day that the Court entered its Order, it received a request from Plaintiff for additional time to respond to the Magistrate Judge's Reports. (Doc. No. 89).

On March 28, 2007, the Court vacated its March 21 Order to provide Plaintiff with additional time to file his Objections. *Hann v. State of Michigan*, No. 05-71347, 2007 WL 925539 (E.D. Mich. Mar. 28, 2007) (unpublished).

Since Plaintiff's Objections do not concern the previous disposition of Defendants' Objections, the Court hereby reinstates that portion of the March 21 Order denying the Motions to Dismiss as to these Defendants.

### III. CONCLUSION

For the foregoing reasons, the Court hereby:

(1) **ACCEPTS** the Magistrate Judge's Reports and Recommendations (Doc. Nos. 81-86);

(2) **REINSTATES** its March 21, 2007 Order denying the Motion to Dismiss as to Defendants Qayyam, Daoust, Meyer, and Thyagaragan (Doc. No. 88);

(3) **GRANTS** the Motion to Dismiss as to Defendants Rubitschun and Quinland (Doc. No. 26);

(4) **GRANTS** the Motion for Summary Judgment as to Defendants City of Ypsilanti, Basar, Coppock, Yuchasz, Farmer, and Clare (Doc. No. 34);

(5) **GRANTS** the Motion for Summary Judgment as to Defendants Cox and Reardon (Doc. No. 54);

(6) **DISMISSES** Plaintiff's claims against Charles Schwab & Co. (Doc. No. 55).

(7) **GRANTS** the Motion to Dismiss as to Defendants Oakland County, Duke, and Hamm (Doc. No. 38);

(8) **GRANTS** Defendant Mackie's Motion to Dismiss (Doc. No. 46); and

(9) **GRANTS** Defendant Washtenaw County's Motion to Dismiss (Doc. No. 49).

Accordingly, the only Defendants remaining in the case are Qayyam, Daoust, Meyer, and Thyagaragan.

**SO ORDERED.**

                                            s/Paul D. Borman
                                            **PAUL D. BORMAN**
                                            **UNITED STATES DISTRICT JUDGE**

**Dated: May 29, 2007**

## CERTIFICATE OF SERVICE

**Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on May 29, 2007.**

                                            s/Denise Goodine
                                            **Case Manager**