**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

GARY S. HANN,

        Plaintiff,

-vs-

STATE OF MICHIGAN, et al.,

        Defendants.
_____/

CASE NO. 05-CV-71347

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

## OPINION AND ORDER
## AFFIRMING THE MAGISTRATE JUDGE'S MAY 31, 2007 ORDER

Before the Court are *pro se* Plaintiff Gary S. Hann's ("Plaintiff") June 15, 2007 "Partial Objection Only to Clarify the Proper Breadth of Discovery Order" to the Magistrate Judge's May 31, 2007 Order. Defendants Dr. Thyagaragan, Dr. Qayyam, P.A. Daoust, and N.P. Meyers (collectively "Defendants") filed a Response on July 9, 2007. Having considered the entire record, and for the reasons that follow, the Court AFFIRMS the Magistrate Judge's Order.

**I.    BACKGROUND**

The background facts of this case are recounted in previous Orders of this Court, and are incorporated by reference herein. *See Hann v. State of Michigan*, No. 05-71347, 2007 WL 1565465 (E.D. Mich. May 29, 2007) (unpublished) (Doc. No. 95); *Hann v. State of Michigan*, No. 05-71347, 2007 WL 201042 (E.D. Mich. Jan. 24, 2007) (unpublished) (Doc. No. 77).

The Court restates the background of the instant appeal from the Magistrate Judge's Order:

1

On or about August 16, 2006, counsel for the medical care defendants wrote to plaintiff requesting that he "sign the enclosed release [Muskegon Correctional Facility] and return the same in the enclosed self-addressed, stamped envelope so that we may request and review your records in order to evaluate your claim." On or about September 1, 2006, counsel for the same defendants send another letter to plaintiff, which stated in pertinent part:

> Enclosed please find an additional copy of the Medical Release [Muskegon Correctional Facility] and a formal discovery request entitled Defendants' First Request for Production of Documents Directed to Plaintiff along with the Proof of Service. If you should refuse to answer same, we will make a discovery motion to compel access to your records and ask the Court to dismiss this case for failure to provide said medical records.

On or about October 26, 2006, the medical care defendants filed a "discovery motion for access to plaintiff's medical records." In their brief, defendants argue that they "are entitled to access to medical records or dismissal if access is denied." Specifically, the medical care defendants "request that their Motion to Dismiss for Failure to Allow Access to Medical Records be granted, or in lieu of same, Plaintiff's Complaint be dismissed with prejudice."

On April 4, 2007, these same defendants filed a "request for ruling on discovery motion for access to plaintiff's medical records." Noting plaintiff's failure to respond to defendants' October 26, 2006 motion, the medical care defendants contend that "the Court should grant the motion and order Plaintiff to sign a medical release for the MDOC." Here, too, the medical care defendants "request that their Motion to Dismiss for Failure to Allow Access to Medical Records be granted, or in lieu of the same, Plaintiff's Complaint be dismissed with prejudice."

E.D. Mich. LR 7.1(b) states that "[a] respondent opposing a motion must file a response, including a brief and supporting documents then available." [Local Rule] 7.1(d)(2)(B) provides that "[a] response to a nondispositive motion must be filed within 14 days after service of that motion."

The response periods for defendants' October 26, 2006 motion and April 4, 2007 request have passed. Plaintiff has not filed a response to either motion. Therefore, defendants' motion and request are granted to the extent these filings seek plaintiff's execution of the "authorization for disclosure of health information." However, the medical care defendants' motion and request are denied to the extent they seek dismissal of plaintiff's lawsuit. Instead, plaintiff is cautioned that failure to comply with this order may result in dismissal of his claim(s) against the medical care defendants.

> Consistent with the foregoing, both defendants' discovery motion for access to plaintiff's medical records and defendants' request for ruling on discovery motion for access to plaintiff's medical records are GRANTED to the extent these filings seek plaintiff's execution of the "authorization for disclosure of health information." Plaintiff shall provide the medical care defendants with the executed medical authorization within ten (10) days of the date of receipt of this order.
>
> The medical care defendants' motion and request are DENIED to the extent they seek dismissal of plaintiff's lawsuit. Instead, plaintiff is cautioned that failure to comply with this order may result in dismissal of his claim(s) against the medical care defendants.

Slip. Op. 1-4 (internal citations and footnotes omitted).

On June 15, 2007, Plaintiff filed his "Partial Objection Only to Clarify the Proper Breadth of Discovery Order." In that pleading, Plaintiff makes the following "objections" to the Magistrate Judge's Order:

(1) Plaintiff has attempted to accommodate Defendant's request for medical records by offering his own release, limiting the medical records sought to those that pertain to his claim;

(2) Under Michigan law, "discovery on medical matters is strictly limited to releases for any medical records related to the claim"; and

(3) The federal statutes cited by Defendants in support are "woefully out of date."

Plaintiff requests that the Court "enter a clarifying order" to: (1) "supply the updated federal statutes which prohibit dissemination of personal, private medical care information"; and (2) "to submit any pleadings which may reveal any information from Plaintiff's medical file under seal and to remain sealed until further order of this Court, to maintain Plaintiff's right to confidentiality." (Pl. Obj. 2).

Defendants respond that: (1) Plaintiff never responded to Defendant's motion and request for medical records; and (2) the Magistrate Judge did not limit the medical records to be

obtained.

## II. ANALYSIS

### A. Standard of Review

Uunder 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a), a magistrate judge's nondispositive pretrial orders shall not be disturbed unless "found to be clearly erroneous or contrary to law." *United States v. Curtis,* 237 F.3d 598, 603 (6th Cir. 2001). The "clearly erroneous" standard mandates that the district court affirm the magistrate judge's decision unless, on the entire evidence, it "is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395 (1948). Parties cannot raise arguments on objection or appeal that they did not bring before the magistrate judge. *Muir v. United States*, 200 F.3d 895, 901 n.1 (6th Cir. 2000).

### B. Plaintiff's Objections

The Court initially notes that Plaintiff failed to respond to Defendant's pleadings, or otherwise raise his arguments before the Magistrate Judge. This Court cannot address arguments on objection to a nondispositive pretrial order unless the Magistrate Judge had occasion to address them. *Id*. Therefore, the Court finds that Plaintiff has waived his objections.

Even if the Court were to address the objections, there is no indication that the Magistrate Judge's decision was "contrary to law."

First, it is clear that Mich. Comp. Laws § 600.2912b(2) applies to discovery in relation to a state law medical malpractice claim – a claim not being asserted in the instant case. Furthermore, the "Patient Authorization for Disclosure of Health Information" Form authored by the Michigan Department of Corrections cites two statutes – 11 U.S.C. § 1175 and 42 U.S.C. §

4

4582 – that have been transferred to another part of the United State Code. However, MDOC Form only cites these statutes in relation to the obligation not to disclose the patient's medical records to a third party. Thus, there is no import to Plaintiff's objection.

Finally, Plaintiff also never presented his request to the Magistrate Judge that his medical records be kept "under seal." Defendants do not address this issue in their Response. Of course, Defendants' counsel is expected to comply with the applicable statutes and regulations governing the disclosure of Plaintiff's medical records. To the extent that this becomes an issue, Plaintiff may petition the Magistrate Judge to issue an order sealing the medical records or for a protective order.

## III. CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the Magistrate Judge's Order.

Plaintiff must comply with the Magistrate Judge's Order to execute the medical releases within ten (10) days of the service of the instant Order. If Plaintiff does not comply, then Defendants can renew their motion to dismiss before the Magistrate Judge based upon Plaintiff's failure to provide the requested discovery.

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: November 29, 2007

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on November 29, 2007.

s/Denise Goodine
Case Manager