UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY HANN,

                                CASE NO. 2:05-CV-71347
           Plaintiff,        JUDGE PAUL D. BORMAN
                                MAGISTRATE JUDGE PAUL J. KOMIVES

v.

STATE OF MICHIGAN, et al.,

                       Defendants,

_____/

**OPINION AND ORDER (1) GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO COMPEL PRODUCTION AND ANSWERS TO
PLAINTIFF'S DISCOVERY (Doc. Ent. 134) and
(2) SETTING A DEADLINE FOR PLAINTIFF'S RESPONSE TO THE CMS
DEFENDANTS' DISPOSITIVE MOTION (Doc. Ent. 128)**

Table of Contents

**I.**    **OPINION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    A.    Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    B.    Plaintiff's April 2, 2009 Motion to Compel . . . . . . . . . . . . . . . . . . . . . . . . 3
    **C.**    **Fed. R. Civ. P. 26** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    D.    Plaintiff's Motion is Granted in Part and Denied in Part. . . . . . . . . . . . . . . . . . . . 7
          1.    There are eight (8) Requests for Production of Documents at issue. . . . . 7
          2.    There are six (6) Interrogatories at issue. . . . . . . . . . . . . . . . . . . . . . . 10
          3.    Plaintiff is entitled to further responses with respect to some Requests for
              Production. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
          4.    At this time, plaintiff is not entitled to further answers to his
              Interrogatories. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
    E.    Additionally, plaintiff is entitled to a copy of sealed Exhibit A to the CMS
         defendants' pending dispositive motion at the CMS defendants' expense, if
         plaintiff has not already been served with one. . . . . . . . . . . . . . . . . . . . . . . . . . 19

**II.**    ORDER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

I.      **OPINION**

A.      **Background**

Plaintiff filed his original complaint on April 7, 2005, against twenty-nine (29) named defendants.  Doc. Ent. 1 at 3-5.  On May 31, 2005, Judge Borman entered an order dismissing nine (9) defendants (State of Michigan, Michigan Department of Corrections, Michigan Parole Board, David Gorcyca, Kimberly Brown, Thomas M. Loeb, John D. Roach, Jr., Cheryl Farmer, and George Basar).  Doc. Ent. 5.

Plaintiff filed an amended complaint on June 14, 2005.  Doc. Ent. 6.  Defendants City of Ypsilanti, George Basar, John M. Barr, Annette Coppock, Brett Yuchasz, Cheryl Farmer and Carol Clare filed an answer with affirmative defenses on April 13, 2006.  Doc. Ent. 28. Defendant Charles Schwab & Company, Inc. filed an answer with affirmative defenses on May 18, 2006.  Doc. Ent. 52.  On March 21, 2007, another twelve (12) defendants (A. Coppock; Joseph Duke; Farmer; Jeff Hamm; Brian L. Mackie; James L. Quinlan; Victoria A. Reardon; John S. Rubitschun; Washtenaw County; City of Ypsilanti; B. Yuchasz; John M. Barr and Carol Clare) were terminated as defendants.

Therefore, only eight (8) named defendants (McNutt,[1] County of Oakland, Michigan Attorney General, Charles Schwab and Company, Inc., Qayyum, Daoust, Thyagaragan, Meyer) remain.  On February 8, 2008, defendants Thyagarajan, Qayyum, Daoust and Meyer (the "CMS defendants") filed a notice to the Court and renewed motion to dismiss for failure to comply with

---

[1]An appearance has not been entered on behalf of defendant McNutt, who seems to be identified in the complaint as a member of the Michigan Parole Board.  Doc. Ent. 1 at 4.

discovery (Doc. Ent. 105), regarding which I filed a report and recommendation on July 14, 2008 (Doc. Ent. 113).

**B.      Plaintiff's April 2, 2009 Motion to Compel**

Plaintiff was paroled on February 27, 2008.  *See* www.michigan.gov/corrections, "Offender Search."  On August 26, 2008, the CMS defendants informed the Court that "[p]laintiff has provided a conforming medical release to [d]efendants' counsel."  Doc. Ent. 116 at 2.

On November 19, 2008, I conducted a status conference.  Shortly thereafter, on November 21, 2008, the CMS defendants filed an answer.  Doc. Ent. 118.  On the same day, they filed affirmative defenses.  Doc. Ent. 119.

On November 24, 2008, I entered a scheduling order.  Consistent with the discussion during the status conference, the order required that defendants' interrogatories and request to produce documents would be sent to plaintiff by December 1, 2008; stated that plaintiff's written discovery requests were to be served on defense counsel by December 31, 2008; and set the dispositive motion cutoff for February 28, 2009.  Doc. Ent. 120.

On December 29, 2008, plaintiff served his first request to defendants to produce documents and answer interrogatories.  Doc. Ent. 134 at 3-5.  In total, there were fourteen (14) requests - eight (8) numbered requests to produce and six (6) numbered interrogatories. Defendants served the responses to plaintiff's discovery requests on February 3, 2009.  Doc. Ent. 134 at 6-15.

On February 27, 2009, the CMS defendants filed a motion for summary judgment.  Doc. Ent. 128.  Within this motion, the CMS defendants argue that "[p]laintiff has failed to state any

genuine issue of material fact." In support of this argument, the CMS defendants contend that "[t]here is no serious medical need[,]" and "[t]here is no deliberate indifference." Doc. Ent. 128 at 4. Along with their motion, the CMS defendants filed under seal excerpts of plaintiff's MDOC medical records. Doc. Ent. 129.

Currently before the Court is plaintiff's April 2, 2009 motion to compel production and answers to plaintiff's discovery. Doc. Ent. 134. Among other things, plaintiff states that the CMS defendants' February 3, 2009 responses[2] "produced no statement whatever, not a single document or piece of paper, even refusing Plaintiff his own medical records!" Doc. Ent. 134 at 1 ¶ 3. Specifically, plaintiff requests that the Court "order all document production and answers . . . or minimally with respect to Plaintiff's medical records order inspection under Rule 34." Doc. Ent. 134 at 2 ¶ 6.

The CMS defendants filed a response on April 23, 2009. Doc. Ent. 136. They argue that plaintiff's motion should not be granted. Doc. Ent. 136 at 5. They contend that plaintiff's requests "were vague, overly burdensome, and meant to harass defendants and cause undue work by defendants rather than have Plaintiff be forced to conduct his own discovery." Doc. Ent. 136 at 9. Also, they allege, "[p]laintiff's questions are generic[,] open-ended, and ask questions that

---

[2]Plaintiff contends that the CMS defendants' February 3, 2009 discovery responses are late. Doc. Ent. 134 at 1 ¶ 3. If the responses were served on Monday, December 29, 2008, they would have been due Monday, February 2, 2009. Fed. R. Civ. P. 6(d) ("When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)."); Fed. R. Civ. P. 33(b)(2) ("The responding party must serve its answers and any objections within 30 days after being served with the interrogatories. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court."); Fed. R. Civ. P. 34(b)(2)(A) ("The party to whom the request is directed must respond in writing within 30 days after being served. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.").

are vague and overreaching with a proper foundation.  Further, the requests are invasive and oppressive, and would require undue expense and are meant to harass."  Doc. Ent. 136 at 12; *see also* Doc. Ent. 136 at 20.

The CMS defendants claim that, as to some of the requests, "[p]laintiff's requested information can be obtained from Plaintiff's medical records[,]" "[d]efendants should not be required to undertake lengthy compilations of information clearly available within Plaintiff's own medical records[,]" and "[a]ny consultations and information concerning Plaintiff's condition would clearly be recorded within the progress notes of Plaintiffs's chart."  Doc. Ent. 136 at 17.

It is the CMS defendants' position that "Plaintiff's complaints are about alleged temporary changes in medication dosage[,]" and proof of the objective prong of his claim "do[es] not require the extensive discovery sought by Plaintiff."  Doc. Ent. 136 at 18-19.  They are "unwilling to bear Plaintiff's costs of discovery[,]" and seek a protective order.  Doc. Ent. 136 at 19, 20-21.  Also, they claim, "Plaintiff is attempting a form of collateral attack on [non-party] CMS, which is . . . designed to harass defendants."  Doc. Ent. 136 at 19.  The CMS defendants also assert that "releasing personal information and information regarding the correctional setting, if it could be determined from Plaintiff's overbroad and vague request, could cause problems within the correctional environment."  Doc. Ent. 136 at 20.  Citing *Nix v. Sword*, 11 Fed.Appx. 498 (6th Cir. 2001),[3] they contend that "[i]t clearly would be ridiculously

_____

[3]"Rule 26 of the Federal Rules of Civil Procedure permits courts to issue a protective order, if justice requires and to protect individuals from 'annoyance, embarrassment, oppression, or undue burden or expense' Fed.R.Civ.P. 26(c).  The burden of establishing good cause for a protective order rests with the movant. *See General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir.1973).  'To show good cause, a movant for a protective order must articulate specific facts

expensive and time-consuming to accumulate information relating to Plaintiff's broad discovery

requests at this point in the case."  Citing *York v. American Medical Systems, Inc.*, No. 97-4306,

1998 WL 863790 (6th Cir. Nov. 23, 1998),[4] the CMS defendants state that "[s]imilar concerns

[about releasing confidential informaiton] exist in this case regarding the personal information

regarding Defendants and internal documentation of the [MDOC]."  Doc. Ent. 136 at 21.

The CMS defendants conclude that plaintiff's discovery requests "are improper [and] are

simply meant to be vexatious to Defendants and the Department of Corrections.  They should be

denied and a protective order should be entered."  Doc. Ent. 136 at 22.

## C.     Fed. R. Civ. P. 26

The scope and limits of discovery are governed by Fed. R. Civ. P. 26(b).  With respect to

the general scope of discovery, the rule provides:

> Unless otherwise limited by court order, the scope of discovery is as follows:
> Parties may obtain discovery regarding any nonprivileged matter that is relevant
> to any party's claim or defense--including the existence, description, nature,
> custody, condition, and location of any documents or other tangible things and the
> identity and location of persons who know of any discoverable matter. For good
> cause, the court may order discovery of any matter relevant to the subject matter
> involved in the action. Relevant information need not be admissible at the trial if
> the discovery appears reasonably calculated to lead to the discovery of admissible
> evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

---

showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on
mere conclusory statements.'  *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C.1987) (citations
omitted)."  *Nix*, 11 Fed.Appx. at 500.

[4]"Federal Rule of Civil Procedure 26(c) grants broad discretion to trial judges in fashioning
protective orders.  A motion under Rule 26(c) to limit discovery requires the district court to balance
the interests at issue, and to compare the hardship on both parties if the motion is either granted or
denied.  In making its determination, the court must consider the nature and magnitude of the
hardship imposed on each party by the order."  *York v. American Medical Systems, Inc.*, No. 97-
4306, 1998 WL 863790, *4 (6th Cir. 1998) (citations omitted).

Fed. R. Civ. P. 26(b)(1).

Fed. R. Civ. P. 26(c) governs protective orders.  In pertinent part, it provides:

A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(A) forbidding the disclosure or discovery;

(B) specifying terms, including time and place, for the disclosure or discovery;

(C) prescribing a discovery method other than the one selected by the party seeking discovery;

(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

(E) designating the persons who may be present while the discovery is conducted;

(F) requiring that a deposition be sealed and opened only on court order;

(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

(H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Fed. R. Civ. P. 26(c)(1).

**D.      Plaintiff's Motion is Granted in Part and Denied in Part.**

**1.      There are eight (8) Requests for Production of Documents at issue.**

## DOCUMENTS REQUESTED

1.      Please provide copies of your CV [curriculum vitae] and any medical licenses you possess.

        *OBJECTION.  Such a request is irrelevant and inappropriate.  An inmate in a corrections environment should not have access to a medical provider's personal information for security reasons. Plaintiff is still on parole and therefore such a request is inappropriate.*

2.      Please provide copies of your personnel file with the MDOC or with any organization contracted by the MDOC, including any complaints made against you and their resolution and any evaluations of your performance.

        *OBJECTION.  Any information possessed by the [MDOC] is not within the custody or control of the Defendants responding to this Request, but rather [is] within the custody and control of the [MDOC].  Plaintiff should look to the [MDOC] to provide this information.  Defendants further object as to any information possessed by Correctional Medical Services, Inc., is private and possibly proprietary by CMS, and subject to security concerns due to the fact that Plaintiff is on parole with the [MDOC].  Such information is irrelevant and inappropriate.*

3.      Please provide all [MDOC] Policy Directives and Local Facility Operating Procedures relating in any way to Plaintiff's medical care or treatment by any medical or medical support personnel acting in any Michigan prison in which Plaintiff has been held.

        *OBJECTION.  This request is vague and ambiguous as Plaintiff does not specify any time period or specific facilities involved. Defendants further object to this request for the reason that these documents are not within the custody or control of the Defendants responding to this Request, but rather are within the custody and control of the [MDOC].  Plaintiff should look to the [MDOC] to provide this information.*

4.      Please provide certified copies of all of Plaintiff's medical records in your possession.

        *OBJECTION.  Defendants are not the keeper or the custodian of Plaintiff's medical records; the [MDOC] is.  Plaintiff is entitled to inspection or other access to his medical records in accordance*

8

*with MDOC policy.[5] . . . Second, Plaintiff is capable of obtaining the records on his own in a request to the [MDOC] . . . and thus Defendants should not be subject to producing those records if Plaintiff has other sources to obtain same. . . . Further, Defendants are unwilling to bear Plaintiff's costs of discovery. . . . Finally, any other medical records outside of the MDOC similarly are not in defendant's custody and control[.]*

5.     Please provide any materials mandated by [Fed. R. Civ. P.] 26(a), including but not limited to any liability insurance possessed by you or by anyone or any entity on your behalf.

   *OBJECTION.  Such information should have been requested at the scheduling conference with the Magistrate Judge.  Further, inmate cases are exempt from initial disclosures.  See Fed. R. Civ. P. 26(a)(1)(B)(iv).[6]*

6.     Please disclose any expert witnesses you intend to call at trial, and any reports, conclusions, or statements made by the said witnesses.

   *Defendants have not identified any expert witnesses at this time, and therefore have no reports, statements, etc. to disclos[e]. However, Defendants reserve the right to obtain experts, including but not limited to experts in correctional medicine and endocrinology, and will supplement this answer in accordance*

---

[5]With respect to Request for Production No. 4, I note that the CMS defendants' response cites MDOC PD 03.04.108, "Prisoner Health Information," MDOC OP 01.06.110A, "Prisoner Access to Medical Records," and MDOC PD 05.03.115, "Law Libraries."  Also in their response to Request for Production No. 4, as well as in their response to Interrogatory No. 9, the CMS defendants rely upon (1) *Johnson v. Hubbard*, 698 F.2d 286, 289 (6th Cir. 1983) ("right of access does not encompass a requirement that a court pay a party's witness fees absent a statutory authorization."), *abrogated on other grounds by L & W Supply Corp. v. Acuity*, 475 F.3d 737, 741 (6th Cir. 2007) ("expert witness fees may not be taxed as costs at a court's discretion under Rule 54(d) because § 1920 does not provide for them.") and (2) *Smith v. Yarrow*, 78 Fed.Appx. 529, 544 (6th Cir. 2003) ("A prisoner plaintiff proceeding in forma pauperis may seek a waiver of certain pretrial filing fees, but there is no constitutional or statutory requirement that the government or Defendant pay for an indigent prisoner's discovery efforts.").

[6]Fed. R. Civ. P. 26(a)(1)(B) concerns proceedings exempt from initial disclosure and provides, in part, that "[t]he following proceedings are exempt from initial disclosure: . . . (iv) an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision[.]"

*with the Federal Rules of Civil Procedure should such expert(s) be identified and retained.*

7.   Please provide any documents which support or prove your allegation that you were not deliberately indifference to Plaintiffs' medical needs.

*See Plaintiff's [MDOC] medical records.*

8.   Please provide any and all formal or informal documents or notes you made with respect to questions 9 to 14, ante.

*See response to Interrogatory No. 9.*

Doc. Ent. 134 at 3-4; Doc. Ent. 136-3 at 2-8.

**2.   There are six (6) Interrogatories at issue.**

INTERROGATORIES

9.   Describe the specific date, time and occasion for each occurrence you reviewed Plaintiff's medical records and history.

*OBJECTION.  This interrogatory is overbroad, burdensome and oppressive, and is obtainable more conveniently and less expensively from Plaintiff's own existing medical records.  Merely because Plaintiff was incarcerated, Defendants should not be required to conduct Plaintiff's discovery for him.  Plaintiff has an obligation to conduct his own case, including discovery, and any handicap caused by Plaintiff's incarcerated status or requirements of probation is his own burden to bear.*
*. . .*
*Defendants should not be required to bear the costs of summarizing or otherwise detailing Plaintiff's own medical records to him.  He is required to build his own case.*

10.   Describe the specific date, time and occasion for [each] occurrence you examined Plaintiff, and what your conclusions and orders were after each examination.

*See Response to Interrogatory No. 9.*

11.   Describe the specific date, time and occasion for each occurrence you reviewed Plaintiff's medications, and what orders you made or changed.

      *See Response to Interrogatory No. 9.*

12.   Describe specifically why you prescribed or continued an existing prescription for Plaintiff's Synthroid or generic thereto.

      *See Response to Interrogatory No. 9.*

13.   Describe specifically why you altered or cancelled Dr. Craig Hutchinson's Synthroid or generic prescription of late April, 2003.

      *See Response to Interrogatory No. 9.*

14.   Describe your specific response, and your reasoning behind each response, to any of Plaintiff's "Medical Kites" submitted while you were responsible for treating, or supervising the treatment, of Plaintiff.

      *See Response to Interrogatory No. 9. Defendants further state that 'kites' are responded to by the nursing staff, supervised by the Health Unit Manager, or 'HUM.' Defendants are not responsible for the supervision of medical staff, but rather only the treatment of patients. Supervision of medical staff issues should be directed to the resident HUM of the facility. Defendants typically did not see 'kites' at all but only acted on referrals by nursing staff for patient appointments, refills of prescriptions, char[t] reviews, etc. based on patients' kites.*

Doc. Ent. 134 at 4; Doc. Ent. 136-3 at 8-11.

**3.**   **Plaintiff is entitled to further responses with respect to some Requests for Production.**

    Fed. R. Civ. P. 34 governs requests for production of documents. Fed. R. Civ. P. 34(a)(1)

provides that "[a] party may serve on any other party a request within the scope of Rule 26(b) . .

*. to produce and permit the requesting party or its representative to inspect, copy, test, or sample*

*the following items in the responding party's possession, custody, or control*:

    (A) any designated documents or electronically stored information–including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations–stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably unable form; or (B) any designated tangible things[.]

Fed. R. Civ. P. 34(a)(1)(A) (emphasis added).  Also, "[a] party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request[.]"  Fed. R. Civ. P. 34(b)(2)(E)(I).

**a.**      The CMS defendants' objections to **Requests for Production Nos. 1 and 2** are overruled in part.  In accordance with Fed. R. Civ. P. 34(a)(1)(A), the CMS defendants shall produce for inspection and for copying at plaintiff's expense documents responsive to Requests for Production Nos. 1 and 2.

However, I note the CMS defendants' reference to Fed. R. Civ. P. 26(c) and *York*.  Doc. Ent. 136 at 21.  Therefore, the CMS defendants may redact purely personal information, such as addresses, social security numbers, identification of family members, etc., from their responsive documents.

I also note the CMS defendants' reminder that CMS is not a defendant in this case.  Doc. Ent. 136 at 12, 19, 20.  If the CMS defendants are going to withhold documents responsive to Requests for Production Nos. 1 and 2 on the basis that the information is private and possibly proprietary, then it should submit a "privilege log" consistent with Fed. R. Civ. P. 26(b)(5).

**b.**      The CMS defendants' objection that documents responsive to **Request for Production No. 3** are not within the custody or control of the CMS defendants is sustained to the extent this request sought copies of medically-related policies and/or procedures.  With respect to Request

12

for Production No. 3, plaintiff should look to the MDOC to the extent he is seeking copies of

MDOC Policy Directives[7] and/or Local Facility Operating Procedures.[8]

To the extent, if at all, plaintiff is requesting that the CMS defendants' identify any

MDOC policies and/or procedures that affected their actions in this case, he may draft a related

interrogatory which complies with Fed. Rules Civ. P. 26 and 33.

**c.      Request for Production No. 4** concerns "Plaintiff's medical records in [the CMS

defendants'] possession."  The CMS defendants' written response to Request for Production No.

4 suggests that the only medical records of plaintiff's are in the custody or control of the MDOC,

i.e., there are no CMS medical records on plaintiff.  Both the written response to this request and

the CMS defendants' response to the instant motion state that "[p]hysicians [are/were] outside

contractors [for CMS] and [had/have] access to the records for treatment purposes only."  Doc.

Ent. 136 at 14 n.1; Doc. Ent. 136-3 at 5 n.1.

According to the CMS defendants, Request for Production No. 4 "reflects Plaintiff's

unwillingness to do his own discovery, as he could request all of his own medical records."  Doc.

Ent. 136 at 13.  As the CMS defendants state, "[n]either the physician defendants nor [CMS] are

the keeper of the medical records Plaintiff is requesting."  Doc. Ent. 136 at 14.  Also, the CMS

defendants state that "any other medical records outside of the MDOC similarly are not in

---

[7]Incidentally, the current versions of MDOC Policy Directives are available at www.michigan.gov/corrections.

[8]"An operating procedure implements, and derives authority from, an administrative rule, a policy directive, or a DOM. If an operating procedure is required to implement a policy directive or DOM, that requirement shall be set forth in the policy directive or DOM."  MDOC PD 01.04.110, "Administrative Rules, Policies, and Procedures", effective 07/01/07, ¶ L.

defendant's custody and control, and would similarly require a release and copying costs to obtain, which Plaintiff can undertake as part of his own discovery."  Doc. Ent. 136 at 16.

It may be the case that the CMS defendants do not have custody or control of these records.  Furthermore, I note the CMS defendants' position that "Plaintiff should be required to follow the procedure necessary to obtain [plaintiff's medical records][.]" Doc. Ent. 136 at 14. However, Request for Production No. 4 seeks plaintiff's records which are in the CMS defendants' *possession*.

In accordance with Fed. R. Civ. P. 34(a)(1), the CMS defendants shall make any records responsive to Request for Production No. 4 - plaintiff's medical records in the CMS defendants' possession - available to plaintiff for inspection and for copying at plaintiff's expense.  As a number of courts have recognized, "it is not a bar to discovery that the same material may be in the possession of the requesting party or obtainable from another source."  *Fort Washington Resources, Inc. v. Tannen*, 153 F.R.D. 78, 79 (E.D. Pa. 1994); *see also, Cook v. Rockwell Int'l Corp.*, 161 F.R.D. 103, 105 (D. Colo. 1995); *Federal Deposit Ins. Corp. v. Renda*, 126 F.R.D. 70, 72 (D. Kan. 1989), *aff'd sub nom. Federal Deposit Ins. Corp. v. Daily*, 973 F.2d 1525 (10th Cir. 1992); *Weiner v. Bache Halsey Stuart, Inc.*, 76 F.R.D. 624, 626 (S.D. Fla. 1977); *Ramsey v. G.C. Evans Sales & Mfg. Co.*, 196 B.R. 114, 115 (Bankr. E.D. Ark. 1996); *In re Kolinsky*, 140 B.R. 79, 87 (Bankr. S.D.N.Y. 1992).

Relatedly, the CMS defendants have answered **Request for Production No. 7** by pointing to plaintiff's MDOC medical records.  The CMS defendants consider this request to be "open-ended" and "vague."  Doc. Ent. 136 at 17.  This order assumes that the CMS defendants'

compliance with this order as to Request for Production No. 4 will resolve plaintiff's need for a further written response to Request for Production No. 7.

**d.**     The CMS defendants' objections to **Request for Production No. 5** are overruled.  In accordance with Fed. R. Civ. P. 34(a)(1)(A), the CMS defendants shall produce for inspection by plaintiff and copying at his expense documents responsive to Request for Production No. 5, *i.e.*. Fed. R. Civ. P. 26(a) material and liability insurance material.

**e.**     The CMS defendants need not provide a further response to **Request for Production No. 6**.  There is no reason to doubt the CMS defendants' representation that they "have not identified any expert witnesses at this time," Doc. Net. 136-3 at 7 ¶ 6.  Furthermore, there are several rules which concern expert testimony.  For example, Fed. R. Civ. P. 26(a)(2) governs the "[d]isclosure of expert testimony[;]" and Fed. R. Civ. P. 26(b)(4)(A) concerns an "[e]xpert who may testify." Also, the rules discuss "[s]upplementing disclosures and responses."  Fed. R. Civ. P. 26(e).

**f.**     The CMS defendants' written response to **Request for Production No. 8** refers to the answer to Interrogatory No. 9.  In part, the answer to Interrogatory No. 9 provides that the CMS defendants' parsing and summarizing the medical records "is attorney-client work product and not producible to Plaintiff."  Doc. Ent. 136-3 at 9.  In their response to the instant motion, the CMS defendants specifically note that Request for Production No. 8 "request[s] any information that may be privileged between the Defendants and their attorneys."  Doc. Ent. 136 at 17.

Rule 26 provides that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent).  But, subject to Rule 26(b)(4), those materials may be discovered if:  (i) they are

otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need

for the materials to prepare its case and cannot, without undue hardship, obtain their substantial

equivalent by other means."  Fed. R. Civ. P. 26(b)(3)(A).

Therefore, the CMS defendants' objection to producing "[a]ny and all formal or informal

documents or notes [the CMS defendants] made with respect to [Interrogatory Nos. 9-14][,]" on

the basis of Fed. R. Civ. P. 26(b)(3) is sustained.  *Marshall v. District of Columbia Water &*

*Sewage Authority*, 218 F.R.D. 4, 6 (D.D.C. 2003) ("The words 'for trial' include materials

prepared during the pre-trial stage.").  However, "[w]hen a party withholds information

otherwise discoverable by claiming that the information is privileged or subject to protection as

trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the

nature of the documents, communications, or tangible things not produced or disclosed–and do

so in a manner that, without revealing information itself privileged or protected, will enable other

parties to assess the claim."  Fed. R. Civ. P. 26(b)(5).

**4.     At this time, plaintiff is not entitled to further answers to his Interrogatories.**

Fed. R. Civ. P. 33 governs "[i]nterrogatories to parties."  The rule provides that "[a]n

interrogatory may relate to any matter that may be inquired into under Rule 26(b).  An

interrogatory is not objectionable merely because it asks for an opinion or contention that relates

to fact or the application of law to fact, but the court may order that the interrogatory need not be

answered until designated discovery is complete, or until a pretrial conference or some other

time."  Fed. R. Civ. P. 33(a)(2).  The rule also provides that "[t]he grounds for objecting to an

interrogatory must be stated with specificity.  Any ground not stated in a timely objection is

waived unless the court, for good cause, excuses the failure."  Fed. R. Civ. P. 33(b)(4).

16

Fed. R. Civ. P. 33 also provides that the recipient of an interrogatory may answer it by producing business records:

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
>
> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Fed. R. Civ. P. 33(d).

It is the CMS defendants' position that "Plaintiff's interrogatories are, in many points overbearing, ill-defined, too broad and reaching, and confuse[] Defendants with the [MDOC] and its' employees."  Doc. Ent. 136 at 19.

**a.**     The CMS defendants' written answers to **Interrogatory No. 9**, as well as to **Interrogatories Nos. 10, 11, 12 and 13** by reference, state in part that these interrogatories are "overbroad, burdensome and oppressive, and [that the information sought by them] is obtainable more conveniently and less expensively from Plaintiff's own existing medical records."  They also answer that they "should not be required to bear the costs of summarizing or otherwise detailing Plaintiff's own medical records to him.  He is required to build his own case."

In their response to the instant motion, the CMS defendants claim that an answer to Interrogatory No. 9 is "covered by Plaintiff's own medical records and the chart entries therein." Doc. Ent. 136 at 17.  Furthermore, they claim that answers to Interrogatory Nos. 10 and 11 "are already covered by Plaintiff's MDOC medical chart[,]" and that answers to Interrogatory Nos. 12

17

and 13 "are similarly covered by the medical chart." The CMS defendants assert that "[i]nformation Defendants directly requested concerning Plaintiff's condition would be available in Plaintiff's medical chart. Information collected by Defendants' attorney would be privileged." The CMS defendants further argue that "Plaintiff's indigency and incarceration are no excuse to require Defendants to spend time and energy and money to conduct Plaintiff's discovery." Doc. Ent. 136 at 18.

Upon consideration, I conclude that the CMS defendants need not provide further answers to Interrogatories 9-13 at this time. If plaintiff, after receiving copies of and/or inspecting the CMS defendants' copies of his medical records, cannot discern the information he was seeking from these interrogatories, he may serve a related discovery request in accordance with the Federal Rules of Civil Procedure or seek the Court's intervention by way of a renewed motion to compel.

**b.** At this time, the CMS defendants need not provide a further written response to **Interrogatory No. 14**. With respect to Interrogatory No. 14, the CMS defendants' response suggests that they did not respond to any of plaintiff's kites.[9] Also, the CMS defendants' response suggests that their only typical relationship to a kite was acting on a referral from nursing staff based upon a patient kite. In their response to the instant motion, the CMS defendants state that "this is covered by Plaintiff's medical chart." Doc. Ent. 136 at 18.

---

[9]I note that the sealed excerpts of plaintiff's MDOC medical records contain a June 10, 2004 kite response from Chris S. Lanczak, RN (Doc. Ent. 129 at 49); an August 6, 2007 kite response from Kennedy, RN (Doc. Ent. 129 at 111); a September 1, 2007 kite response from Gloria L. Bright, RN (Doc. Ent. 129 at 140); and a September 6, 2007 kite response from Janet S. Adamick, RN (Doc. Ent. 129 at 139) - none of whom appear to be CMS employees.

If plaintiff, after receiving copies of and/or inspecting the CMS defendants' copies of his medical records, questions the CMS defendants' involvement in a particular kite response, plaintiff may serve a related discovery request in accordance with the Federal Rules of Civil Procedure.

**E.     Additionally, plaintiff is entitled to a copy of sealed Exhibit A to the CMS defendants' pending dispositive motion at the CMS defendants' expense, if plaintiff has not already been served with one.**

As an incidental matter, there is the issue of whether plaintiff has received a copy of his medical records filed under seal by the CMS defendants. Doc. Ent. 129. On February 27, 2009, in conjunction with their dispositive motion, the CMS defendants filed under seal excerpts of plaintiff's MDOC medical records. Doc. Ent. 129 at 1-142 (Exhibit A). There is a proof of service attached to the motion (Doc. Ent. 128 at 29); however, plaintiff may not have received a copy of Exhibit A, which was filed separately under seal (Doc. Ent. 129).

In their February 26, 2009 motion to seal documents, the CMS defendants requested that "these record[s] be accepted under seal to protect the confidentiality and privacy of the Plaintiff." Doc. Ent. 127 at 2. Fed. R. Civ. P. 5 provides, in pertinent part, "[u]nless these rules provide otherwise, each of the following papers must be served on every party . . . a written motion, except one that may be heard ex parte[.]" Fed. R. Civ. P. 5(a)(1)(D). Furthermore, the CMS defendants' purported reason for filing Exhibit A under seal was to protect plaintiff's confidentiality and privacy.

Therefore, the CMS defendants' statement, "[p]laintiff is not entitled to have any of the copies [of medical records] produced by Defendants[,]" Doc. Ent. 136 at 14, is not entirely

correct.  Plaintiff *is* entitled to a copy of the CMS defendants' Exhibit A *at the CMS defendants' expense.*[10]

## II.   ORDER

Consistent with the foregoing, plaintiff's April 2, 2009 motion to compel production and answers to plaintiff's discovery (Doc. Ent. 134) is GRANTED IN PART and DENIED IN PART.  The CMS defendants shall provide the further discovery responses and production set forth in Section I.D of this opinion within fourteen (14) days of the date of this order.

Furthermore, plaintiff shall have thirty (30) days from the date of the CMS defendants' compliance with this order within which to file a response to the CMS defendants' February 27, 2009 motion for summary judgment.

**IT IS SO ORDERED.**

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of ten days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).


                                     s/Paul J. Komives
                                     PAUL J. KOMIVES
Dated: 5/8/09                        UNITED STATES MAGISTRATE JUDGE

---

[10]I note that plaintiff has yet to respond to the CMS defendant's motion for summary judgment.  Ordinarily, plaintiff's response to the CMS defendants' February 27, 2009 dispositive motion would have been due "within 21 days after service of the motion." E. D. Mich. LR 7.1(d)(1)(B).  However, in light of the additional discovery being provided to plaintiff by this Order, which may be needed to prepare a response to the summary judgment motion, this Order will provide an extension of time within which plaintiff may respond to the dispositive motion.

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record   by electronic means or U.S. Mail and to Gary Hann at Florence Crane Correctional Facility  on May 8, 2009.

s/Eddrey Butts_____