UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY HANN,

        Plaintiff-Appellant,                      Civil Action No.
                                                        05-CV-71347

vs.

                                                        PAUL D. BORMAN
MARGIE R. McNUTT, et al.,                 UNITED STATES DISTRICT JUDGE

        Defendants-Appellees.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND THE COURT'S PREVIOUS ORDER

This is a civil rights case filed by Gary Hann ("Appellant"). The case was dismissed on March 16, 2010, and Appellant filed a Notice of Appeal on April 15, 2010. On September 29, 2010, Appellant filed an application to proceed in forma pauperis ("IFP") on appeal. This Court denied his application on November 16, 2010. On December 2, 2010, Appellant filed a Motion to Alter or Amend the Court's Order denying IFP status pursuant to Fed. R. Civ. P. 59(e). "The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court[.]" *Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119,122 (6th Cir. 1982).

Appellant, who is 61 according to his IFP application, argued in his Motion to Proceed IFP that retirement accounts – specifically, IRAs – should not be considered in determining indigence, citing *United States v. Lexin*, 434 F.Supp.2d 836 (S.D. Cal. 2006) as support. In the November 16, 2010 Order, the Court did not adopt the reasoning in *Lexin* and noted that it was distinguishable from the instant case. In his 59(e) Motion, Appellant reiterates the same arguments made in his previous motion and the reasoning of the *Lexin* court. Appellant offers no new facts or law, and instead asserts that "the Court has made palpable error, misleading the parties and requiring a

different disposition[.]"

The court in *Lexin* interpreted the right to appointment of counsel pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A. 434 F.Supp.2d at 838. It involved the rights of criminal defendants prior to trial. The matter before this Court is an appeal from a civil case instituted by Appellant, who is now seeking IFP status. It is wholly distinguishable from *Lexin*, and Appellant's reliance on that case is misplaced.

The Court is not persuaded that its November 16, 2010 Order should be altered or amended and that Appellant should be given IFP status on appeal without divulging his IRA account(s). Appellant's Motion to Alter or Amend is therefore **DENIED**.

**SO ORDERED**

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: December 21, 2010

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on December 21, 2010.

S/Denise Goodine
Case Manager